**Kimberly ISOM, Plaintiff,**

v.

**JDA SOFTWARE INCORPORATED, Defendant.**

**No. CV–12–02649–PHX–JAT**

United States District Court, D. Arizona.

Signed 12/21/2016

Daniel Lee Bonnett, Evan Robert Browne Schlack, Jennifer Lynn Kroll, Ravi Vasishta Patel, Susan Joan Martin, Martin & Bonnett PLLC, Phoenix, AZ, for Plaintiff.

Laura Lawless Robertson, Lawrence Jay Rosenfeld, Squire Patton Boggs (US) LLP, Phoenix, AZ, for Defendant.

## ORDER DENYING DEFENDANT JDA SOFTWARE'S MOTION FOR NEW TRIAL AND/OR TO AMEND THE JUDGMENT AND MOTION FOR RENEWED JUDGMENT AS A MATTER OF LAW

James A. Teilborg, Senior United States District Judge

Pending before the Court is Defendant's Motion for New Trial and/or to Amend the Judgment and Motion for Renewed Judgment as a Matter of Law. (Doc. 183) Plaintiff filed a response to the motion (Doc. 188) and Defendant filed a reply (Doc. 194). Also pending before the Court is Plaintiff Kimberly Isom's Motion for Attorney Fees (Doc. 184). Defendant JDA Software filed a Response in Opposition (Doc. 191), and Plaintiff filed a reply (Doc. 195). The Court now rules on the motions.

## I. Background [1]

Plaintiff Kimberly Isom sued her former employer, Defendant JDA Software Incorporated ("JDA"), alleging JDA interfered with her right to take maternity leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2617(a). At all times relevant to this suit, Plaintiff was employed by JDA as a sales account manager. In December 2010, Plaintiff informed JDA of her pregnancy and began asking Human Resources representatives about the possibility of taking maternity leave under the FMLA. Plaintiff specifically expressed her concerns that taking leave would allow her sales management team to remove certain accounts from her sales pipeline, thereby nullifying her "hard work over the last [two] years." In addition to speaking with human resources, Plaintiff also informed her immediate supervisor of her pregnancy and made him aware of her concerns regarding commissions and account retention.

For the next six months, Plaintiff continued her attempts to determine whether taking leave was in her financial and professional interest. Between January and March 2011, Plaintiff lodged multiple inquiries with human resources in an effort to determine whether her accounts could be reassigned to her detriment if she were to take FMLA leave. Despite her repeated

---

1. The following summary is based upon stipulated facts, credible testimony during trial, and documentary evidence submitted into the record.

inquiries, JDA did not provide Plaintiff with answers to her questions or concerns. Eventually, Plaintiff contacted JDA's in-house counsel, but counsel was similarly unable to provide Plaintiff with meaningful guidance.

Plaintiff ultimately decided to take the allowed twelve weeks of leave under the FMLA after she gave birth to twins in June 2011. During her leave, JDA reassigned one of Plaintiff's sales accounts (the "Sears Canada" account) to another salesperson.[2] Plaintiff requested that JDA revisit the account's reassignment after she returned from work in August 2011, but JDA explained that it would not do so in accordance with "company policy." Plaintiff received no commission when the Sears Canada sale closed in March 2012.

Plaintiff filed suit against JDA, alleging that its reassignment of accounts interfered with her statutory rights to be returned to the same or an equivalent position upon her return from leave. *See* 29 U.S.C. § 2614(a)(1)(A). After a trial, the jury ruled in Plaintiff's favor and awarded her $114,618 in compensatory damages for lost commission associated with the Sears Canada account. This Court then awarded Plaintiff liquidated damages in the same amount pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), finding JDA did not act in good faith.[3] (Doc. 175). JDA then filed a combined motion for new trial or to amend the judgment and renewed motion for judgment as a matter of law. (Doc. 183).

## II. Motion for New Trial and Renewed Motion for Judgment as a Matter of Law

JDA argues it is entitled to relief from the judgment or, in the alternative, to a

new trial. (Doc. 183 at 9). JDA contends the evidence presented at trial was insufficient to support a claim under the FMLA, and the jury's verdict reflects a fundamental misapplication of the law. (*Id.*)

### A. Legal Standard

■■■ Federal Rule of Civil Procedure ("Rule") 50 allows the Court to enter judgment as a matter of law ("JMOL") on an issue if it finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party." Fed. R. Civ. P. 50(a)(1). JMOL is proper "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion and that conclusion is contrary to the jury's verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). Even if findings contrary to the jury's verdict are possible based on the evidence, the Court must uphold a verdict if "substantial evidence adequate to support" the jury's conclusion exists in the record. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014). When ruling on a motion for JMOL, this Court does not weigh evidence or make determinations of credibility, but construes all inferences from the evidence in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■■■ A motion for new trial under Rule 59(a) may be granted "after a jury trial, for any reasons for which a new trial has heretofore been granted" in federal court. Fed. R. Civ. P. 59(a). Reasons for

---

**2.** Two of Plaintiff's accounts were ultimately transferred. Only the Sears Canada account is at issue here.

**3.** The Court also awarded Plaintiff prejudgment interest totaling $1,744.82 on the jury's lost wages award and on the liquidated damages. (Doc. 175). JDA does not challenge the Court's award of prejudgment interest.

granting a new trial may include a verdict that is contrary to the weight of the evidence or a trial that was manifestly unjust to the nonmoving party. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Unlike with a Rule 50 motion, the Court may make determinations as to the weight of the evidence and credibility of witnesses when determining whether a new trial is warranted. *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010).

**B. Analysis**

Under the FMLA, an employee who returns from leave is entitled "to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(B). An "equivalent position" is one that is "virtually identical to the employee's former position in terms of pay, benefits and working conditions" and involving "the same or substantially similar duties and responsibilities." 29 C.F.R. § 825.215.

■ Here, the jury determined that JDA did not restore Plaintiff to an equivalent position upon her return from leave and awarded her damages representing the commission she could have earned from closing the sale to Sears Canada. JDA argues the verdict therefore necessarily implied a conclusion that, in order to be restored to an equivalent position, Plaintiff was entitled to a return of the status quo, or "restoration of every one of the [sales] opportunities" she pursued prior to taking her FMLA leave. (Doc. 183 at 3, 6:13–14). JDA contends such a verdict is contrary to law, arguing that the FMLA does not require an employer to restore an employee back to an unchanged sales portfolio upon her return.

The Court does not agree with JDA's characterization of the jury's verdict. The verdict in Plaintiff's favor does not necessitate a legal conclusion that she was entitled to precisely the same accounts upon her return from leave. Rather, it supports a conclusion consistent with the law: because Plaintiff was not reassigned to substantially equivalent accounts upon her return from leave, her employment was significantly altered in terms of earning potential. Plaintiff herself did not argue that *only* the restoration of the Sears Canada could have satisfied her rights under the FMLA; she also made the alternative argument that JDA should have reassigned her comparable accounts with the same or substantially equivalent earning potential, and that its failure to do so violated her right to FMLA leave. (*See, e.g.*, Doc. 5 at 5, ¶ 35). Accordingly, the jury's verdict did not necessarily imply that JDA was required to restore Plaintiff to the pre-leave status quo.

The jury instructions similarly do not compel this Court to accept JDA's characterization of the verdict. The instructions directed the jury to determine whether Plaintiff had proven by a preponderance of the evidence that "Defendant failed to restore Plaintiff to the same position she held at the time FMLA leave commenced, *or to an equivalent position.*" (Doc. 170 at 17 (emphasis added)). The instructions went on to define an "equivalent position" as one "that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, prerequisites, and status." (*Id.* at 14). The jury instructions were therefore a correct statement of the law regarding what constitutes an employee's return to an "equivalent" employment position, and did not suggest that Plaintiff was entitled to a return of precisely the same accounts in order to satisfy the FMLA's requirements.

Moreover, Plaintiff presented evidence that the accounts to which she was as-

signed upon return from leave were not equivalent to Sears Canada in terms of likelihood of success, progression down the sales pipeline, or earning potential. (Tr. 3/1/2016 P.M. at 21:42–24:4; 30:12–24). She also testified that the size of her overall sales pipeline was reduced by several million dollars as a result of the account's reassignment. (Tr. 3/1/2016 A.M. at 89:16–22). Accordingly, the record contains evidence sufficient to support the jury's determination that because the Sears Canada was removed from her sales pipeline, Plaintiff's pre-and post-leave employment positions were not "virtually identical." *See* 29 C.F.R. § 825.215.

Because the record contains sufficient evidence to support the verdict, and because the jury's verdict was not contrary to law, JDA is not entitled to judgment as a matter of law under Rule 50 or to a new trial under Rule 59.

## IV. Motion to Alter the Judgment

### A. Legal Standard

■ JDA also asks this Court to alter or amend the judgment under Rule 59(e). The Court may alter or amend a judgment if: (1) the Court is presented with newly discovered evidence, (2) the judgment at trial was manifestly unjust, (3) there has been an intervening change in controlling law, or (4) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)); *see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). JDA argues the judgment was based on errors of law and fact, and contends that this Court must now correct those errors by amending the judgment in JDA's favor.

### B. Maintenance Package

■ First, JDA takes issue with a $10,000 portion of the jury's lost wages award. JDA argues there is no competent evidence in the record to support the addition of this $10,000 into the calculation of commission lost on the Sears Canada account. Accordingly, JDA contends Plaintiff did not prove this portion of her damages by a preponderance of the evidence. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

At trial, Plaintiff testified as to her calculation the commission she would have earned on the Sears Canada account had she been allowed to see the sale through to completion. As a part of that calculation, Plaintiff included a putative $10,000 commission she estimated she would have received from the inclusion of a "maintenance package" in Sears Canada's sale. (Tr. 3/1/2016 P.M. at 66; *see also* Trial Exhibit 7 at 6). JDA argues there was no evidence to support the inclusion of the $10,000 because Plaintiff admitted she had no "facts" to support her assumption that Sears Canada had in fact purchased a maintenance package. (*See* Tr. 3/2/16 A.M. at 23).

Nevertheless, Plaintiff's personal knowledge and experience was sufficient to give credibility to her testimony that the Sears Canada sale likely included the purchase of a maintenance package. *See* Fed. R. Evid. 701 (an opinion by a non-expert witness is admissible as evidence if it is "rationally based on the witness's perception," helpful to determine a "fact in issue," and not based on "scientific, technical, or other specialized knowledge"). Plaintiff explained that she included the $10,000 maintenance package commission in her calculations based on: (1) her personal knowledge of the Sears Canada account from working with Sears Canada prior to the reassignment, and (2) her "understanding of prior

contracts" from working with other accounts. (Tr. 3/1/2016 P.M. at 59, 66). Plaintiff's prior experience rendered her testimony sufficiently credible to prove, by a preponderance of the evidence, the damages she requested. Accordingly, the jury did not err by including the $10,000 calculation in its award.

## C. Liquidated Damages

Second, JDA asserts the Court erred when it awarded Plaintiff liquidated damages equal to the amount of lost wages awarded by the jury. A plaintiff is entitled to liquidated damages "equal to the sum" awarded by the jury for wages lost as a result of an FMLA violation. 29 U.S.C. § 2617(a)(1)(A)(iii). However, the Court has discretion to decline to award liquidated damages if the employer proves the "act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing" its actions did not violate the employee's rights. *Id.*; *see also Traxler v. Multnomah Cnty.*, 596 F.3d 1007 (9th Cir. 2010). There is a "strong presumption" in favor of liquidated damages, and it is the employer's burden to overcome this presumption by proving its reasonableness and good faith. *Thom v. Am. Std., Inc.*, 666 F.3d 968, 977 (6th Cir. 2012); *Nero v. Ind. Molding Corp.*, 167 F.3d 921, 933, n.3 (5th Cir. 1999).

In its March 31, 2016 Order, this Court held that JDA had not met its burden of proving its actions in violation of Plaintiff's rights were taken in good faith. (Doc. 175 at 5). The Court relied on the fact that, despite numerous requests and inquiries from Plaintiff, JDA did not communicate a reasonable, coherent policy regarding the reassignment of accounts until after Plaintiff decided to take FMLA leave. (Doc. 175 at 5–6).

JDA claims that in order to promulgate such a policy prior to Plaintiff's leave period, it would have had to "predict the future and anticipate customer decisions outside the Company's control." (Doc. 183 at 12:5–6). But this argument misreads the Court's holding. In order to communicate a reasonable policy in response to Plaintiff's repeated inquiries, JDA would not have had to predict the precise accounts in need of reassignment or the time at which they would be reassigned. For example, JDA could have outlined its criteria for deciding if and when an account must be reassigned during an salesperson's leave, and its policy for whether such accounts would be given back to the original salesperson upon his or her return. But JDA was remiss on providing any such reasonable guidance for Plaintiff prior to her decision to take leave.

It its motion to amend the judgment, JDA argues it met its burden of showing good faith by pointing to the steps it took before making a final determination as to Plaintiff's accounts: consulting outside counsel, discussing Plaintiff's situation with qualified Human Resources representatives, and analyzing the situation in accordance with "JDA's written FMLA leave policy." But despite these efforts to create a policy compliant with the FMLA, JDA still failed to communicate any of its intentions or expectations to Plaintiff prior to her absence—despite the fact that JDA knew about Plaintiff's pregnancy and impending need for FMLA leave for six months before her leave began. Instead of issuing a cogent, written policy regarding the reassignment of sales opportunities in anticipation of Plaintiff's leave, JDA waited until after it decided to reassign the Sears Canada account to inform Plaintiff that the transfer was "consistent with [JDA] policy" and not subject to negotiation. (Plaintiff's Trial Exhibit 41 at 12). This Court cannot conclude that this course of action

was reasonably believed to be in compliance with the FMLA's requirements. Accordingly, the liquidated damages award in Plaintiff's favor was not error.

## V. Attorneys' Fees

Because the Court denies JDA's motion for new trial, it now considers Plaintiff's motion for attorneys' fees. (Doc. 184). The FMLA directs that the Court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). Plaintiff seeks an award of attorneys' fees incurred during the underlying case and for the preparation of post-trial motions and responses, as well as an additional award of non-taxable expenses. (Doc. 184 at 1).[4]

### A. Reasonableness of Attorneys' Fees

■ JDA does not dispute that Plaintiffs are entitled to fees under the FMLA, but argues the amount requested is unreasonable. (Doc. 191 at 17). To determine a reasonable attorneys' fee, the Court begins with the "lodestar figure," meaning "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When deciding the reasonable number of hours expended for the purpose of attorneys' fees, a court may consider, among other things: (1) "the time and labor required of counsel," (2) "the novelty and difficulty of the questions presented," (3) "the preclusion of other employment," (4) "the customary fee charged in matters

of the type involved," and (5) "the results obtained." *See* LRCiv 54.2(3).

### 1. Results Obtained

■ The Court will first consider the results obtained in the litigation, because JDA's objections to Plaintiff's fee application are largely based on this Court's grant of summary judgment on five out of the six counts Plaintiff originally pleaded. (*See* Docs. 114, 191 at 5–8). JDA contends any award of attorneys' fees should be significantly reduced to reflect Plaintiff's partial success.

■ As the Ninth Circuit has explained, "work which relates *only* to unsuccessful claims should not be awarded" in a grant of attorneys' fees. *Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013). But often, work done by an attorney relating to an ultimately unsuccessful claim will also prove material or beneficial in relation to a successful claim. In such a case, "the district court must award fees for the work that contributed to a successful result as if the successful claims were the only ones litigated." *Id.*

Plaintiff's attorneys' records reflect 1389.4 hours spent on the litigation between Plaintiff and JDA, in addition to 29.7 hours spent on post-trial work. (*See* Exhibit 1). JDA points out that a significant number of these hours were devoted to work on ultimately unsuccessful claims: JDA obtained judgment in its favor on all of Plaintiff's Title VII and Equal Pay Act claims (Doc. 114), and Plaintiff prevailed on only her FMLA claims at trial, and received only a portion of the recovery she sought. But the Court agrees with Plaintiff that her unsuccessful claims and her suc-

---

**4.** Since the filing of Plaintiff's application for attorneys' fees, Plaintiff has voluntarily adjusted her request for both fees and costs as reflected in the exhibit accompanying this Order. Plaintiff's adjustments, including voluntary downward adjustments and additions of the costs of responding to post-trial motions, will be reflected in the Court's award and in the accompanying exhibit.

cessful claims were based on a "common core of facts." *See Ambat v. City & Cnty. of San Francisco*, 757 F.3d 1017, 1032 (9th Cir. 2014) (explaining that the court should not attempt to parse out a litigant's request for attorneys' fees on a claim-by-claim basis when the claims are interrelated). To prove discrimination or retaliation in the context of Title VII or the Equal Pay Act, Plaintiff had to prove that the nature of her post-leave employment was appreciably less valuable than the nature of her pre-leave employment. *See Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000) (requiring a Title VII plaintiff show she was subject to an adverse employment action); 29 U.S.C. § 206(d)(1) (prohibiting discrimination in the form of lesser pay). This was also the basis of Plaintiff's successful FMLA claim, because she was required to prove that her pre-and post-leave employment were not virtually identical in terms of earning potential. *See supra* Section II(B). Accordingly, the Court disagrees with JDA's contention that Plaintiff's award should be significantly reduced in light of the summary judgment ruling.

## 2. Remaining Factors

■ Similarly, the other relevant factors weigh in favor of granting Plaintiff's motion for attorneys' fees. Upon review of Plaintiff's attorneys' time entries, the Court finds the number of hours expended on the case to be reasonable given its nature and complexity. Although not "unduly complex or unusually novel," the case nonetheless presented unique issues of law as to whether and why the removal of a particular account did not satisfy the FMLA's requirement of restoration to an equivalent position. (*See* Doc. 184 at 8). Similarly, the rates charged were appropriate given the experience and skill of the attorneys and the customary rates in the local market. In his affidavit, Plain-

tiff's attorney also indicates that other work was delayed in preparation for this case, and that work on this case precluded the firm from accepting other potentially meritorious cases. (Doc. 184–1 at 16, ¶ 40). Accordingly, with the exception of the reductions noted below, the Court finds Plaintiff's fee request reasonable in terms of hours and rate.

## 3. Reductions in Cost

■ Although it rejects JDA's request for a lodestar reduction, the Court does find some of Plaintiff's requested fees to be excessive. JDA identifies certain billing entries as duplicative. The Court agrees with several of JDA's objections in this regard, and in its discretion, will reduce the award as indicated in the attached exhibit. However, the Court disagrees with JDA's objections to time billed by associate attorneys (who were assigned to the case well after its initiation) for the purpose of familiarizing themselves with the details and status of the case. Although this is technically duplicative activity, the Ninth Circuit has described such work as "*necessary* duplication ... inherent in the process of litigating over time[.]" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Because the duplicated work was necessary, the Court will not exclude it from its fee award.

■ JDA also objects to numerous billing entries as time incurred for clerical tasks. Clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds by* 984 F.2d 345 (9th Cir. 1993). The Court has reviewed the billing entries JDA identifies as clerical, and finds some to be necessary legal work, and others to be purely clerical, including document formatting, hand-delivery of documents, and routine emails. The Court will

reduce the fee award by any attorney or paralegal time billed for tasks of a clerical nature.

### B. Non–Taxable Costs

 Plaintiff also moves for non-taxable expenses in the amount of $22,679.48. (Doc. 184 at 1). JDA objects to several of Plaintiff's listed costs, and for the reasons set forth below, the Court has adjusted the requested award of non-taxable expenses.

### 1. Costs Incurred for Electronic Legal Research

JDA challenges Plaintiff's request for cost entries related to $1,268.11 of computerized legal research. (Doc. 191 at 16). JDA argues the entries do not adequately identify the research in violation of Local Rules 54.2(e)(2)(B) and 54.2(e)(3). Under Local Rule 54.2(e)(2)(B), time entries for legal research must identify the specific issue researched: "[t]ime entries simply stating 'research' or 'legal research' are inadequate and the court may reduce the award accordingly." Similarly, Local Rule 54.2(e)(3) states:

> **Description of Expenses Incurred.** In a separate portion of the itemized statement, identify each related nontaxable expense with particularity. Counsel should attach copies of applicable invoices, receipts and/or disbursement instruments. Failure to itemize and verify costs may result in their disallowance by the court.

LRCiv 54.2(e)(3).

Having independently reviewed Plaintiff's attorneys' time entries reflecting legal research, the Court finds several that fail to comply with the specificity requirements of the local rules. Accordingly, the Court has reduced the amount of fees requested by $1,235.69.

### 2. Third–Party Trial Consulting & Copying Expenses

JDA next argues that Plaintiff's request for costs relating to a third-party trial consulting team are inappropriate for recovery as non-taxable costs. JDA cites no authority to support its claims that these costs are unrecoverable, and the Court disagrees with JDA's argument that meeting with the trial consulting team was a clerical activity. (Doc. 191 at 17).

JDA also objects to Plaintiff's copying fees as exceeding the limit set by the Ninth Circuit rules. *See* 9th Cir. R. 39–1 (rules for "Costs and Attorneys Fees on Appeal"). However, the rule to which JDA cites is a rule governing costs on appeal in the Circuit Court; those rules do not prohibit the District Court from awarding reasonable copying costs exceeding ten cents per page. As a result, the Court overrules JDA's objections. Because Plaintiff's requested copying costs are not excessive, the Court will award them as requested.

### C. Final Fees and Costs Calculation

In accordance with its reasoning above, the Court reduces Plaintiff's fee request by $3,721.00. The Court will award a total of $525,782.75 in attorneys' fees. The Court also reduces Plaintiff's request for non-taxable costs by $1,235.69. The Court will award a total of $16,508.11 in non-taxable costs.

### VI. Conclusion

For the reasons stated above,

**IT IS ORDERED** that defendant JDA's Motion for New Trial and/or to Amend the Judgment and Motion for Renewed Judgment as a Matter of Law (Doc. 183) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and

Non–Taxable Costs (Doc. 184) is GRANTED IN PART. The Court awards $525,782.75 in attorney fees and $16,508.11 in non-taxable costs for a total award of $542,290.86.

Exhibit 1—Detailed Ruling on Motion for Attorneys' Fees

| Date | Rate | Hours to Bill | Amount | Description | OBJECTIONS | COURT'S RULING |
|---|---|---|---|---|---|---|
| **Attorneys' Fees Collected for Trial** | | | | | | |
| 12/12/2012 | $435.00 | 3.4 | $1,479.00 | Research re Dell v. McArdle and other fmla cases (.5) Review position statement, etc. and draft complaint (1.7) Emails with client and revise complaint, finalize and file (1.2) | JDA objects to the inclusion of 1.7 hours of time ($739.50) for reviewing the EEOC position statement, as JDA prevailed on summary judgment with respect to Plaintiff's Title VII and Equal Pay Act claims. | |
| 12/12/2012 | $435.00 | 0.5 | $217.50 | Conference with Attorney Jennifer Kroll and instructions re: complaint, etc., Review retainer. | JDA objects to the inclusion of charges (0.5 hours, or $217.50) for internal firm conferences and reviewing the retainer agreement, as they are administrative charges that should be part of firm overhead. | |
| 12/12/2012 | $125.00 | 0.25 | $31.25 | Per instructions from Attorney Jennifer Kroll, download corporate commission information from website, prepare civil cover sheet & summons. | JDA objects to the inclusion of charges (0.25 hours, or $31.25) for non-substantive administrative/clerical matters. | |
| 12/14/2012 | $435.00 | 0.1 | $43.50 | Reviewed email from Ireland & Plaintiff & instructions to Attorney Jennifer Kroll. | Time entry (0.1 hours, or $43.50) lacks sufficient detail to determine whether substantive work related to the claim on which Plaintiff prevailed was performed, or whether work is clerical in nature, and thus warrants deduction. | |
| 12/14/2012 | $435.00 | 0.2 | $87.00 | Conference call with Ireland and email with client and update Attorney Susan Martin on status | Time entry (0.2 hours, or $87) lacks sufficient detail to determine whether substantive work related to the claim on which Plaintiff prevailed was performed, or whether work is clerical in nature, and thus warrants deduction. | |
| 01/07/2013 | $435.00 | 0.6 | $261.00 | conference with Attorney Jennifer Kroll regarding legal and factual issues (.3); preliminary review of complaint (.3) | | |
| 01/07/2013 | $435.00 | 0.3 | $130.50 | Brief discussion with Attorney Bonnett re status of case and negotiations in preparation for Attorney Bonnett meeting with client | | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 01/09/2013 | $435.00 | 3.8 | $1,653.00 | Study documents from client, EEOC charge and employer's position statement (.7); Meeting with client to discuss strategy and formulate handling plan (.8); Email communication with client (.3); Begin review documents from client (2.0) | JDA objects to the 0.7 hours ($304.50) spent reviewing the EEOC charge and employer's EEOC position statement, as JDA fully prevailed with respect to Plaintiff's Title VII and Equal Pay Act claims. |
| 01/10/2013 | $435.00 | 3.4 | $1,479.00 | Email communications with client (.4) continue to review client documents and review and revise draft of response to EEOC (3.0) | JDA objects to the 3.0 hours ($1,305) spent responding to the employer's EEOC position statement, as JDA fully prevailed with respect to Plaintiff's Title VII and Equal Pay Act claims. |
| 01/11/2013 | $435.00 | 0.3 | $130.50 | conference with Attorney Jennifer Kroll and client to discuss EEOC charge and complaint (.3) | Charge adjusted. |
| | | -0.3 | -$130.50 | Adjustment – conference with Attorney Jennifer Kroll and client to discuss EEOC charge and complaint (.3) | |
| 02/20/2013 | $435.00 | 0.3 | $130.50 | Email communication to and from client regarding status of conversations with attorney for employer (.3) | |
| 02/21/2013 | $435.00 | 1.3 | $565.50 | telephone conference and Email communication with attorney for JDA (.4), meeting with client to discuss status (.3); Begin drafting amended complaint to include EEOC charges (.6) | Charge partially adjusted. |
| | | -0.6 | -$261.00 | Adjustment – Begin drafting amended complaint to include EEOC charges (.6) | |
| 02/27/2013 | $435.00 | 0.2 | $87.00 | study email from client (.2) | |
| 02/28/2013 | $435.00 | 0.2 | $87.00 | Email communications to and from client (.2) | |
| 03/06/2013 | $435.00 | 0.8 | $348.00 | review and revise draft amended complaint and Email communication with client regarding same (.8) | Charge adjusted. |
| | | -0.5 | -$348.00 | Adjustment – review and revise draft amended complaint and Email communication with client regarding same (.8) | |
| 03/11/2013 | $435.00 | 1.1 | $478.50 | review Email communication from client (.1); review and revise draft of amended complaint (.8), follow up Email communication to client (.2) | Charge partially adjusted. |
| | | -1 | -$435.00 | Adjustment – review and revise draft of amended complaint (.8), follow up Email communication to client (.2) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 03/13/2013 | $435.00 | 0.7 | $304.50 | Email communications and telephone conferences with client regarding damages calculations and allegations in amended complaint (.7) | JDA objects to the time counsel spent (duration unclear due to block billing) communicating with Plaintiff regarding allegations in the Amended Complaint (to address the EEOC charge allegations), as JDA fully prevailed with respect to Plaintiff's Title VII and Equal Pay Act claims. |
| 03/15/2013 | $435.00 | 1.1 | $478.50 | Email communications to and from client (.2), Revise and finalize amended complaint (.5); Email communications to and from attorney for Defendant regarding status and amended complaint (.3); instructions to legal assistant regarding same (.1) | Charge partially adjusted. As to the remainder, JDA objects to the inclusion of 0.1 hours ($43.50) communicating internally with legal assistants regarding filing a pleading as this is administrative/clerical work that should be part of firm overhead. Further, despite the adjustment for revising the amended complaint to include ultimately unsuccessful claims JDA objects to communications with defense counsel regarding the amended complaint (0.3) for the same reason. |
| | | -0.5 | -$217.50 | Adjustment - Revise and finalize amended complaint (.5); | |
| 03/25/2013 | $295.00 | 0.3 | $88.50 | Review and approve notice of appearance (.1); review and provide instructions to assistant re filing Waiver of Service (.2) | JDA objects to the entry (0.3 hours, or $88.50), which is administrative/clerical in nature and should be part of firm overhead. |
| 03/29/2013 | $435.00 | 0.2 | $87.00 | Email communication to client regarding status and handling plan (.2) | |
| 04/01/2013 | $435.00 | 0.1 | $43.50 | Email communication form client regarding status (.1) | |
| 04/05/2013 | $435.00 | 0.7 | $304.50 | Review Email communications from client and begin outlining discovery requests (.7) | JDA respectfully submits that initial drafts of discovery requests should have been drafted by paralegals and/or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the partner's rate in the exercise of reasonable billing judgment. |
| 04/10/2013 | $435.00 | 1.2 | $522.00 | Continue work up on damages model (1.2) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 04/15/2013 | $435.00 | 0.1 | $43.50 | Email communication to attorney for defendant regarding status and notice to court (.1) | JDA objects to the inclusion of 0.1 hours ($43.50) for notifying defense counsel of Plaintiff's plan to file a joint notice of readiness for Rule 16 conference, as the Court was anticipated to set a Rule 16 conference without such pleading, rendering the time spent unnecessary. |
| 04/16/2013 | $435.00 | 0.6 | $261.00 | Email communications to and from attorney for defendant (.2); Draft joint notice of readiness for Rule 16 Conference (.4) | JDA objects to the inclusion of 0.6 hours ($261.00) for discussing and then preparing a joint notice of readiness for Rule 16 conference, as the Court was anticipated to set a Rule 16 conference without such pleading, rendering the time spent unnecessary. |
| 04/17/2013 | $435.00 | 0.5 | $217.50 | Email communication to and from attorney for defendant (.2); draft and revise notice to court regarding readiness for Rule 16 Scheduling Conference. (.3) | JDA objects to the inclusion of 0.5 hours ($217.50) for discussing and then revising and filing a joint notice of readiness for Rule 16 conference, as the Court was anticipated to set a Rule 16 conference without such pleading, rendering the time spent unnecessary. |
| 04/18/2013 | $435.00 | 0.3 | $130.50 | Email communications with attorney for defendant (.1); Revise and finalize notice to court re: Rule 16 Conference (.1); instructions to legal assistant to incorporate defendant's request in notice (.1) | JDA objects to the inclusion of 0.2 hours ($87.00) for discussing and then revising and filing a joint notice of readiness for Rule 16 conference, as the Court was anticipated to set a Rule 16 conference without such pleading, rendering the time spent unnecessary. JDA further objects to the inclusion of 0.1 hours ($43.50) for internal discussions with legal assistants regarding the filing of a pleading. |
| 05/20/2013 | $135.00 | 1.5 | $202.50 | Prepare shell for Joint Proposed Case Management Plan; prepare shell for Plaintiff's Initial Disclosure Statement | JDA objects to the inclusion of administrative/clerical entries (here 1.5 hours, or $202.50), which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | |
|---|---|---|---|---|---|
| 05/28/2013 | $435.00 | 2.5 | $1,087.50 | review pleadings and complete preliminary draft of Joint Proposed Case Management Plan (2.5) | JDA respectfully submits that initial drafts of pleadings should have been performed by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 2.5 hours billed by the senior partner for drafting a joint proposed case management plan, in the exercise of reasonable billing judgment |
| 05/29/2013 | $435.00 | 0.2 | $87.00 | Email communication to attorney for defendant regarding Rule 26(f) meeting with attachment (.2) | |
| 05/30/2013 | $435.00 | 0.9 | $391.50 | Email communication with attorney for defendant regarding rule 26(f) meeting (.2); Begin drafting Initial Disclosures (.7) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting a deduction of at least 1/3 from the 0.7 hours billed for drafting initial disclosures in the exercise of reasonable billing judgment. |
| 06/07/2013 | $295.00 | 0.2 | $59.00 | Review emails from opposing counsel and respond; instruct assistant re filing Rule 26 report | JDA objects to the inclusion of time entries (here, 0.2 hours, or $59.00) related to giving clerical instructions to administrative staff, which should be considered part of firm overhead. |
| 06/12/2013 | $435.00 | 1.2 | $522.00 | Attend Rule 26(f) meeting (.9); review and revise draft of joint proposed case management plan (.3) | |
| 06/21/2013 | $135.00 | 1 | $135.00 | Prepare shell for Plaintiff's Response to Defendant's First Set of Interrogatories. | JDA objects to the inclusion of administrative/clerical entries (here 1.0 hours, or $135.00), which should be considered part of firm overhead. |
| 06/24/2013 | $135.00 | 1.8 | $243.00 | Prepare shell for Plaintiff's response to Defendant's First Set of Request for Admissions and Request for Production; prepare shell for Plaintiff's First Set of Interrogatories to Defendant and Plaintiff's First Set of Requests for Production. | JDA objects to the inclusion of administrative/clerical entries (here, 1.8 hours, or $243.00), which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/25/2013 | $435.00 | 3 | $1,305.00 | preparation for and attendance at rule 16 Scheduling Conference (1.5); continue drafting and organizing Initial Disclosures and related documents (1.2); Email communication with attorney for defendant regarding error in Scheduling Order and instructions to legal assistant to contact court (.3) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 1.2 hours billed for drafting initial disclosures, in the exercise of reasonable billing judgment |
| 06/26/2013 | $435.00 | 2.4 | $1,044.00 | review Revised Scheduling Order (.1); continue drafting and revising Initial Disclosure and organizing documents for production (2.3) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 2.3 hours billed for drafting and revising initial disclosures and organizing documents for production, in the exercise of reasonable billing judgment |
| 06/27/2013 | $435.00 | 4.2 | $1,827.00 | review documents from client, organize and assemble for Initial Disclosures (3.0); identify and draft witness list for including in Initial Disclosures (1.2) | JDA respectfully submits that initial drafts of discovery should have been drafted by the associate(s) on the case rather than the senior partner, warranting a deduction from the 4.2 hours billed (or $1,827.00) for drafting and revising initial disclosures and organizing documents for production in the exercise of reasonable billing judgment. |
| 06/27/2013 | $135.00 | 0.7 | $94.50 | Bates label documents and CDs to be produced with Plaintiff's Initial Disclosure Statement; review same for redactions. | JDA objects to the inclusion of administrative/clerical entries (here, 0.7 hours, or $94.50), which should be considered part of firm overhead. |
| 06/28/2013 | $435.00 | 2.8 | $1,218.00 | continue drafting, revising and finalizing Initial Disclosure and organizing documents to produce with disclosure (2.8) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 2.8 hours billed ($1,218.00) for drafting and revising initial disclosures and organizing documents for production in the exercise of reasonable billing judgment. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/28/2013 | $135.00 | 2.3 | $310.50 | Scan and Bates label documents; review same for redactions; prepare Notice of Service of Plaintiff's Initial Disclosure Statement and file same with the Court. | JDA objects to the inclusion of administrative/clerical entries (here, 2.3 hours, or $310.50), which should be considered part of firm overhead. |
| 07/03/2013 | $435.00 | 0.2 | $87.00 | Email communication to and from attorney for defendants regarding extending time to respond to discovery (.2) | JDA objects to the inclusion of time (0.2 hours, or $87.00) for a courtesy request *by Plaintiff* to extend the deadline for her responses to discovery, as the entry was not for substantive legal work and was to her and her counsel's benefit. |
| 07/12/2013 | $435.00 | 0.5 | $217.50 | Email communications with attorneys for defendant regarding discovery responses (.2); draft, revise and finalize stipulation and form of order for extension of time to respond to discovery (.3) | JDA objects to the inclusion of time (0.5 hours, or $217.50) for a courtesy request *by Plaintiff* to extend the deadline for her responses to discovery, as the entry was not for substantive legal work and was to her and her counsel's benefit. |
| 07/17/2013 | $435.00 | 2 | $870.00 | review documents and drafting and revising responses to interrogatories, requests to admit and requests for production of documents (2.0) | JDA respectfully submits that initial drafts of discovery should have been drafted by the associate(s) on the case rather than the senior partner, warranting a deduction from the 2.0 hours billed for drafting initial responses to written discovery in the exercise of reasonable billing judgment. |
| 07/22/2013 | $435.00 | 7.8 | $3,393.00 | continue review of all documents from client and identify those responsive to discovery requests (2.0); telephone conference with client to discuss discovery responses (.8); drafting and revising responses to defendant requests to admit, requests for production and interrogatories (5.0) | JDA respectfully submits that initial drafts of discovery should have been performed by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 7.0 hours billed ($3,045.00) for drafting initial responses to written discovery, in the exercise of reasonable billing judgment. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 07/23/2013 | $435.00 | 4.8 | $2,088.00 | continue review, revise and finalizing responses to defendant' requests to admit, requests for production and interrogatories and final review of documents for disclosure (4.0); draft, revise and finalize privilege log (.5); cover letter to attorney for defendant (.3) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting a deduction from the 4.5 hours billed ($1,957.50) for drafting initial responses to written discovery and a privilege log, in the exercise of reasonable billing judgment. JDA further submits that the 0.3 hours (or $130.50) for drafting non-substantive transmittal correspondence should be considered administrative costs that are part of firm overhead. |
| 07/23/2013 | $135.00 | 3.9 | $526.50 | Scan and Bates label documents to be produced with Plaintiff's discovery responses; work on Plaintiff's Response to Defendant's First Set of Request for Admissions, Defendant's First Set of Interrogatories, and Defendant's First Set of Requests for Production: prepare Plaintiff's Privilege Log; prepare Notice of Service and file same with the Court. | JDA objects to the inclusion of administrative/clerical entries (here 3.9 hours, or $526.50), which should be considered part of firm overhead. |
| 07/29/2013 | $435.00 | 0.9 | $391.50 | Email communications to and from attorney for defendant (.1); telephone conference with client regarding deposition (.3); review defendant's initial disclosures (.5) | |
| 07/30/2013 | $435.00 | 4.6 | $2,001.00 | continue review of documents from client and defendant's initial disclosures (1.1); draft and revise interrogatories and requests for production of documents (3.5) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 3.5 hours billed ($1,522.50) for drafting written discovery, in the exercise of reasonable billing judgment. |
| 08/02/2013 | $435.00 | 0.3 | $130.50 | Email communications to and from client and attorney for defendant regarding discovery matters (.3) | |
| 08/05/2013 | $435.00 | 0.4 | $174.00 | Email communication to and from client regarding document production (.4) | |
| 08/07/2013 | $435.00 | 1 | $435.00 | Study letter from Defendant regarding discovery dispute and review plaintiff's discovery responses (.8); follow up Email communication to client (.2) | |

| Date | Rate | Amount | Hours | Description | Comment |
|---|---|---|---|---|---|
| 08/08/2013 | $435.00 | $348.00 | 0.8 | Revise and finalize Plaintiff's first set of interrogatories and requests to produce (.3); lengthy telephone conference with client regarding discovery (.5) | JDA respectfully submits that initial drafts of discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 0.3 hours billed ($130.50) for drafting written discovery, in the exercise of reasonable billing judgment |
| 08/08/2013 | $135.00 | $13.50 | 0.1 | Prepare Notice of Service for Plaintiff's First Requests for Production and Plaintiff's First Set of Interrogatories; file same with the Clerk of the Court. | JDA objects to the inclusion of administrative/clerical entries (here, 0.1 hours, or $13.50), which should be considered part of firm overhead. |
| 08/13/2013 | $295.00 | $442.50 | 1.5 | Preparation for and meet and confer with Defendants' counsel re Plaintiff's responses to discovery requests | JDA objects to the duplicate billing of an associate (1.5 hours, or $42.50) who accompanied a partner to a discovery meet-and-confer meeting for observation and/or training purposes. |
| 08/13/2013 | $435.00 | $1,218.00 | 2.8 | Meet and confer with Attorney for Defendant to discuss plaintiff's objections and responses to discovery responses (1.1); follow up Email communication and telephone conference with client (.3); begin drafting supplemental responses (1.4) | JDA respectfully submits that initial drafts of supplemental discovery responses should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 deduction from the 1.4 hours billed ($609.00) for supplementing written discovery responses, in the exercise of reasonable billing judgment. |
| 08/14/2013 | $295.00 | $295.00 | 1 | Phone conference with client re responses to discovery requests | |
| 08/14/2013 | $435.00 | $217.50 | 0.5 | Email communication from attorney for defendant regarding discovery of medical information (.1); telephone conference with client regarding medical and financial discovery (.4) | JDA objects to the inclusion of time entries (here, 0.5 hours, or $217.50) related to Plaintiff's eventually-abandoned claims for emotional distress damages with respect to which JDA sought medical information, as those categories of damages were not only eventually abandoned but related only to the Title VII claims on which JDA fully prevailed. |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 08/15/2013 | $295.00 | 0.2 | $59.00 | Discuss protective order with Attorney Bonnett and review correspondence re the same | The proposed protective order discussed here related to information regarding Plaintiff's later-abandoned claims for emotional distress damages related to her ultimately unsuccessful Title VII claim. Plaintiff abandoned this claim for damages rather than provide the information, rendering the time spent drafting, reviewing, negotiating, and discussing a protective order moot. Indeed, the Court did not enter a protective order. |
| 08/15/2013 | $435.00 | 1.6 | $696.00 | Email communications with client (.3); draft and revise stipulation for confidentiality and proposed protective order (1.0); Email communication to attorney for defendant responding to prior email and attaching proposed protective order and stipulation (.3) | The proposed protective order discussed here related to information regarding Plaintiff's later-abandoned claims for emotional distress damages related to her ultimately unsuccessful Title VII claim. Plaintiff abandoned this claim for damages rather than provide the information, rendering the time spent drafting, reviewing, negotiating, and discussing a protective order moot. Indeed, the Court did not enter a protective order |
| 08/16/2013 | $435.00 | 0.7 | $304.50 | Email communications to and from attorneys for defendant regarding proposed protective order and revisions to same (.7) | The proposed protective order discussed here related to information regarding Plaintiff's later-abandoned claims for emotional distress damages related to her ultimately unsuccessful Title VII claim. Plaintiff abandoned this claim for damages rather than provide the information, rendering the time spent drafting, reviewing, negotiating, and discussing a protective order moot. Indeed, the Court did not enter a protective order. |
| 08/17/2013 | $435.00 | 5.1 | $2,218.50 | review additional documents from client (1.2); meeting with client to prepare for deposition (3.5); Email communication to attorney for defendant (.4) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 08/19/2013 | $435.00 | 5 | $2,175.00 | Email communication and telephone conference with client (.4); continue review of additional documents and ESI form client on 8/17/13 (3.8); review and revise draft of revised supplemental responses to interrogatories and requests to admit (.8) | JDA respectfully submits that initial document review should have been performed by paralegals or the associate(s) on the case rather than the senior partner, warranting a deduction of at least 1/3 from the 3.8 hours (or $1,653.00) billed for this task, in the exercise of reasonable billing judgment. |
| 08/19/2013 | $295.00 | 3 | $885.00 | Review and revise client's narrative for disclosure with Interrogatories (1.5); review and revise supplemental Interrogatories (.5); review and revise notice of service (.2); review and revise supplemental disclosure ( 3); coordinate with Attorney Bonnett and Assistant re finalizing documents and response for disclosure to Defendants (.5) | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead, such as the 0.5 hours billed for coordinating finalization of documents and responses with a legal assistant and the 0.2 hours billed for reviewing a notice of service. |
| 08/19/2013 | $135.00 | 1.8 | $243.00 | Work on Plaintiff's Revised and Supplemental Responses to Defendant's First Set of Interrogatories and First Set of Requests for Admission; prepare Notice of Service regarding same and file with the Clerk of the Court; Bates label documents to be produced; prepare Plaintiff's First Supplemental Disclosure Statement; prepare Notice of Service re same and file with the Clerk of the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 08/20/2013 | $435.00 | 1.3 | $565.50 | draft supplemental disclosure statement and coordinate disclosure of additional information from client (.9); Email communications with client and attorney for defendant regarding same (.4) | JDA respectfully submits that initial drafts of supplemental discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting a deduction of at least 1/3 from the 0.9 hours billed (6391.50) for drafting a supplemental disclosure statement, in the exercise of reasonable billing judgment. |
| 08/20/2013 | $295.00 | 0.3 | $88.50 | Review supplemental response to Requests for Production | |
| 08/20/2013 | $135.00 | 1 | $135.00 | Prepare Plaintiff's Second Supplemental Disclosure Statement; Bates label and prepare documents to be produced; prepare Notice of Service re same and file with the Clerk of the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | |
|---|---|---|---|---|---|
| 08/21/2013 | $435.00 | 1.3 | $565.50 | telephone conference with client to discuss deposition and related discovery matters (.5); Emails communication with attorney for defendant to discuss discovery issues relating to Plaintiff's deposition (.4); further review and revise ; supplemental answers to interrogatories and requests to produce (.4) | |
| 08/22/2013 | $435.00 | 1 | $435.00 | lengthy telephone conference with attorney for defendant regarding plaintiff's deposition (.4); Email communication and telephone conference with client (.4); follow up Email communication with attorney for defendant (.2) | |
| 08/29/2013 | $435.00 | 0.6 | $261.00 | telephone conference with attorney for defendant regarding document production (.4); Email communication and telephone conference with client (.2) | |
| 08/30/2013 | $435.00 | 1.2 | $522.00 | study letter from Defendant's attorney and related Email communication and telephone conference with client (.5); draft letter in response (.5); telephone call to attorney for defendant (.2) | |
| 09/03/2013 | $435.00 | 1.3 | $565.50 | review and revise draft of letter to attorney for defendant regarding issues raised by 8/30/13 letter (.5); lengthy telephone conference with client regarding document production, 8/30 letter and deposition preparation (.8) | |
| 09/04/2013 | $435.00 | 2.6 | $1,131.00 | telephone conference with client to discuss status and final deposition preparation (1.0); further review and revise draft letter to attorney for defendant (.6); study documents from client (1.0) | |
| 09/05/2013 | $435.00 | 2.4 | $1,044.00 | complete review of additional documents hand delivered by client (1.5); draft, revise and finalize supplemental disclosure statement (.5); telephone conference with client (.4) | JDA respectfully submits that initial drafts of supplemental discovery should have been drafted by paralegals or the associate(s) on the case rather than the senior partner, warranting a deduction of at least 1/3 from the 0.5 hours billed ($217.50) for drafting a supplemental disclosure statement, in the exercise of reasonable billing judgment. |
| 09/05/2013 | $135.00 | 0.8 | $108.00 | Scan and Bates label documents to be produced; prepare draft of Plaintiff's Third Supplemental Disclosure Statement; prepare Notice of Service re same and file with the Court | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Charge partially adjusted. |
|---|---|---|---|---|---|
| 09/06/2013 | $435.00 | 9 | $3,916.00 | Meeting with client (1.0); attend Plaintiff's deposition (8.0) | Charge partially adjusted. |
| 09/06/2013 | | -3 | -$1,305.30 | Adjust to 6.0 hours | *Please note correction to original (Doc. 184-2, page 5) submitted minus $870.00 (representing 2 hours, when it should have been minus 2 hours - $1305.00) |
| 09/06/2013 | $135.00 | 0.2 | $27.00 | Scan and Bates label documents to be produced; prepare draft of Plaintiff's Fourth Supplemental Disclosure Statement; prepare Notice of Service regarding same and file with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 09/09/2013 | $435.00 | 0.4 | $174.00 | Email communications to and from attorney for defendant regarding Plaintiff's deposition (.2); review joint case management plan (.1); telephone conference with client (.1) | JDA objects to the inclusion of charges related to Plaintiff's refusal to agree to a brief, reasonable extension on the 7-hour presumptive deposition time limit, when hers was the principal deposition taken by JDA (one of only two), thereby necessitating motion practice and a resumption of her deposition on a subsequent day. |
| 09/10/2013 | $435.00 | 0.7 | $304.50 | telephonic meet and confer with attorney for defendant concerning discovery dispute and follow up call to court to schedule hearing (.5); Email communication to client (.2) | JDA objects to the inclusion of charges related to Plaintiff's refusal to agree to a brief, reasonable extension on the 7-hour presumptive deposition timelimit, when hers was the principal deposition taken by JDA (one of only two), thereby necessitating motion practice and a resumption of her deposition on a subsequent day. |
| 09/11/2013 | $435.00 | 1.7 | $739.50 | review deposition notes amended complaint and written discovery responses in preparation for telephonic hearing with court on discovery (.9); telephone conference with court on discovery/deposition dispute (.4); telephone conference with attorney for defendant (.1); Email communications to and from client with status update (.3) | JDA objects to the inclusion of charges related to Plaintiff's refusal to agree to a brief, reasonable extension on the 7-hour presumptive deposition limit, when hers was the principal deposition taken by JDA, thereby necessitating motion practice and a resumption of her deposition on a subsequent day. |
| 09/17/2013 | $435.00 | 1.3 | $565.50 | review plaintiff's deposition transcript and exhibits (.8); begin review of documents produced to date from Defendant (.5) | |
| 09/19/2013 | $435.00 | 0.4 | $174.00 | draft, revise and finalize letter to attorney for defendant with additional disclosure of information (.4) | |

| Date | Rate | Hours | Amount | Description | Objection | |
|---|---|---|---|---|---|---|
| 09/24/2013 | $435.00 | 1.3 | $565.50 | review documents produced by defendants (1.0); Email communication to client (.3) | | |
| 09/26/2013 | $435.00 | 2.7 | $1,174.50 | travel to and from and attendance at continued deposition of Plaintiff (2.5); Email communication to client (.2) | JDA objects to the inclusion of charges related to Plaintiff's refusal to agree to a brief, reasonable extension on the 7-hour presumptive deposition limit, when hers was the principal deposition taken by JDA (one of only two), necessitating motion practice and a resumption of her deposition on a subsequent day. As the Court permitted an additional 90 minutes of deposition time, the charges should be reduced by 1.2 hours, or $522. | |
| 10/03/2013 | $295.00 | 0.1 | $29.50 | Review and revise email to client re review of deposition transcript | | |
| 10/14/2013 | $435.00 | 0.6 | $261.00 | Study 10/10 letter from attorney for defendant (.4); Email communications to and from client regarding same (.2) | | |
| 10/15/2013 | $435.00 | 1 | $435.00 | telephone conferences with client and attorney for defendant regarding possible mediation (.5); Email communications with possible mediator, client and attorney for defendant (.5) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith. JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. | |
| 10/16/2013 | $435.00 | 0.4 | $174.00 | study Email communication from client (.1); follow up Email communications and telephone conference with client and attorney for defendant regarding possible mediation (.3) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith. JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. | |
| 10/31/2013 | $435.00 | 0.2 | $87.00 | review errata sheet from client on deposition #2 (.1); instructions to legal assistant (.1) | JDA objects to the inclusion of administrative/clerical entries which should be considered part of firm overhead, such as 0.1 billed ($43.50) for internal communications with administrative staff. | |
| 11/04/2013 | $295.00 | 1 | $0.00 | Review and OCR all of Defendants' discovery responses so they are in searchable format | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. At a minimum, the charge should be reduced to a paralegal rate and not charged at an associate's rate. | Clerical |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 11/04/2013 | $295.00 | 2 | $590.00 | Review and analyze Defendants' responses to discovery requests | |
| 11/04/2013 | $295.00 | 0.3 | $88.50 | Send emails to client re discovery responses; draft letter re the same | |
| 11/04/2013 | $295.00 | 0.5 | $147.50 | Draft additional discovery requests based upon Defendants' discovery responses | |
| 11/04/2013 | $295.00 | 0.5 | $147.50 | Draft letter to Defendants' counsel re Defendants' responses to discovery requests | |
| 11/04/2013 | $295.00 | 0.6 | $177.00 | Review and annotate and highlight documents produced by Defendants | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. At a minimum, the charge should be reduced to a paralegal rate and not charged at an associate's rate. |
| 11/04/2013 | $435.00 | 0.5 | $217.50 | conference with Atty M. Bracken regarding documents produced by defendant and related discovery responses (.5) | |
| 11/05/2013 | $295.00 | 3 | $885.00 | Review Defendants' responses to discovery requests, draft additional discovery requests and letter re the same | |
| 11/05/2013 | $435.00 | 0.6 | $261.00 | continue documents from defendant (.6) | Charge adjusted. |
| | $435.00 | -0.6 | -$261.00 | Adjustment - continue documents from defendant (.6) | |
| 11/06/2013 | $295.00 | 7 | $2,065.00 | Review documents produced by Defendants; highlight and annotate relevant documents; create timeline of events with references to relevant documents | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. At a minimum, the charge should be reduced to a paralegal rate, and not charged at an associate's rate. |
| 11/06/2013 | $295.00 | 0.5 | $147.50 | Draft letter to Defendants' counsel re discovery responses | |
| 11/06/2013 | $435.00 | 0.5 | $217.50 | conference with Atty M. Bracken to review select documents produced by Defendant (.5) | |
| 11/07/2013 | $295.00 | 1 | $295.00 | Review and revise letter to Defendants' attorneys re discovery responses; requests for admission and requests for production and print for Attorney Bonnett's review | |
| 11/07/2013 | $435.00 | 0.4 | $174.00 | conference with Atty M. Bracken to discuss defendant's discovery responses (.4) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 11/07/2013 | $135.00 | 0.8 | $108.00 | Work on Plaintiff's Second Request for Production and Plaintiff's First Request for Admissions; prepare Notice of Service regarding discovery requests. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 11/08/2013 | $435.00 | 1.2 | $522.00 | telephone call to attorney for defendant and leave message (.1); review and revise draft letter to attorney for defendant (.4); review and revise draft of first set of requests for admissions and second set of requests for production (.7) | |
| 11/11/2013 | $295.00 | 0.3 | $88.50 | Follow up with client re review of documents and access to ADP salary info | |
| 11/11/2013 | $435.00 | 0.4 | $174.00 | Email communications with attorney for defendant and client regarding scheduling mediation and related issues (.4) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted |
| 11/13/2013 | $435.00 | 0.4 | $174.00 | follow up communications with client to schedule mediation (.4) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 11/14/2013 | $435.00 | 1.3 | $565.50 | Email communication to client regarding scheduling mediation(.1); begin formulating issues for Rule 30(b)(6) deposition to send notice pre-mediation (1.2) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation (here, 0.1, or $43.50) should be substantially discounted. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 11/15/2013 | $435.00 | 1.2 | $522.00 | Email communications follow up with client and attorney for defendant to set explore alternate mediation dates (.2); telephone contacts for possible expert witness on software account sales (.6); legal research on recent 7th Circuit decision on similarly situated employees(.4) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation (here, .02, or $87.00) should be substantially discounted. JDA further objects to charges related to an expert witness that was never designated (0.6, or $261), and to legal research apparently related to Plaintiff's unsuccessful Title VII and/or Equal Pay Act claims (.4, or $174). |
| 11/18/2013 | $435.00 | 0.3 | $130.50 | Email communications with attorney for defendant and mediator regarding scheduling (.3) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 11/19/2013 | $435.00 | 0.9 | $391.50 | telephone conference and Email communications with mediator and attorney for defendant regarding scheduling of mediation (.2); Begin formulating outline for use in drafting mediation position statement (.7) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 11/21/2013 | $435.00 | 1.5 | $652.50 | continue formulating issues for mediation position statement and related legal research (1.5) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 11/25/2013 | $295.00 | 0.1 | $29.50 | Review correspondence re mediation | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 11/26/2013 | $295.00 | 0.5 | $147.50 | Phone conference re mediation | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 11/26/2013 | $295.00 | 0.2 | $59.00 | Follow up call to Rosenfeld; review 11/8 email re discovery issues | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format with its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 12/02/2013 | $435.00 | 0.6 | $261.00 | conference with Attorney Mark Bracken regarding mediation and discuss strategy (.5); telephone conference and follow up Email communication with attorney for defendant regarding same (.1) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/03/2013 | $435.00 | 0.2 | $87.00 | review mail communication from client regarding settlement strategy and update handling plan (.2) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/05/2013 | $435.00 | 0.5 | $217.50 | study additional documents produced by defendant (.5) | |
| 12/07/2013 | $435.00 | 1.3 | $565.50 | lengthy telephone conference with client regarding damages calculations and mediation strategy (.8); rework calculations (.5) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/08/2013 | $435.00 | 0.4 | $174.00 | Email communication to client regarding mediation strategy (.4) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |

| Date | Rate | Hours | Amount | Description | Objection |
|------|------|-------|--------|-------------|-----------|
| 12/09/2013 | $435.00 | 2 | $870.00 | study Email communication from client regarding damages recalculations on economic loss number and cross-check same (.3); telephone conference with attorney for defendant regarding mediation issues (.2); draft, revise and finalize Email communication to attorney for defendant with current settlement demand (.5); review 12/5/13 letter from defendant responding to discovery issues (.3); beginning drafting response letter (.7) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation (here, 0.2, or $87.00) should be substantially discounted. Furthermore, JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata (here, 1.0, or $435), as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 12/11/2013 | $435.00 | 3.4 | $1,479.00 | continue drafting lengthy letter to attorney for defendant regarding open discovery disputes and related legal research regarding supporting authority (3.4) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata. as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 12/11/2013 | $295.00 | 0.5 | $147.50 | Search disclosed documents for correspondence showing Defendants' aware of poss be litigation well in advance of filing EEOC charge | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata (here, a claim related to Plaintiff's ultimately-abandoned claim of evidence spoliation), as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests, and as Plaintiff never pursued her spoliation theory. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 12/11/2013 | $295.00 | 2 | $590.00 | Begin initial draft of Mediation Memorandum and Confidential Mediation Memorandum; review Complaint and Isom's response to Company's position statement and timeline of events | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/12/2013 | $435.00 | 4.5 | $1,957.50 | Continue drafting and revising lengthy letter responding to Defendant's 12/5/13 letter regarding ongoing discovery dispute or ESI production (3.5); update related legal research for supporting statements in letter (1.0) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 12/12/2013 | $295.00 | 2 | $590.00 | Search for and review relevant documents and legal research to support client's position for mediation | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted |
| 12/12/2013 | $295.00 | 1 | $295.00 | Draft mediation memorandum | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/13/2013 | $295.00 | 0.4 | $118.00 | Review, revise and finalize Confidential Mediation Memo | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 12/13/2013 | $295.00 | 2 | $590.00 | Search for, identify and print supporting documents for mediation; review and update timeline accordingly | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. Additionally, JDA respectfully submits that administrative work should be billed at a paralegal's time, at most, and not charge at an associate's rate. |
| 12/13/2013 | $295.00 | 1 | $295.00 | Draft and revise mediation memorandum, finalize memoranda and provide instructions to assistant re emailing to mediator and Defendants' counsel | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/13/2013 | $295.00 | 0.5 | $147.50 | Legal research re equal pay act claims for similar cases and cases discussing inequitable assignment of duties or allocation of sales accounts affecting wages (.5) | |
| | | -0.5 | -$147.50 | Adjustment – Legal research re equal pay act claims for similar cases and cases discussing inequitable assignment of duties or allocation of sales accounts affecting wages (.5) | |
| 12/13/2013 | $435.00 | 5 | $2,175.00 | draft, revise and finalize mediation memorandum and confidential mediation statements, related research and assemble exhibits (5.0) | Charge adjusted. |
| | | -5 | -$2,175.00 | Adjustment – draft, revise and finalize mediation memorandum and confidential mediation statements, related research and assemble exhibits (5.0) | |
| 12/16/2013 | $435.00 | 0.3 | $130.50 | Email communications with client regarding mediation issues (.3) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/17/2013 | $435.00 | 0.1 | $43.50 | telephone conference with attorney for defendant (.1) | |

912

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 12/18/2013 | $435.00 | 4.5 | $1,957.50 | review mediations statements, exhibits and related document production in preparation for mediation (3.5); conference with Attorney Mark Bracken regarding mediation strategy (.7); study Email communications from client regarding mediation issues and strategy (.3) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith, JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |
| 12/18/2013 | $295.00 | 5.5 | $1,622.50 | Prepare to mediation: review and revise timeline of events. insert Defendants' ex numbers and identify, print and highlight communications that Defendants excluded; review and analyze Defendants' mediation memo (5.5) | Charge adjusted. |
| | | 6.5 | $1,622.50 | Adjustment - Prepare to mediation: review and revise timeline of events, insert Defendants' ex numbers and identify, print and highlight communications that Defendants excluded; review and analyze Defendants' mediation memo 5.5) | |
| 12/18/2013 | $135.00 | 1 | $135.00 | Work on preparation of mediation notebook. | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. In addition, JDA objects to the inclusion of administrative/clerical tasks that should be part of firm overhead. |
| 12/19/2013 | $435.00 | 5 | $2,175.00 | Meeting with client (.5), attend mediation with client and Attorney Mark Bracken (4.5) | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 12/19/2013 | $295.00 | 0.5 | $147.50 | Prepare for mediation with JDA | As Plaintiff unilaterally terminated the mediation shortly after it began without participating in the process in good faith JDA respectfully submits that the fees and costs associated with mediation should be substantially discounted. Moreover, this entry represents duplicate billing by an associate for mediation conducted almost exclusively by the senior partner which the associate observed for training purposes |
| 12/19/2013 | $295.00 | 4.5 | $1,327.50 | Participate in mediation; review and analyze relevant legal authority legal research re similar cases and review relevant emails | Charge adjusted. |
| | | 4.? | $1,327.50 | [text illegible] | |
| 12/19/2013 | $295.00 | 1 | $295.00 | Discuss and plan additional discovery with client and Attorney Bonnett | |
| 12/26/2013 | $135.00 | 0.3 | $40.50 | Prepare shell for Plaintiff's Second Set of Interrogatories | JDA objects to the inclusion of administrative/clerical entries which should be considered part of firm overhead |
| 12/31/2013 | $295.00 | 2 | $590.00 | Draft, review and revise 2nd Requests for Production (1.2); review mediation notes, outline and documents to help draft requests (.3); discuss with Attorney Bonnett (.2); draft and send email to client with draft of RFP (.3); | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 01/07/2014 | $475.00 | 3.5 | $1,662.50 | extensive legal research on discovery issues relating to undue burden, confidentiality and production of ESI (3.0); drafting research memo (.5) | JDA respectfully submits that legal research and memorandum should have been performed by a paralegal or the associate(s) on the case rather than the senior partner, warranting at least a 1/3 discount, in the exercise of billing judgment. Moreover, JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 01/07/2014 | $295.00 | 0.5 | $147.50 | Review emails from client re revisions to requests for production; review and revise requests for production; call and email client re questions re revisions | |
| 01/09/2014 | $295.00 | 1 | $295.00 | Meeting with Defendants' counsel re discovery issues | JDA objects to duplicate billing by the attendance of two attorneys at a discovery meet-and-confer meeting (see row 163). Moreover, JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 01/09/2014 | $295.00 | 0.5 | $147.50 | Preparation for meeting with Defendants' counsel, review correspondence re issues to be discussed and discuss strategy with Attorney Bonnett | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 01/09/2014 | $295.00 | 0.1 | $29.50 | Email with client re discussion re discovery requests | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 01/09/2014 | $475.00 | 2 | $950.00 | Attend meeting with Attorney Mark Bracken and attorney for defendant to discuss discovery issues and ESI production (1.0); follow up email to attorney for defendant (.3); lengthy telephone conference with consulting expert (.7) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 01/10/2014 | $475.00 | 0.4 | $190.00 | Email communications to and from attorney for defendant regarding meet and confer on defendants' responses to plaintiff's discovery requests (.4) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 01/13/2014 | $295.00 | 1 | $295.00 | Phone call with client re revisions to 2nd request for production; email latest draft to client to review | |
| 01/13/2014 | $475.00 | 0.3 | $142.50 | review preliminary draft of second set of discovery requests to defendant (.3) | |
| 01/30/2014 | $475.00 | 0.5 | $237.50 | further review and revise draft of plaintiff's second set of requests for production (.4); conference with Attorney Mark Bracken regarding same (.1) | |
| 02/03/2014 | $295.00 | 0.6 | $177.00 | Review and revise and finalize Pltf's 2nd Set of Requests for Production ; review and approve filing of Notice of service of the same | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead, such as the portion of time spent approving the filing of a notice of service (duration unknown, due to block billing). |

916

| Date | Rate | Hours | Amount | Description | Objection | |
|---|---|---|---|---|---|---|
| 02/03/2014 | $475.00 | 0.8 | $380.00 | conference with Attorney Mark Bracken to discuss additional discovery (.3); review and revise draft of second request for production (.5) | | |
| 02/03/2014 | $135.00 | 0.1 | $13.50 | Prepare Notice of Service for Plaintiff's Second Request for Production and file same with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. | |
| 02/07/2014 | $295.00 | 0.2 | $59.00 | Review email from Defendants' counsel re service of subpoena on employer, discuss with D Bonnett and send email in response asking to wait to serve until have an opportunity to discuss | | |
| 02/07/2014 | $295.00 | 0.1 | $0.00 | Email copy of subpoena to client to review | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. | Clerical |
| 02/07/2014 | $475.00 | 0.3 | $142.50 | study subpoena duces tecum to SAP and follow up discussion with Attorney Mark Bracken regarding same (.3) | | |
| 02/10/2014 | $475.00 | 1.4 | $665.00 | Email communications and telephone conferences with client regarding subpoena directed to SAP (.5); lengthy telephone conference with attorney for defendant regarding subpoena directed to SAP and followup related Email communications(.9) | | |
| 02/10/2014 | $295.00 | 0.2 | $59.00 | Review emails re subpoena to current employer and discuss with Attorney Bonnett | | |
| 02/10/2014 | $295.00 | 0.1 | $29.50 | Email to Defendants' attorney re meet and confer re objections to subpoena to employer | | |
| 02/10/2014 | $295.00 | 1.5 | $442.50 | Legal research regarding Rule 45, Rule 26 and Court's orders re discovery and subpoenas to third parties | JDA objects to time entries related to fundamental legal issues, such as this one related to the scope of third-party discovery, as such basic information is presumed to be held by attorneys and not required by any unique issue presented in this case | |
| 02/10/2014 | $295.00 | 1 | $295.00 | Draft motion to quash and for protective order to prevent service of subpoena on current employer | JDA objects to a time entry spent preparing two motions that were never filed. | |
| 02/10/2014 | $295.00 | 0.3 | $88.50 | Review email from Mr. Rosenfeld notifying that Defendants have already served employer and discuss with Attorney Bonnett | | |

| Date | Rate | Amount | Hours | Description | Notes |
|---|---|---|---|---|---|
| 02/10/2014 | $295.00 | $147.50 | 0.5 | Legal research regarding Rule 45 and Defendants failure to meet and confer prior to service, after receiving email from Defendants counsel re "early morning" service | JDA objects to time entries related to fundamental legal issues, such as this one related to the scope of third-party discovery, as such basic information is presumed to be held by attorneys and not required by any unique issue presented in this case. |
| 02/10/2014 | $295.00 | $295.00 | 1 | Review and revise motion for protective order and to quash subpoena | JDA objects to a time entry spent preparing or revising two motions that were never filed. |
| 02/10/2014 | $295.00 | $118.00 | 0.4 | Phone conference with Defendants' counsel re service of subpoena on client's current employer | |
| 02/10/2014 | $295.00 | $59 00 | 0.2 | Phone call with client re service on current employer | |
| 02/10/2014 | $295.00 | $29 50 | 0.1 | Follow up phone call to client notifying her that service has already been made | |
| 02/10/2014 | $295.00 | $147.50 | 0.5 | Legal research regarding Arizona district court and 9th Circuit cases involving Rule 45 | JDA objects to time entries related to fundamental legal issues, such as this one related to the scope of third-party discovery, as such basic information is presumed to be held by attorneys and not required by any unique issue presented in this case. |
| 02/11/2014 | $475.00 | $380.00 | 0.8 | review and revise draft letter/emails to SAP's attorney regarding subpoena duces tecum (.4); review and revise draft email to attorney for defendant regarding SAP subpoena issues (.3); study Email communication from SAP's general counsel (.1) | |
| 02/12/2014 | $475.00 | $190.00 | 0.4 | Email communications with client and ass't gen counsel at SAP regarding defendants' subpoena duces tecum (.4) | |
| 02/13/2014 | $475.00 | $760.00 | 1.6 | further review of nonparty subpoena to SAP America (.2); draft and revise letter setting forth objections to subpoena (1.0); conference with Attorney Mark Bracken regarding same (.2); further Revise and finalize letter (.2) | |
| 02/13/2014 | $295.00 | $147.50 | 0.5 | Review letter to Defendants' counsel re objections to subpoena and email copy to client to review | |
| 02/14/2014 | $475.00 | $190.00 | 0.4 | telephone conference with Attorney Mark Bracken and client to discuss SAP subpoena (.3); Revise and finalize letter to attorneys for defendant (.1) | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 02/18/2014 | $475.00 | 0.2 | $95.00 | Email communication from ass't general counsel at SAP regarding subpoena (.1); respond to same (.1) | |
| 02/19/2014 | $295.00 | 0.1 | $29.50 | Email to client re leaving firm | Charge adjusted. |
| | | -0.1 | -$29.50 | Adjustment - Email to client re leaving firm | |
| 02/20/2014 | $475.00 | 0.2 | $95.00 | Email communications to and from ass't general counsel at SAP regarding subpoena (.2) | |
| 02/21/2014 | $295.00 | 0.2 | $59.00 | Review letter re subpoena to employer and forward to client to review | |
| 02/21/2014 | $475.00 | 0.4 | $190.00 | study lengthy letter from attorney for defendant regarding objections to SAP subpoena (.4) | |
| 02/22/2014 | $475.00 | 0.3 | $142.50 | REDACTED | Charge adjusted. |
| | | -0.3 | -$142.50 | Adjustment | |
| 02/24/2014 | $475.00 | 1.3 | $617.50 | telephone conference with ass't general counsel regarding SAP subpoena and response (.1); further study of letter from attorney for defendant regarding SAP subpoena and plaintiff's objections (.5); legal research and begin formulating response (.7) | |
| 02/25/2014 | $475.00 | 0.9 | $427.50 | further study and analysis of letter from attorney for defendants dated 2/21/14 and related follow up Email communications (.7); Email communication with client regarding status (.2) | |
| 02/26/2014 | $295.00 | 0.1 | $29.50 | Review and approve filing of notice of withdrawal | Charge adjusted. |
| | | -0.1 | -$29.50 | Adjustment - Review and approve filing of notice of withdrawal | |
| 02/27/2014 | $475.00 | 3.8 | $1,805.00 | Email communication to and from client (.2); conference with Attorney Mark Bracken regarding SAP subpoena and related issues (.4); lengthy telephone conference with attorneys for defendant regarding SAP subpoena (.8); review and revise draft email to SAP attorney regarding subpoena (.2); continue drafting and revising lengthy letter to attorneys for defendant regarding outstanding discovery disputes over responses to plaintiff's written discovery requests (1.0); related legal research on issues regarding ESI production (1.2) | JDA objects to the inclusion of time entries (here, 2.2, or $1,045) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 02/28/2014 | $295.00 | 0.5 | $147.50 | Identify emails that Plaintiff needs metadata from and create list to send to Attorney Bonnett | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 02/28/2014 | $475.00 | 0.8 | $380.00 | continue review and revise draft letter to attorney for defendant regarding discovery dispute issues (.8) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 03/02/2014 | $475.00 | 3.1 | $1,472.50 | continue drafting and revising letter to attorney for defendant regarding open discovery disputes on plaintiff's interrogatories and requests to produce (1.3); review documents produced to date by defendant and formulate subjects and topics for third party subpoenas and Rule 30(b)(6) depositions (1.8) | As Plaintiff adjusted charges below (see Rows 209-213) for her preparation of subpoenae duces tecum to third parties, and did not introduce as trial exhibits any documents responsive to such requests. JDA objects to the 1.8 hours billed ($855.00) for preparation of those subpoenae. JDA further objects to the inclusion of time entries (here, 1.3, or $617.50) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 03/03/2014 | $475.00 | 2.5 | $1,187.50 | complete drafting and further review, revise and finalize lengthy letter to attorney for defendant regarding pending discovery issues regarding defendant's responses to plaintiff's written discovery requests (1.2); continue analysis and outlining topics for 30b6 deposition (.8); formulating document requests for subpoenas to non-parties (.5) | JDA objects to the inclusion of time entries (here, 1.2 hours, or $570.00) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests Furthermore, as Plaintiff adjusted charges below (see Rows 209-213) for her preparation of subpoenae duces tecum to third parties, and did not introduce as trial exhibits any documents responsive to such requests, JDA objects to the 1.3 hours billed ($617.50) for preparation of those subpoenae |
| 03/06/2014 | $475.00 | 0.4 | $190.00 | telephone conference with attorney for defendant regarding pending discovery issues (.3); follow up Email communication from attorney for defendant and instruction to legal assistant for calendaring (.1) | JDA objects to the inclusion of time entries (here, 0.3, or $142.50) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests, JDA further objects to 0.1 hours billed ($47.50) for internal communications with administrative staff. |
| 03/17/2014 | $125.00 | 1.3 | $162.50 | Prepare subpoena duces tecum, request for production, affidavit of custodian of records, and correspondence to obtain records from Sears Holding Corporation. | Charge adjusted. |
| | | -1.? | ...57 | Prepare subpoena duces tecum, affidavit of custodian of records, and correspondence to obtain records from [illegible] | |
| 03/17/2014 | $125.00 | 0.8 | $100.00 | Prepare subpoena duces tecum, request for production, affidavit of custodian of records, and correspondence to obtain records from Discount Tire. | Charge adjusted. |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 03/17/2014 | | -0.8 | -$100.00 | Adjustment – Prepare subpoena duces tecum, request for production affidavit or custodian of records and correspondence to obtain records from Discount Tire. | |
| 03/17/2014 | $125.00 | 0.9 | $112.50 | Prepare subpoena duces tecum, request for production, affidavit of custodian of records, and correspondence to obtain records from Restoration Hardware | Charge adjusted. |
| | | -0.9 | -$112.50 | Adjustment – Prepare subpoena duces tecum, request for production affidavit of custodian of records and correspondence to obtain records from Restoration Hardware. | |
| 03/18/2014 | $295.00 | 2.2 | $649.00 | receipt and review of Defendant's Second Supplemental Disclosure Statement: Review of discovery from SAP referenced therein; | |
| 03/19/2014 | $125.00 | 0.3 | $37.50 | Update notice of 30(b)(6) deposition for JDA Software, Inc. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 03/20/2014 | $125.00 | 0.2 | $25.00 | Revise notice of 30(b)(6) deposition for JDA Software, Inc. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 03/21/2014 | $295.00 | 2.5 | $737.50 | Revise subpoena duces tecum for Sears Holding Company, research corporate structure of Sears entities, review of authorities to whether service of Sears Canada, Inc., is feasible | Charge adjusted. |
| | | -2.5 | -$737.50 | Adjustment Revise subpoena duces tecum for Sears Holding Company; research corporate structure of Sears entities' review of authorities to whether service of Sears Canada, Inc., is feasible | |
| 03/24/2014 | $125.00 | 0.2 | $25.00 | Prepare Notice of Appearance of Ravi Patel. | Charge adjusted. |
| | | -0.2 | -$25.00 | Adjustment – Prepare Notice of Appearance of Ravi Patel. | |
| 03/25/2014 | $125.00 | 0.1 | $12.50 | File Notice of Appearance of Ravi Patel | Charge adjusted. |
| | | -0.1 | -$12.50 | Adjustment – File Notice of Appearance of Ravi Patel. | |
| 03/25/2014 | $295.00 | 0.5 | $147.50 | Review and revise draft 30(b)(6) deposition notice for JDA. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead |

| Date | Rate | Hours | Amount | Description | Comment |
|---|---|---|---|---|---|
| 04/02/2014 | $295.00 | 0.7 | $206.50 | Review of authorities on subpoenas to out of state non-parties under revised Rule 45 (.5); Verify agent for service of process for Sears Holding Company in Illinois (.2); | Charge adjusted. |
| | | -0.7 | -$206.50 | Adjustment - Review of authorities on subpoenas on subpoenas to out of state non-parties under revised Rule 45 (.5); Verify agent for service of process for Sears Holding Company in Illinois (.2); | |
| 04/02/2014 | $475.00 | 0.2 | $95.00 | conference with Atty Patel and legal assistant update handling plan for remaining discovery (.2) | JDA objects to this charge related to the transition of a new associate onto the case to replace a departing associate. Such transition costs should be borne as part of firm overhead expenses. |
| 04/07/2014 | $475.00 | 1.1 | $522.50 | review and revise draft of subpoena duces tecum to Sears (.5); review and revise draft of Rule 30b6 notice to JDA (.5); conference with Atty Patel regarding same (1) | Charge adjusted. |
| | | -1.1 | -$522.50 | Adjustment - review and revise draft of subpoena duces tecum to Sears (.5); review and revise draft of Rule 30b6 notice to JDA (.5); conference with Atty Patel regarding same (.1 | |
| 04/08/2014 | $295.00 | 1.5 | $442.50 | Revise JDA 30(b)(6) notice and Sears third party subpoena duces tecum (0.5); review JDA discovery/Isom depos for additional key players to be identified in subpoena and notice (1.0); | Charge adjusted. |
| | | -1.5 | -$442.50 | Adjustment - Revise JDA 30(b)(6) notice and Sears third party subpoena duces tecum (0.5); review JDA discovery/Isom depos for additional key players to be identified in subpoena and notice (1.0); | |
| 04/09/2014 | $295.00 | 3.8 | $1,121.00 | Perform addition revision to subpoena duces tecum for Sears and continue to review written discovery for additional participants in JDA/Sears sales and negotiations (3.8); | As Plaintiff adjusted charges above (see Rows 209-213) for her preparation of subpoenas duces tecum to third parties, none of which she introduced as trial exhibits, JDA objects to the 3.8 hours billed ($1,121.00) for preparation of those subpoenas. |
| 04/10/2014 | $475.00 | 1.6 | $760.00 | review and revise draft of Rule 30b6 notice (.7); review and revise draft of subpoena duces tecum and request for production of documents to Sears (.6); conference with Atty Patel regarding same (.3) | Charge adjusted. |

| Date | Rate | Hours | Amount | Description | Objection | |
|---|---|---|---|---|---|---|
| | | 1.5 | -$00.00 | Adjustment - review and revise draft of Rule 30(b)6 notice ... review and revise draft of subpoena duces tecum and transmittal production of documents ... Sears ... conference with Atty Patel re filing same (.3) | | |
| 04/10/2014 | $295.00 | 1.5 | $442.50 | Review attorney Mark Bracken's notes re: JDA matter for additional matters to be included in 30(b)(6) notice (1 5) | JDA objects to this charge related to the transition of a new associate onto the case to replace a departing associate. Such transition costs should be borne as part of firm overhead expenses. | Duplicative |
| 04/14/2014 | $125.00 | 0.2 | $25.00 | Prepare for and telephone conference with client Kim Isom re discovery responses. | Charge adjusted | |
| | | -0.2 | -$25.00 | Adjustment - Prepare for and telephone conference with client re discovery responses | | |
| 04/15/2014 | $125.00 | 0.2 | $25.00 | Revise subpoena duces tecum and correspondence to Sears Holdings Corporation. | Charge adjusted. | |
| | | -0.2 | -$25.00 | Adjustment - Revise subpoena duces tecum and correspondence to Sears Holdings Corporation | | |
| 04/16/2014 | $475.00 | 0.8 | $380.00 | conference with Atty Patel and review and revise letter from defendant regarding attempt to resolve discovery disputes over remaining ESI production (.5); Revise and finalize subpoena duces tecum to third parties for production of documents (.3) | JDA objects to the inclusion of time entries (here, 0.5, or $237.50) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. Furthermore, as Plaintiff adjusted charges above (see Rows 209-213) for her preparation of subpoenae duces tecum to third parties, none of which she introduced as trial exhibits, JDA objects to the 0.3 hours billed ($142.50) for preparation of those subpoenae. | |

| Date | Rate | Hours | Amount | Description | Comment |
|---|---|---|---|---|---|
| 04/16/2014 | $295.00 | 4.9 | $1,445.50 | Prepared email correspondence with Kim Isom enclosing SAP documents in anticipation of discovery conference; Prepared for telephone conference with Kim Isom to respond to discovery requests (0.5); Telephone conference with Kim Isom re. responses to discovery requests (1.0); Review transcript of deposition of Isom to determine whether additional she identified addition key JDA players or additional custodians within Restoration Hardware and Discount Tire for use in subpoena duces tecum (2.8); Revise subpoena duces tecum to Discount Tire (0.5) | Charge partially adjusted. |
| 04/17/2014 | $475.00 | -3.3 | -$973.50 | Adjustment - Review transcript of deposition of Isom to determine whether additional she identified additional key JDA players or additional custodians within Restoration Hardware and Discount Tire for use in subpoena duces tecum, 2.8; Revise subpoena duces tecum to Discount Tire (0.5), | Please note correction to original (Doc. 184-5, page 10) submitted minus $957.00 when it should have been minus 3.3 hours for a total of $973.50) |
| 04/17/2014 | $475.00 | 0.5 | $237.50 | Revise and finalize subpoenas duces tecum to Sears, Discount Tire and Restoration Hardware (.5) | Charge adjusted. |
| | | -0.5 | -$237.50 | Adjustment - Revise and finalize subpoenas duces tecum to Sears, Discount Tire and Restoration Hardware (.5) | |
| 04/17/2014 | $295.00 | 0.3 | $88.50 | Telephone conference with attorney Jennifer Tomlin at Morgan Lewis re; whether certain documents in SAP's subpoena response inadvertently disclosed confidential information about pending deals; | For the same reason as the charge was adjusted in Row 251 below, the charge should be omitted here. |
| 04/17/2014 | $295.00 | 1.2 | $354.00 | Prepare written responses and objections to Plaintiff's response to JDA's Second Request for Admissions' | |
| 04/18/2014 | $295.00 | 3.5 | $1,032.50 | REDACTED | Charge adjusted. |
| 04/18/2014 | $295.00 | -3.5 | -$1,032.50 | Adjustment | |
| 04/18/2014 | $295.00 | 0.3 | $88.50 | Finalize and approve subpoena duces tecum and exhibits for Sears, Discount Tire, and Restoration Hardware; | Charge adjusted. |
| | | -0.3 | -$88.50 | Adjustment - Finalize and approve subpoena duces tecum and exhibits for Sears Discount Tire, and Restoration Hardware; | |
| 04/21/2014 | $295.00 | 0.3 | $88.50 | Telephone conference with Jennifer Tomlin, attorney for SAP, regarding whether SAP disclosed confidential information in SAP00033-34; | Charge adjusted. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| | | -0.1 | -$36.50 | Adjustment - Telephone conference with Jennifer Temkin attorney for SAP regarding whether SAP disclosed confidential information in S4P0033-3?. | |
| 04/21/2014 | $295.00 | 1.2 | $354.00 | Telephone conference with Kim Isom to complete her review and responses to Defendants 2nd RFAs, Interrogatories, and Requests for Production (0.7); prepare draft responses (0.5); | |
| 04/21/2014 | $135.00 | 0.1 | $13.50 | Prepare shell for Plaintiff's responses to Defendant's Second Set of Requests for Admission, Second Set of Requests for Production, and Second Set of Interrogatories and file same with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 04/22/2014 | $295.00 | 2 | $590.00 | Begin preparation of draft response to discovery letter from the attorneys for JDA; | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata. as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 04/25/2014 | $295.00 | 0.3 | $88.50 | exchange of emails with Kim Isom re verification page, telephone conference to finalize responses; | |
| 04/28/2014 | $295.00 | 1 | $295.00 | Final review and approve Responses and Objections to Second Request for Admissions, Interrogatories and Requests for Production; | |
| 04/29/2014 | $135.00 | 0.1 | $13.50 | Prepare Notice of Service for Plaintiff's Discovery Responses and file same with the Court | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 04/29/2014 | $125.00 | 0.1 | $12.50 | Conference with Marvin Gittler's assistant re objection response to subpoena received from Sears Holdings Corporation. | Charge adjusted. |
| | | -0.1 | -$12.50 | Adjustment - Conference with Marvin Gittler's assistant re objection response to subpoena received from Sears Holdings Corporation. | |
| 04/30/2014 | $125.00 | 0.1 | $12.50 | Revise Notice of 30(b)(6) representative Deposition. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead |

| Date | Amount | Hours | Rate | Description | Note |
|---|---|---|---|---|---|
| 05/05/2014 | $118.00 | 0.4 | $295.00 | Telephone conference and exchange of emails with Eva Muserelli at Discount Tire re: our subpoena and request for extension of time; | Charge adjusted. |
| | -$118.00 | -0.4 | | Adjustment - Telephone conference and exchange of emails with Eva Muserelli at Discount Tire re: our subpoena and request for extension of time. | |
| 05/05/2014 | $142.50 | 0.3 | $475.00 | conference with Atty Patel to discuss request by Discount Tire to respond to subpoena duces tecum and review related follow up communication with third party (.3) | Charge adjusted. |
| | -$142.50 | -0.3 | | Adjustment - conference with Atty Patel to discuss request by Discount Tire to respond to subpoena duces tecum and review related follow up communication with third party (.3) | |
| 05/06/2014 | $147.50 | 0.5 | $295.00 | Review of deposition notice, subpoena and subpoena duces tecum for David Sterenfeld and Corporate Dynamix (0.3); reviewed and approved correspondence forwarding to client (0.1). | |
| 05/06/2014 | $237.50 | 0.5 | $475.00 | conferences with Atty Patel and paralegal regarding status of various third party subpoenas for documents/ESI and supplemental disclosures/document production (.5) | JDA objects to the inclusion of internal conferences regarding case status, which should be considered part of firm overhead. |
| 05/09/2014 | $237.50 | 0.5 | $475.00 | study Defendant's Third Supplemental Disclosure Statement and conference with Atty Patel regarding same (.5) | |
| 05/16/2014 | $25.00 | 0.2 | $125.00 | Prepare correspondence to opposing counsel re depositions of current and former employees of JDA Software Inc. | |
| 05/16/2014 | $12.50 | 0.1 | $125.00 | Prepare correspondence to client Kim Isom re depositions of nine current and former employees of JDA Software Inc. | JDA objects to this entry, which appears to be a duplicate of Row 269. |
| 05/16/2014 | $12.50 | 0.1 | $125.00 | Prepare correspondence to Restoration Hardware Inc re overdue response to subpoena duces tecum | Charge adjusted. |
| | -$12.50 | -0.1 | | Adjustment - Prepare correspondence to Restoration Hardware re overdue response to subpoena duces tecum. | |
| 05/16/2014 | $12.50 | 0.1 | $125.00 | Prepare correspondence to Sears Holdings Corporation re overdue response to subpoena duces tecum | Charge adjusted. |

| Date | Rate | Hours | Amount | Description | Comment |
|---|---|---|---|---|---|
| | | -0.1 | -$12.50 | Adjustment - Prepare correspondence to Sears Holdings Corporation re overdue response to subpoena duces tecum. | |
| 05/21/2014 | $295.00 | 0.3 | $88.50 | Receipt and review of correspondence from Sears re. our third party subpoena; | Charge adjusted. |
| | | -0.3 | -$88.50 | Adjustment - Receipt and review of correspondence from Sears re: our third party subpoena | |
| 05/21/2014 | $135.00 | 0.5 | $67.50 | Research - FRCP/Comments concerning whether a party is obligated to pay for the cost of search and production of documents and ESI produced by third parties (JB) | Charge adjusted. |
| | | -0.5 | -$67.50 | Adjustment - Research - FRCP/Comments concerning whether a party is obligated to pay for the cost of search and production of documents and ESI produced by third parties (JB) | |
| 05/22/2014 | $295.00 | 0.1 | $29.50 | Exchange of emails with Kim Isom to follow up re: potential testimony of David Sterenfeld and verify search terms for Sears SDT; | |
| 05/22/2014 | $475.00 | 0.3 | $142.50 | Email communications with client and Atty Patel regarding Hamish Brewer (.3) | |
| 05/23/2014 | $125.00 | 2.1 | $262.50 | Prepare notice of deposition for current and former JDA employees Debbie Baker, Brad Bell Bill Wortham Michael Bridge, Tim Mahoney, Tom Dzierski, Dawn Ross, Jennifer Jaeger, Kevin Bandokaitis, and John Rector. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 05/23/2014 | $295.00 | 0.5 | $147.50 | Receipt and review of correspondence from JDA re. outstanding matters pertaining to our discovery (0.5): | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 05/27/2014 | $125.00 | 0.2 | $25.00 | Prepare for and multiple conferences with defense counsel regarding depositions and discovery. | |
| 05/27/2014 | $295.00 | 0.6 | $177.00 | Receipt and review of correspondence from Discount Tire re. Subpoena (0.1); Telephone conference with Kim Isom re: subpoenas, departure of Hamish Brewer from JDA, potential testimony of Sterenfeld (0.5) | Charge adjusted. |

| Date | | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 05/27/2014 | $295.00 | -0.1 | -$29.50 | Adjustment - Rece pt and review of correspondence from Discount Tire re: Subpoena (0.1). Telephone conference with Am lton re: subpoenas capa-ture of Harnish Brewer from JDA potential testimony of Sterenfield (0.5) | |
| 05/27/2014 | | 0.2 | $59.00 | receipt and review of correspondence from Discount Tire re: their response to our subpoena. | Charge adjusted. |
| | | -0.2 | -$59.00 | Adjustment - receipt and review of correspondence from Discount Tire re: their response to our subpoena. | : |
| 05/27/2014 | $475.00 | 0.4 | $190.00 | review and revise draft of revised stipulation and proposed protective order (.4) | As the Court did not enter a protective order in this matter, nor did Plaintiff seek to protect any information by a protective order, and indeed objected to treatment of certain trial exhibits as confidential on the eve of trial (see Doc. 145-147). JDA objects to entries regarding Plaintiff's revisions to a proposed protective order. |
| 05/28/2014 | $125.00 | 0.3 | $37.50 | Analyze defendant's disclosure statements and compare witness names to correspondence received today for purposes of identifying discrepancies prior to discovery conference call tomorrow. | Charge adjusted. |
| | | -0.3 | -$37.50 | Adjustment - Analyze defendant's disclosure statements and compare witness names to correspondence received today for purposes of identifying discrepancies prior to discovery conference call tomorrow. | |

| Date | Amount | Hours | Description | Notes |
|---|---|---|---|---|
| 05/29/2014 | $295.00 | 1 | Generate redline and reviewed proposed revisions to protective order (0.5) prepared outline of topics to be covered in telephone conference regarding outstanding discovery issues (0.5) | As the Court did not enter a protective order in this matter nor did Plaintiff seek to protect any information by a protective order, and indeed objected to treatment of certain trial exhibits as confidential on the eve of trial (see Doc 145-147), JDA objects to entries there. 0.5 or $147.50) regarding a potential protective order. Further JDA objects to the inclusion of time entries (here. 0.5, or $147.50) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests |
| 05/29/2014 | $295.00 | 0.3 | Exchange of emails re: conference with counsel re: discovery disputes; | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata. as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 05/29/2014 | $295.00 | 0.6 | Telephone conference with Brenda Meissler at Sears Holding Company re: their correspondence and our subpoena (0.3); Telephone conference with discount Tire in response to their letter regarding Third Party Subpoenas (0.3) | Charge adjusted. |
| | ~$177.00 | ~? | Adjusted era - Telephone conference with Brenda Meissler. Sears Holding Company re: the r correspondence and our subpoena (0.3; Telephone conference with discount Tire in response to their letter regarding Third Party Subpoenas (0.3) | |
| 05/30/2014 | $125.00 | 4.8 | Analyze discovery, disclosure, correspondence, and pleadings and prepare timeline for purposes of filing possible emotion to compel on Monday. | Charge adjusted. |

| Date | | | | | |
|---|---|---|---|---|---|
| | | -4.8 | -$600.00 | Adjustment – Analyze discovery disclosure correspondence and pleadings and prepare timeline for purposes of filing based on discussion to counsel on Monday. | |
| 05/30/2014 | $295.00 | 1.9 | $560.50 | Prepare for and attend meet and confer telephone conference with Laura Robertson (0.7); Preparation of correspondence to follow up on meet and confer (1.2). | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 05/30/2014 | $475.00 | 2 | $950.00 | telephone conference with Atty Patel preliminary to discussion with attorney for defendant on discovery issues (.5); review related prior correspondence (.5); lengthy meet and confer telephone conference with Atty Patel and attorney for defendant, L. Roberts (1.0) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/02/2014 | $125.00 | 0.1 | $12.50 | Prepare for and telephone conference with defense counsel regarding discovery dispute conference call with Judicial Assistant | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/02/2014 | $475.00 | 0.4 | $190.00 | Email communication with paralegal and Atty Patel to discuss discovery issues to bring to court and related instructions (.4) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/02/2014 | $135.00 | 0.1 | $13.50 | Prepare Notice of Service of Adjournment of Rule 30(b)(6) Deposition and file same with the court. | JDA objects to the inclusion of adminstrative/clerical entries, which should be considered part of firm overhead. |
| 06/03/2014 | $475.00 | 0.5 | $237.50 | communications with Atty Patel, paralegal and attorneys for defendant regarding ongoing scheduling issues for depositions (.5) | JDA objects to the inclusion of internal conferences regarding case status and scheduling, which should be considered part of firm overhead. |
| 06/03/2014 | $295.00 | 1.6 | $472.00 | Receipt and review of correspondence from opposing counsel regarding our meet and confer (0.3); Preparation of letter in response (1.0); Follow up telephone conference to attempt to address discovery issues (0.3); Approve amended notice of Adjournment (0.1); | JDA objects to the inclusion of time entries (here, 1.5 hours, or $442.50) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. JDA further objects to the inclusion of 0.1 hours, or $29.50, for approval of an administrative filing, which should be considered part of firm overhead. |
| 06/03/2014 | $135.00 | 0.1 | $13.50 | Prepare Amended Adjournment Notice for Rule 30(b)(6) Deposition and file same with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/04/2014 | $475.00 | 0.3 | $142.50 | conference with Atty Patel regarding discovery matters and contacting court to schedule hearing on ESI production (.3) | JDA objects to the inclusion of internal conferences regarding case status and scheduling, which should be considered part of firm overhead. |
| 06/04/2014 | $125.00 | 1.9 | $237.50 | Revise notices of deposition for current and former JDA Software employees Debbie Baker, Dawn Ross, Kevin Bandokalitis, Jennifer Jaeger, John Rector, and the 30(b)(6) representative, and prepare correspondence to send with revised notices. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/04/2014 | $295.00 | 0.5 | $147.50 | Prepare for and attend telephone conference with JDA attorney Robertson and Court's Judicial Assistant to schedule a hearing to resolve discovery dispute; | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/04/2014 | $135.00 | 0.2 | $27.00 | File Notices of Deposition with the Court for J. Rector, Contract, Bandokaitis, J. Jaeger, D. Baker, D. Ross, and First Amended Rule (30(b)(6). | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/05/2014 | $475.00 | 0.9 | $427.50 | study letter from attorneys for defendant regarding discovery issues and conference with Atty Patel regarding same (.5); review and revise draft of 2 page memorandum on discovery matter to be filed with court (.4) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/06/2014 | $295.00 | 4 | $1,180.00 | Review of authorities and preparation of brief re: production of ESI in native format with associated metadata; | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. JDA further objects to a 4.0 hour entry related to preparation of a 2-page memorandum as excessive, and respectfully submits the entry should, at a minimum, be substantially reduced in the exercise of billing judgment. |
| 06/06/2014 | $135.00 | 1 | $135.00 | Prepare shell for Plaintiff's responses to Defendant's Third Set of Request for Production, Request for Admissions, and Interrogatories. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/06/2014 | $135.00 | 0.8 | $108.00 | Review discovery and Bates labeled documents; search and retrieval including Plaintiff's and Defendant's Bates labeled documents and EEOC documents (.8) (JB) | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/09/2014 | $475.00 | 0.4 | $190.00 | Revise and finalize memorandum of law on discovery matter for June 17 hearing ( 4 ) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests |
| 06/09/2014 | $125.00 | 0.2 | $25.00 | Revise brief re Defendant's ESI due to the Court | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/09/2014 | $125.00 | 2.1 | $262.50 | Analyze documents produced by both parties and prepare possible exhibits for upcoming depositions of JDA witnesses. | |
| 06/09/2014 | $295.00 | 1.5 | $442.50 | Prepare final revisions to brief re: ESI and meta data; | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests JDA further objects to an additional 1.5 hour entry (on top of foregoing time entries in excess of 4 hours) related to preparation of a 2-page memorandum as excessive, and respectfully submits the entry should, at a minimum, be substantially reduced in the exercise of billing judgment. |

934 

| Date | Rate | Hours | Amount | Description | |
|---|---|---|---|---|---|
| 06/10/2014 | $125.00 | 0.9 | $112.50 | Locate and obtain documents for deposition of Red Prairie recruiter tomorrow. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. Moreover, Plaintiff did not designate any additional documents for the Christine Hornak deposition, rendering the exercise fruitless. |
| 06/10/2014 | $125.00 | 1.5 | $187.50 | Analyze disclosure statements, deposition notices, and correspondence and prepare summary chart of all witnesses disclosed by both parties, including whether depositions have been noticed. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/10/2014 | $125.00 | 1.7 | $212.50 | Continue preparing possible exhibits for upcoming depositions of JDA witnesses. | |
| 06/10/2014 | $295.00 | 1 | $295.00 | Prepared for deposition of Christine Hornak; | |
| 06/10/2014 | $295.00 | 0.5 | $147.50 | receipt and review of correspondence from JDA attorney Robertson regarding deposition scheduling; | |
| 06/11/2014 | $475.00 | 0.9 | $427.50 | conferences with Atty Patel to discuss deposition scheduling and open discovery matters (.5); Revise and finalize memorandum on discovery matters (.4) | JDA objects to the inclusion of internal conferences (here, 0.5 or $237.50) regarding case status and scheduling, which should be considered part of firm overhead. Further, JDA objects to the inclusion of time entries (here, 0.4 hours, or $190.00) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/11/2014 | $295.00 | 2 | $590.00 | Attended deposition of Christine Hornak; | |
| 06/11/2014 | $295.00 | 1.5 | $442.50 | exchange of lengthy emails with JDA attorney Robertson re schedule of depositions; | |
| 06/12/2014 | $125.00 | 0.3 | $37.50 | Analyze multiple correspondence from defense counsel for purposes of noticing depositions of JDA witnesses located out of state. | |
| 06/12/2014 | $125.00 | 0.6 | $75.00 | Continue preparing possible exhibits for upcoming depositions of JDA witnesses. | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 06/12/2014 | $475.00 | 1.5 | $712.50 | review email communications and correspondence regarding discovery matters in preparation for 6/17/14 hearing (1.5) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/12/2014 | $295.00 | 0.6 | $177.00 | Telephone conference with Ms. Meissler at Sears re subpoena (0.3); Telephone conference with Eva Muserelli at Discount Tire re' subpoena (0.3) | Charge adjusted. |
| | | -0.6 | -$177.00 | Adjustment - Telephone conference with Ms. Meissler at Sears re subpoena (0.3); Telephone conference with Eva Muserelli at Discount Tire re subpoena (0.3) | |
| 06/13/2014 | $125.00 | 1.7 | $212.50 | Analyze teleconference deposition location information received from Driver and Nix and prepare notices of deposition for Brad Bell, Bill Wortham, and Tim Mahoney, and a first amended notice for John Rector. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/13/2014 | $125.00 | 0.3 | $37.50 | Prepare subpoena for appearance at deposition for Bill Wortham. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/13/2014 | $125.00 | 3.3 | $412.50 | Complete preparing possible exhibits for upcoming depositions of JDA witnesses. | |
| 06/13/2014 | $295.00 | 0.5 | $147.50 | Exchange of additional emails with Laura Robertson regarding deposition scheduling; | |
| 06/13/2014 | $295.00 | 5 | $1,475.00 | REDACTED | Charge adjusted. |
| | | -5 | -$1,475.00 | Adjustment | |
| 06/13/2014 | $295.00 | 1.8 | $531.00 | Telephone conference with Brenda Meissler at Sears re: subpoena (0.3); Review of subpoena and file and preparation of correspondence as follow up to subpoena detailing search terms and documents requested (1.8); | JDA submits that the charge should be adjusted for the same reason it was in Row 328. [The entry appears to have been adjusted by 0.3 although the adjustment is not noted JDA submits the balance of the entry should likewise be adjusted ] |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/15/2014 | $475.00 | 3 | $1,425.00 | continue review of all communications and discovery responses in preparation for 6/17 hearing (2.0); prepare detailed outline for use at hearing (1.0) | JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests |
| 06/16/2014 | $475.00 | 2.5 | $1,187.50 | complete review of discovery documents, communications and finalized outline for 6/17 discovery hearing (1.0); conference with Atty Patel regarding same (.4); begin preparation for Wortham deposition (1.1) | JDA objects to the inclusion of time entries (here, 1.4 hours, or $665.00) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/17/2014 | $475.00 | 5 | $2,375.00 | final review and preparation for discovery oral argument (1.0); travel to and from court for attendance at argument on discovery dispute (.5); attend oral argument (.5), study courts' minute entry following hearing (.1); telephone conference with client to update (.2); begin preparation for Bill Wortham deposition by reviewing documents and beginning outline (2.4) | JDA objects to the inclusion of time entries (here, 2.3) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. |
| 06/17/2014 | $295.00 | 1 | $295.00 | Travel to and from the court and attend hearing on discovery and ESI issues (2 trips); | JDA objects to the inclusion of time entries (here, 2.3 hours, or $678.50) related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests. JDA further objects to the duplicative time entry of a second attorney who appears to have attended solely for observation/training purposes. |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 06/18/2014 | $475.00 | 7.2 | $3,420.00 | Telephone conference with client and Atty Patel to discuss topics for depositions of Wortham and Bandokalits (.6); continue review of documents in preparation for depositions (2.5), prepare deposition outlines (3.5), telephone conference with attorney for defendants regarding email production (.7) | |
| 06/18/2014 | $125.00 | 0.7 | $87.50 | Prepare subpoenas for appearance at deposition for Tom Dziersk, John Rector, Brad Bell, Tim Bell, Tom Mahoney, and Michael Bridge. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/18/2014 | $125.00 | 1.4 | $175.00 | Prepare and revise notices of deposition for Jennifer Jaeger, Michael Bridge, Tom Dziersk, Brad Bell, Tom Mahoney, John Rector, and Rule 30(b)(6) representative of JDA Software Inc. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 06/18/2014 | $295.00 | 2 | $590.00 | Review of authorities to determine whether a single interrogatory requiring individualized responses pertaining to a large number of multiple requests for admission is objectionable as compound, when the responses would individually exceed 25 interrogatories, | |
| 06/18/2014 | $295.00 | 0.5 | $147.50 | review and approve notices of depositions; | Charge adjusted. |
| 06/18/2014 | | -0.5 | -$147.50 | Adjustment - review and approve notices of depositions. | |
| 06/18/2014 | $295.00 | 0.5 | $147.50 | Telephone conference with opposing counsel re depositions and discovery in the light of the June 17 hearing; | |
| 06/18/2014 | $295.00 | 3.5 | $1,032.50 | Review file for potential exhibits for JDA depositions; | |
| 06/18/2014 | $295.00 | 0.5 | $147.50 | Telephone conference with client to discuss and prepare for upcoming depositions. | |
| 06/19/2014 | $475.00 | 8.7 | $4,132.50 | Final preparation for and attendance at video-conference deposition of Bill Wortham (6.5); conference with Atty Patel and preparation for deposition of Kevin Bendokalitis (2.0); Email communication to attorneys for defendant regarding possible time changes for Ball and Mahoney depositions (.2) | JDA objects to time entries related to the deposition of Kevin Bendokalitis (2.0 hours, or $950.00), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Mr. Bendokalitis was not called as a witness at trial, nor was his deposition transcript read into evidence, confirming his knowledge only related to ultimately-dismissed claims |
| 06/19/2014 | $125.00 | 1.1 | $137.50 | Revise notices of deposition and subpoenas for appearance of JDA witnesses. | Charge adjusted. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| | | | | Adjusted - Use the notices of deposition and subpoenas for appearance of JDA ... witnesses | |
| 05/19/2014 | $285.00 | 6 | $1,770.00 | Attended deposition of Bill Wortham; | JDA objects to the duplicative time entry of a second attorney who attended the deposition apparently only for observation/training purposes. |
| 05/20/2014 | $475.00 | 5.8 | $2,755.00 | continue review of exhibits, updating and finalizing outline for Bandokaitis deposition (3.5); Attend Bandokaitis deposition (1.8); conference with Atty Patel to discuss matters relating to topics and date for 30b6 deposition (.3); related follow up Email communications (.2) | JDA objects to time entries related to the deposition of Kevin Bendokaitis ($2,517.50), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Mr. Bendokaitis was not called as a witness at trial nor was his deposition transcript read into evidence, confirming his knowledge only related to dismissed claims. |
| 05/20/2014 | $125.00 | 0.5 | $100.00 | Revise notices of deposition and subpoenas for appearance of JDA Software Inc.'s witnesses. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead |
| 05/20/2014 | $295.00 | 1.8 | $531.00 | Attended deposition of Kevin Bendokaitis; | JDA objects to time entries related to the deposition of Kevin Bendokaitis ($531.00), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Mr. Bendokaitis was not called as a witness at trial, nor was his deposition transcript read into evidence, confirming his knowledge only related to dismissed claims. Furthermore, JDA objects to the duplicative time entry of a second attorney who attended the deposition for observation/training purposes. |
| 06/22/2014 | $295.00 | 0.5 | $147.50 | Review of authorities regarding spoliation claims in the 9th circuit in preparation for the IT 30(b)(6) for failing to impose a litigation hold; | Charge adjusted. |
| | | -0.5 | -147.50 | Adjustment - Review of authorities regarding spoliation claims in the 9th circuit in preparation for the IT 30(b)(6) for failing to impose a litigation hold | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/23/2014 | $125.00 | 0.4 | $50.00 | Revise additional notices of deposition and subpoenas for appearance of JDA Software Inc's witnesses. | Charge adjusted. |
| | | -0.4 | -$50.00 | Adjustment - Revise additional notices of deposition and subpoenas for appearance of JDA Software Inc's witnesses | |
| 06/23/2014 | $475.00 | 0.5 | $237.50 | conference with Atty Patel regarding scheduling of remaining depositions (.4); Email communications with attorney for defendant regarding deposition scheduling (.1) | JDA objects to the inclusion of internal conferences regarding case status and scheduling (here, 0.4 hours, or $190), which should be considered part of firm overhead. |
| 06/23/2014 | $295.00 | 0.2 | $59.00 | Preparation of email to counsel for JDA re: necessity of IT 30(b)(6) topics; | JDA objects to the inclusion of time entries related to Plaintiff's deposition of JDA's information technology representative, related to her eventually-abandoned claim of spoliation of evidence. Plaintiff did not file any related motions or introduce any evidence on this point at trial. |
| 06/23/2014 | $295.00 | 0.4 | $118.00 | Preparation of correspondence to counsel for JDA re-depositions notices, including Bridge, Rector and the 30(b)(6), | |
| 06/23/2014 | $295.00 | 1 | $295.00 | Review of file and potential Jennifer Jaeger deposition exhibits to determine whether her deposition is necessary. | Charge adjusted. |
| | | -1 | -$295.00 | Adjustment - Review of file and potential Jennifer Jaeger deposition exhibits to determine whether her deposition is necessary. | |
| 06/24/2014 | $475.00 | 4.4 | $2,090.00 | review all deposition exhibits marked to date and documents produced by defendant and EEOC in preparation for Brad Bell deposition (3.0); begin outline for Bell Deposition (.5); study letter from attorney for defendant regarding objections to 30b6 topics (.4); instructions to legal assistant to begin locating exhibits for 30b6 deposition and related follow up (.5) | JDA objects to the inclusion of internal communications with administrative assistants regarding clerical matters (here, 0.5 or $237.50). |
| 06/24/2014 | $125.00 | 0.4 | $50.00 | Revise notice of deposition and subpoena for appearance for JDA Software Inc witness Tim Mahoney. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/24/2014 | $295.00 | 0.5 | $147.50 | Extended telephone conference with Kim Isom re: additional topics to address in depositions of Dawn Ross, or Brad Bell (0.5); | JDA objects to time entries related to the deposition of Dawn Ross (duration unknown, due to block billing), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Ms. Ross was not called as a witness at trial, nor was her deposition transcript read into evidence, confirming her knowledge only related to ultimately-dismissed claims. |
| 06/24/2014 | $295.00 | 4.5 | $1,327.50 | Prepared for deposition of Dawn Ross (3.0); Preparation for Rule 30(b)(6) deposition of JDA's IT representative (1.5); | JDA objects to time entries related to the deposition of Dawn Ross (3.0 hours, or $885.00), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Ms. Ross was not called as a witness at trial, nor was her deposition transcript read into evidence, confirming her knowledge only related to dismissed claims. JDA further objects to time entries related to JDA's information technology processes and Plaintiff's ultimately-abandoned spoliation theory (1.5 hours, or $442.50), as those issues were never raised at trial or via pretrial motion. |
| 06/25/2014 | $125.00 | 0.7 | $87.50 | Prepare deposition exhibits for deposition of Brad Bell in Dallas on Friday. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/25/2014 | $475.00 | 5.5 | $2,612.50 | conferences with Atty Patel regarding 30b6 IT topics and depositions of Dawn Ross and Jennifer Jeager (.5); review notes from Bandokaitis and Wortham depositions in preparation for Brad Bell deposition (.5); conference with client to discuss issues related to Brad Bell and Tim Mahoney(.5); listen to audio recordings of conversations with Bell and Rector and incorporate relevant comments into Bell deposition outline (4.0) | JDA objects to time entries related to the deposition of Dawn Ross (0.5 hours, or $237.50), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Ms. Ross was not called as a witness at trial, nor was her deposition transcript read into evidence, confirming her knowledge only related to dismissed claims. JDA further objects to time entries related to the deposition of Jennifer Jaeger, which Plaintiff cancelled without explanation. JDA further objects to time entries related to JDA's information technology processes, as those issues were never raised at trial or via pretrial motion. |
| 06/25/2014 | $295.00 | 6.2 | $1,829.00 | Attended deposition of Dawn Ross (3.0); Office Conference with Kim Isom and attorney Bonnett (1.0); Attended deposition of Bill Owen, JDA' IT 30(b)(6) designee (2.2); | JDA objects to time entries related to the deposition of Dawn Ross (3.0 hours, or $885), who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Ms. Ross was not called as a witness at trial, nor was her deposition transcript read into evidence, confirming her knowledge only related to ultimately-dismissed claims. JDA further objects to time entries (2.2 hours, or $649) related to JDA's information technology processes and Plaintiff's ultimately-abandoned spoliation theory, as those issues were never raised at trial or via pretrial motion. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 06/26/2014 | $475.00 | 7 | $3,325.00 | complete identification and organization of exhibits for use in Brad Bell deposition (1.5); complete Bell deposition outline (1.0); travel from Phoenix to Dallas (2.5); review outline and deposition exhibits in preparation for deposition (2.0) | JDA objects to time entries related to counsel's travel time (2.5 hours, or $1187.50), as JDA agreed to videoconference depositions (including, for example, Bill Wortham's deposition), rendering out-of-state travel unnecessary. See Rows 375-376 for Plaintiff's counsel's adjustment to return travel on this basis. |
| 06/26/2014 | $295.00 | 1.2 | $354.00 | Review potential exhibits and prepare draft outline for the deposition of Kevin Bendokaitis; | JDA objects to time entries related to the deposition of Kevin Bendokaitis, who was disclosed as a witness with knowledge only as to Plaintiff's Title VII claim, on which JDA fully prevailed. Mr. Bendokaitis was not called as a witness at trial, nor was his deposition transcript read into evidence, confirming his knowledge only related to ultaimtely-dismissed claims. |
| 06/27/2014 | $475.00 | 9.4 | $4,465.00 | Final preparation for and attendance at deposition of Brad Bell (7.0); travel from Dallas to Phoenix (2.4) | Charge partially adjusted. |
| | | -2.4 | -$1,140.00 | Adjustment - travel from Dallas to Phoenix (2.4) | *Please note correction to original (Doc. 18-4-3 page 14) to reflect -2.4 hours (not -2.4) |
| 06/27/2014 | $295.00 | 1.7 | $501.50 | Prepared for telephone conference with JDA attorney Rosenfeld to discuss JDA's 30(b)(6) objections (0.3); Attended extended telephone conference with Larry Rosenfeld to discuss JDA's 30(b)(6) objections (0.9); Preparation of email to Attorney Bonnett to summarize outcome of conference (0.5) | |
| 06/28/2014 | $475.00 | 3.4 | $1,615.00 | review notes from deposition of Brad Bell (.4); document review and begin organizing deposition exhibits for second part of Rule 30b6 deposition and deposition of Tim Mahoney (3.0) | |
| 06/29/2014 | $475.00 | 4.5 | $2,137.50 | continue document review, organization of exhibits and preparation of outlines for second portion of Rule 30b6 and Baker depositions (4.5) | |
| 06/30/2014 | $475.00 | 6.6 | $3,135.00 | final preparation for and attendance at Rule 30b6 deposition (4.0), attendance at D. Baker deposition (.4); review documents and organize exhibits for use in Mahoney and Rector depositions (2.0), study Email communication from client regarding Mahoney (2) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 07/01/2014 | $475.00 | 7.5 | $3,562.50 | continue organizing documents for use in Tim Mahoney deposition (1.5); study email from client, revise and finalize Mahoney deposition outline (2.5); travel to Chicago for Mahoney deposition (3.5) | JDA objects to time entries related to counsel's travel time (3.5 hours, or $1,662.50), as JDA agreed to videoconference depositions (including, for example, Bill Wortham's deposition), rendering out-of-state travel unnecessary. See Rows 375-376 for adjustment to travel on this basis. |
| 07/01/2014 | $295.00 | 0.3 | $88.50 | Exchange of emails with opposing counsel regarding protective order and the production of ESI records; | As the Court did not enter a protective order in this matter, nor did Plaintiff seek to protect any information by a protective order, and indeed objected to treatment of certain trial exh bits as confidential on the eve of trial, JDA objects to entries regarding a potential protective order. Further, JDA objects to the inclusion of time entries related to Plaintiff's demand for extensive categories of electronically stored information in native format and its accompanying metadata, as the Court denied Plaintiff's demand therefor and sustained JDA's objections to the overbreadth and undue burden of such requests |
| 07/02/2014 | $135.00 | 0.3 | $40.50 | Prepare Second Amended Notice of Deposition and Amended Subpoena for John Rector; prepare correspondence to Attorney Robertson regarding same; file Second Amended Notice of Deposition with the Court and forward to the Court Reporter. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/02/2014 | $475.00 | 5.5 | $2,612.50 | Final preparation for and attendance at Mahoney deposition (5.5) | |
| 07/02/2014 | $295.00 | 5.3 | $1,563.50 | Preparation of Answers and Objections to Interrogatories, Requests for Production and RFA's. (4.2), Preparation of email correspondence to Kim Isom re: verification of responses (0.3); exchange of emails with opposing counsel re: agreeing to abide by terms of protective order, without adoption by the court (0.3), analyze Fox v. Primary Financial Services LLC, for later use in support of an Motion for Summary Judgment (0.5); | As the Court did not enter a protective order in this matter, nor did Plaintiff seek to protect any information by a protective order, and indeed objected to treatment of certain trial exh bits as confidential on the eve of trial, JDA objects to entries (here, 0.3, or $88.50) regarding a potential protective order. Charge partially adjusted. |

| Date | Rate | Hours | Amount | Description | Comment |
|---|---|---|---|---|---|
| 07/03/2014 | $125.00 | -0.5 | -$147.50 | Adjustment - analyze Fox v. Pinay Financial Services LLC for later use in support of an Motion for Summary Judgment (2.5). | * |
| 07/03/2014 | | 0.1 | $12.50 | Prepare for and conferences with Brenda Meissler at Sears Holding Corporation re response to subpoena. | Charge adjusted. |
| | | -0.1 | -$12.50 | Adjustment - Prepare for and conferences with Brenda Meisser at Sears Holding Corporation re response to subpoena. | |
| 07/03/2014 | $125.00 | 0.1 | $12.50 | Prepare correspondence to Restoration Hardware re overdue response to subpoena. | Charge adjusted. |
| | | -0.1 | -$12.50 | Adjustment - Prepare correspondence to Restoration Hardware re overdue response to subpoena. | |
| 07/03/2014 | $135.00 | 0.1 | $13.50 | Prepare Notice of Service for Plaintiff's Response to Defendant's Third Set of Request for Production of Documents, Third Set of Request for Admissions, and Third Set of Interrogatories; file same with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/03/2014 | $295.00 | 0 | $0.00 | Finalize Isom's Responses to Third Set of RFAs, Interrogatories and Requests for Production (0.5); | |
| 07/07/2014 | $125.00 | 0.1 | $12.50 | Prepare for and telephone call with Sears Holding Corporation re overdue response to subpoena. | Charge adjusted |
| | | -0.1 | -$12.50 | Adjustment - Prepare for and telephone call with Sears Holding Corporation re overdue response to subpoena. | |
| 07/07/2014 | $125.00 | 0.5 | $62.50 | Prepare correspondence to client Kim Isom and send with multiple JDA witness deposition transcripts and exhibits. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/07/2014 | $475.00 | 2.8 | $1,330.00 | reviewing documents and organizing exhibits for John Rector deposition (2.5); conference with Atty Patel on status of email production by defendant (3) | |
| 07/07/2014 | $135.00 | 1.2 | $162.00 | Prepare shell for Plaintiff's Responses to Defendant's First Set of Requests for Production and Interrogatories. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/07/2014 | $295.00 | 2.6 | $767.00 | Review draft transcript of Brad Bell Deposition in preparation for upcoming depositions (1.5). Receipt and review of ESI discovery produced by JDA (~100 pages) (0.8). Review and approve correspondence to Restoration Hardware, to follow up on our subpoena (0.1); | Charge partially adjusted. |

| Date | Rate | | Amount | Description | |
|---|---|---|---|---|---|
| | | -0.1 | -$25.50 | Adjustment - Review and approve correspondence to Restoration Hardware, to full discussion on subpoena (0.1). | |
| 07/08/2014 | $475.00 | 8.1 | $3,847.50 | continue review and organization of documents and exhibits for John Rector deposition (2.6); complete outline for use in Rector deposition (2.0); travel to Dallas for deposition (2.5); Final preparation for Rector deposition (1.0) | JDA objects to time entries related to counsel's travel time (2.5 hours, or $1,187.00), as JDA agreed to videoconference depositions (including, for example, Bill Wortham's deposition), rendering out of state travel unnecessary. See Rows 375-376 and 406 for adjustment to travel on this basis |
| 07/08/2014 | $295.00 | 3.1 | $914.50 | Review of supplemental ESI production by JDA (2.8); email correspondence with opposing counsel as to whether documents can be received prior to Dan's departure for Rector deposition in Dallas (0.3). | |
| 07/09/2014 | $125.00 | 0.1 | $12.50 | Conference with Brenda Meissler at Sears Holding Corporation re overdue response to subpoena. | Charge adjusted. |
| | | -0.1 | -$12.50 | Adjustment - Conference with Brenda Meissler at Sears Holding Corporation re overdue response to subpoena | |
| 07/09/2014 | $125.00 | 0.2 | $0.00 | Email additional deposition transcripts to client Kim Isom. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead Clerical |
| 07/09/2014 | $475.00 | 7.5 | $3,562.50 | Attend deposition of John Rector (5.0); Travel from DFW-PHX (2.5) | Charge partially adjusted. |
| | | -2.5 | -$1,187.50 | Adjustment - Travel from DFW-PHX (2.5) | |
| 07/10/2014 | $475.00 | 4.5 | $2,137.50 | review documents and organize exhibits for use in Tom Dziersk deposition (2.0); prepare outline for use in Dziersk deposition (2.5) | |
| 07/10/2014 | $125.00 | 0.5 | $62.50 | Analyze supplemental discovery responses and documents produced by JDA Software. | |
| 07/11/2014 | $125.00 | 1.8 | $225.00 | Analyze deposition exhibits and documents produced to location documents for responding to defendant's allegations that requests for admission 50-55 were not properly answered. | |
| 07/11/2014 | $475.00 | 4.1 | $1,947.50 | Final preparation for and attendance at deposition of Tom Dziersk (4.0); study Defendant's Sixth Supplemental Disclosure Statement (.1) | |

| Date | Rate | Hours | Amount | Description | Comment |
|---|---|---|---|---|---|
| 07/11/2014 | $295.00 | 1.1 | $324.50 | Telephone conference with Kim Isom re. her evaluation of Brad Bell's deposition (0.5); review discovery responses to determine if further supplementation is required before close of discovery period (0.4); Receipt and review of JDA's supplemental disclosure statement (0.2); | |
| 07/14/2014 | $475.00 | 0.3 | $142.50 | Email communications with attorneys for defendant regarding Michael Bridge deposition (.2), instructions to legal assistant regarding amended deposition notice (.1) | JDA objects to the inclusion of internal conferances with administrative staff regarding clerical matter (0.1 hours, or $47.50). |
| 07/14/2014 | $295.00 | 0.3 | $88.50 | Telephone conference with David Kolek with Restoration Hardware re: responding to our subpoena; | Charge adjusted. |
| | | -0.3 | -$88.50 | Adjustment - Telephone conference with David Kolek, with Restoration Hardware re: responding to our subpoena. | |
| 07/15/2014 | $125.00 | 0.2 | $25.00 | Prepare first amended notice of deposition and subpoena for appearance for JDA Software witness Michael Bridge | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/18/2014 | $125.00 | 0.2 | $25.00 | Prepare correspondence to plaintiff Kim Isom and send with additional deposition transcripts of JDA Software witnesses. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/18/2014 | $125.00 | 0.2 | $25.00 | Analyze documents produced by JDA Software. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/24/2014 | $135.00 | 0.2 | $27.00 | Bates label and redact documents to be produced; prepare Notice of Service of Discovery and file same with the Court | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/28/2014 | $125.00 | 0.2 | $25.00 | Prepare correspondence to client Kim Isom and send with additional deposition transcripts of JDA Software Inc witnesses. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 08/08/2014 | $475.00 | 0.2 | $95.00 | Email communications with attorney for Defendant regarding M. Bridge deposition (.2) | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 08/12/2014 | $295.00 | 4 | $1,180.00 | Review of documents produced by Restoration Hardware (1.0). Review of authorities for cases discussing an employer's obligation to engage in an interactive process or inform an employee of changes in compensation resulting from approved FMLA leave (3.0); | Charge adjusted. |
| | | -4 | -$1,180.00 | Adjustment - Review of documents produced by Restoration Hardware (1.0); Review of authorities for cases discussing an employer's obligation to engage in an interactive process or inform an employee of changes in compensation resulting from approved FMLA leave (3.0) | |
| 08/13/2014 | $135.00 | 0.6 | $81.00 | Prepare Plaintiff's Fifth Supplemental Disclosure Statement; scan and Bates label documents to be produced; prepare Notice of Service regarding same and file with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead |
| 08/19/2014 | $475.00 | 3.4 | $1,615.00 | continue preparation for M. Bridge deposition (3.0); telephone conference with client (.4) | |
| 08/20/2014 | $475.00 | 2.5 | $1,187.50 | final preparation for and attendance at deposition of M. Bridge (2.5) | |
| 08/25/2014 | $295.00 | 4 | $1,180.00 | Review of supplemental disclosure documents produced by JDA; | |
| 08/25/2014 | $475.00 | 1.4 | $665.00 | Begin reviewing supplemental discovery responses and document received from Defendant (1.4) | |
| 08/26/2014 | $295.00 | 4 | $1,180.00 | continue reviewing emails produced by JDA: | |
| 08/28/2014 | $475.00 | 0.2 | $95.00 | Email communication from attorney for defendant regarding request to exceed presumptive page limit and conference with Atty Patel regarding same (2) | |
| 08/29/2014 | $475.00 | 0.2 | $95.00 | Email communications with attorney for defendant regarding request to exceed page limit (2) | |
| 09/02/2014 | $475.00 | 4.2 | $1,995.00 | Email communications and follow up telephone conference with attorney for defendant regarding increase in page limitation for dispositive motions and response (.5); begin reviewing and outlining deposition transcripts of Brad Bell and Tim Mahoney preliminary to preparing controverting statement of facts (3.5); Conference with Atty Patel regarding same (.2) | Charge partially adjusted. |
| | | -3.6 | -$1,382.50 | Adjustment - begin reviewing and outlining deposition transcripts of Brad Bell and Tim Mahoney preliminary to preparing controverting statement of facts (3.5); | |

948

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 09/03/2014 | $125.00 | 0.2 | $25.00 | Prepare Notice of Readiness for Final Pretrial Conference. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. JDA further objects, as the notice was not filed due to the filing of JDA's motion for summary judgment, and thus was unnecessary. |
| 09/05/2014 | $475.00 | 1.4 | $665.00 | conference with Atty Patel regarding Defendant's motion for summary judgment (.2); begin reviewing statement of facts to identify any documents relied on by Defendant that were disclosed after discovery cutoff date (1.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 09/09/2014 | $475.00 | 0.5 | $237.50 | conference with paralegal to outline response and instructions for comparing documents relied on by Defendant in motion for summary judgment with belated disclosures (.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. JDA further respectfully requests that internal conferences and instructions to staff should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection/Response |
|---|---|---|---|---|---|
| 09/24/2014 | $475.00 | 3.5 | $1,662.50 | review and analysis of defendants separate statement of facts in support of motion for summary judgment and review discovery for controverting facts (3.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result, in the exercise of billing discretion. |
| 09/25/2014 | $475.00 | 1.2 | $570.00 | study and analysis of issues raised by Defendant's motion for summary judgment (1.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result, in the exercise of billing discretion. |

| Date | Rate | Hours | Amount | Description | |
|---|---|---|---|---|---|
| 10/01/2014 | $475.00 | 0.5 | $237.50 | telephone call to and Email communications with attorneys for defendant regarding request for extension of time to respond to motion for summary judgment (.2); conference with Atty Patel regarding preparation of joint motion and proposed order (.2); review and revise joint motion (.1) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result, in the exercise of billing discretion. |
| 10/02/2014 | $475.00 | 1.5 | $712.50 | continue analyzing and outlining issues for response in opposition to defendant's motion for summary judgment (1.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result, in the exercise of billing discretion. |

| Date | Rate | Amount | Hours | Description | Notes |
|---|---|---|---|---|---|
| 10/03/2014 | $295.00 | $1,239.00 | 4.2 | Review of Defendant's Statement of Facts to identify disputed facts and objections for Plaintiff's controverting statement of facts (2.2); Study JDA's 30(b)(6) deposition (1.5); review of authorities regarding propriety and effect of Defendants' "scope of 30(b)(6)" objections (0.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/03/2014 | $475.00 | $95.00 | 0.2 | conference with Atty Patel and Email communication to client regarding status on motion for summary judgment (2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result. In the exercise of billing discretion. |
| 10/06/2014 | $295.00 | $1,770.00 | 6 | Analyze depositions and begin outline for Plaintiff's Controverting and Supplemental statement of Facts | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

952

| Date | Rate | Hours | Amount | Description | Comments |
|---|---|---|---|---|---|
| 10/07/2014 | $475.00 | 6 | $2,850.00 | continue outline of issues for opposition to motion for summary judgment (1.5); additional legal research on FMLA, equal pay and pregnancy discrimination issues (2.5); begin drafting response memorandum (2.0) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result, in the exercise of billing discretion. |
| | | 3.5 | -$1,157.50 | Adjustment – continue outline of issues for opposition to motion for summary judgment (1.5), begin drafting response memorandum (2.0) | |
| 10/07/2014 | $295.00 | 7.2 | $2,124.00 | Analyze JDA's statement of facts (1.0); Begin reviewing deposition testimony for use in Plaintiffs' controverting statement of facts (6.2); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially |
| 10/08/2014 | $295.00 | 7.5 | $2,212.50 | Analyze Defendant's Statement of Facts (1.5); Begin outline of controverting facts (3.0); begin review of deposition testimony for facts cited (3.0) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially |

| Date | Rate | Hours | Amount | Description | Comment |
|---|---|---|---|---|---|
| 10/08/2014 | $475.00 | 5.5 | $2,612.50 | legal research on FMLA, Equal Pay and Pregnancy Discrimination issues (2.5); drafting opposition to Defendants' motion for summary judgment (3.0) | Charge adjusted. |
| | | -5.5 | -$2,612.50 | Adjustment - legal research on FMLA, Equal Pay and Pregnancy Discrimination issues (2.5); drafting opposition to Defendants' motion for summary judgment (3.0) | |
| 10/09/2014 | $475.00 | 1 | $475.00 | continue legal research on Equal Pay Act claim (1.0) | Charge adjusted. |
| | | -1 | -$475.00 | Adjustment - continue legal research on Equal Pay Act claim (1.0) | |
| 10/09/2014 | $295.00 | 8.4 | $2,478.00 | Prepare objections and responses to Defendant's Statement of facts; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially |
| 10/10/2014 | $475.00 | 6.5 | $3,087.50 | continue legal research on Equal Pay and drafting related section of opposition to motion for summary judgment (3.5); continue legal research on Pregnancy Discrimination section of opposition to motion for summary judgment (3.0) | Charge adjusted. |
| | | -6.5 | -$3,087.50 | Adjustment -continue legal research on Equal Pay, and drafting related section of opposition to motion for summary judgment (3.5) continue legal research on Pregnancy Discrimination section of opposition to motion for summary judgment (3.0) | |
| 10/10/2014 | $295.00 | 5.5 | $1,622.50 | Continue Preparation of objections and responses to DSOF (2.5); Preparation of controverting statements of fact (3.0) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 10/11/2014 | $295.00 | 6 | $1,770.00 | Continue preparation of Defendants' statement of facts; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/13/2014 | $475.00 | 3.5 | $1,662.50 | continue drafting opposition to motion for summary judgment (3.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result in the exercise of billing discretion. |
| 10/13/2014 | $295.00 | 9.5 | $2,802.50 | Continue drafting Plaintiff's Controverting Statement of Facts (8.5); Revise Response to Motion for summary judgment (0.5); Prepare proposed redactions to Deposition Exhibit 67 (0.2); email correspondence with opposing counsel regarding proposed redactions (0.3); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| 10/14/2014 | $475.00 | 12.9 | $6,127.50 | additional legal research on Equal Pay Act and FLSA related analysis (2.5) legal research on issues relating to Rule 30(b)(6) depositions objections (.7); continue drafting and revising opposition to motion for summary judgment and beginning inserting references to controverting statement of facts (8.5); multiple conferences with and instructions to Atty Patel regarding additions and corrections to controverting statement of facts (1.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA respectfully submits that initial drafts of the response to motion for summary judgment and statement of controverting facts should have been prepared by an associate, rather than senior counsel, and that fees should be reduced by at least 1/3 as a result. In the exercise of billing discretion. Further, JDA respectfully submits that extensive legal research (2.5 hours, or $1,187.00) should have been conducted by an associate at a lower billing rate, rather than senior counsel, warranting a discount at least as to that portion of the time entry, if not the entry in its entirety. |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 10/14/2014 | $295.00 | 20 | $5,900.00 | Continue drafting and prepare additional revisions to Plaintiff's Controverting Statement of Facts and Response in Opposition to Motion for Summary Judgment (19.5); Preparation of Motion to exceed page limit (0.3), correspondence with opposing counsel regarding the same (0.2) | Charge partially adjusted. With respect to the balance, as JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. JDA also respectfully requests that the time related to Plaintiff's courtesy request for additional pages beyond the presumptive page limit (0.5 hours, or $147.00) be excluded as non-substantive legal work brought about by Plaintiff's failure to adhere to the page limit. Furthermore JDA respectfully submits that even an adjusted 10 hours, or $2,950.00, related to further preparation of a statement of controverting facts, in excess of the hours already billed above for this work. |
| | | -10 | $2,950.00 | Adjustment - Compile the quality and prepare additional revisions to Plaintiff's Controverting Statement of Facts and Response in Opposition to Motion for Summary Judgment (9.5) | |

| Date | Rate | Hours | Amount | Description | |
|---|---|---|---|---|---|
| 10/14/2014 | $135.00 | 11 | $1,485.00 | File Plaintiff's Unopposed Motion to Exceed Page Limit Re Responses to Summary Judgment to Motion and proposed Order with Court; prepare Exhibit Index for Plaintiff's Responses to Defendant's Statement of Facts; prepare exhibits to be attached and scan same. | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. JDA further objects to the inclusion of entries related to clerical/administrative work, which should be included in firm overhead, particularly an 11-hour entry related to preparing an index and filing documents. Finally, JDA respectfully requests that time related to Plaintiff's courtesy request for additional pages beyond the presumptive page limit be excluded as non-substantive legal work brought about by Plaintiff's failure to adhere to the page limit |
| 10/15/2014 | $295.00 | 2 | $590.00 | Finalize and prepare for filing Plaintiff's Response in Opposition to JDA's Motion for Summary Judgment, | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/15/2014 | $475.00 | 2.5 | $1,187.50 | further Revise and finalize opposition to Defendant's motion for summary judgment (1.5); telephone conference with Atty Patel regarding same and motion for leave to file certain exhibits under seal (.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 10/15/2014 | $135.00 | 4.5 | $607.50 | Work on Plaintiff's Responses to Defendant's Statement of Facts and index; work on preparation of documents to be attached to same; file documents with the Court. | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA objects to the inclusion of time entries for administrative/clerical work, which should be included in firm overhead. Additionally, a 4.5 hour entry for preparing the document, in addition to 11 hours billed above in Row 461, is excessive. |
| 10/24/2014 | $295.00 | 0.5 | $147.50 | Review and analyze Court's order regarding Plaintiff's motion to seal; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/28/2014 | $295.00 | 0.8 | $236.00 | Telephone conference with JDA attorney Laura Robertson re: proposal for Joint Stipulation regarding Motion to Seal (0.3); Review prior correspondence regarding redaction of Dep. Exh 67, and preparation of redacted version of Dep. Exh. 67. (0.5); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| Date | | | | | |
|---|---|---|---|---|---|
| 10/28/2014 | $475.00 | 0.5 | $237.50 | review Email communications and follow up conferences with Atty Patel regarding open issues on document to be filed under seal, possible need for stipulation or joint motion and content of same(.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/29/2014 | $295.00 | 1.8 | $531.00 | Review authorities and Court's order and prepare draft Motion to Seal (1.5); prepared correspondence with opposing counsel regarding the same (0.3); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/30/2014 | $295.00 | 0.6 | $177.00 | Exchange of emails with Laura Robertson re: proposed redactions to Dep. Exh. 67, and JDA's request for an extension of page limitations regarding JDA's reply (0.2); Preparation of draft Addendum to Plaintiff's Controverting Statement of Facts (0.2); Review ECF policies regarding filing of supplemental documents to PSCOF (0.2); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. JDA further objects to the inclusion of time entries (here, 0.4 hours, or $118.00) related to the preparation of prohibited addeda to controverting statements of facts and review of related ECF filing rules. |

| Date | | | | | |
|---|---|---|---|---|---|
| 10/30/2014 | $475.00 | 0.3 | $142.50 | review and revise draft of proposed order and motion for defendant to exceed page limit, related Email communication to attorney for JDA (.3) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 10/31/2014 | $295.00 | 0.3 | $88.50 | Finalize Addendum to Plaintiff's statement of facts re: Dep. Exh. 67; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. JDA further objects to the inclusion of time entries related to the preparation of prohibited added a to controverting statements of facts |
| 11/13/2014 | $295.00 | 3 | $885.00 | Receipt and review of Reply in support of JDA's Motion for Summary Judgment and Responses to Plaintiff's Supplemental Statement of Facts (1.5); Review of authorities regarding whether a response to a supplemental statement of facts is permitted under the FRCP and Local Rules (1.5); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 11/20/2014 | $295.00 | 2.5 | $737.50 | Preparation of Motion to Strike JDA's Response to Plaintiff's Supplemental Statement of Facts and exhibits; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 11/20/2014 | $135.00 | 0.1 | $13.50 | File Motion to Strike Defendant's Response to Plaintiff's Supplemental Statement of Facts and attached Exhibits (Documents. 104 & 104-1) and proposed Order with the Court. | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Further, JDA objects to the inclusion of time entries for administrative/clerical work that should be included as part of firm overhead. |
| 11/20/2014 | $475.00 | 0.6 | $285.00 | conference with Attorney Ravi Patel regarding draft of response to defendant's motion to supplement record (.2); Revise and finalize same (.4) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| Date | | | | | |
|---|---|---|---|---|---|
| 12/15/2014 | $475.00 | 0.4 | $190.00 | conference with Attorney Ravi Patel to discuss reply memorandum on motion to strike (.4) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 02/02/2015 | $500.00 | 0.2 | $100.00 | study email from client and respond to same (.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 04/09/2015 | $500.00 | 1 | $500.00 | study and analyze recent USSCt decision in Young v UPS and Ninth Circuit decision in Nigro v. Sears to see if possible application and basis to cite as supplemental authority in opposition to pending MJS (.3); Email communication to Attorney Ravi Patel, Attorney Susan Martin and Attorney Jennifer Kroll regarding same (.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Indeed, as the Young v. UPS decision is only related to the Pregnancy Discrimination Act on which JDA fully prevailed, the entire entry should be stricken. |

| Date | Rate | Hours | Amount | Description | Adjustment |
|---|---|---|---|---|---|
| 04/20/2015 | $295.00 | 0.5 | $147.50 | Review recent authorities and pleadings re filing notice of supplemental authorities; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Indeed, as the supplemental authorities notice regarding the Young v. UPS decision was only related to the Pregnancy Discrimination Act on which JDA fully prevailed, the entire entry should be stricken. |
| 05/04/2015 | $500.00 | 1.3 | $650.00 | study decision in Young v. UPS (.5); review plaintiff's opposition to defendant's motion for summary judgment and plaintiff's controverting statement of facts (.5); draft notice of supplemental authority (.3) | Change partially adjusted. As to the balance, as JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Further, as the supplemental authority notice related only to the Young v. UPS decision and the Pregnancy Discrimination Act claim, on which JDA fully prevailed, the entire entry should be stricken. |
| | | -0.5 | -$250.00 | | Adjustment – study decision in Young v. UPS (.3): |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 05/07/2015 | $295.00 | 0.3 | $88.50 | Review Defendant's statement re: notice of supplemental authority; | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Further, as the supplemental authority notice related only to the Young v. UPS decision and the Pregnancy Discrimination Act claim, on which JDA fully prevailed, the entire entry should be stricken. |
| 05/12/2015 | $500.00 | 0.1 | $50.00 | study defendants response to citation to supplemental authority (.1) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Further, as the supplemental authority notice related only to the Young v. UPS decision and the Pregnancy Discrimination Act claim, on which JDA fully prevailed, the entire entry should be stricken. |
| 06/18/2015 | $500.00 | 1.9 | $950.00 | Email communications with client regarding oral argument on motion for summary judgment (.4); begin preparing for oral argument (1.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 06/22/2015 | $500.00 | 3.5 | $1,750.00 | continue review of all motion for summary judgment related pleadings in preparation for oral argument (3.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 06/23/2015 | $500.00 | 7.7 | $3,850.00 | continue review of all motion for summary judgment related filings and supporting exhibits (5.5); update legal research for current case law or change in law (1.0); continue drafting and revising outline for use at oral argument (1.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 06/24/2015 | $500.00 | 5 | $2,500.00 | continue reviewing outline and cases cited by all parties in final preparation for oral argument (2.5); Revise and finalize outline (1.0); travel to and from court and appearance at oral argument (1.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |
| 06/30/2015 | $500.00 | 1 | $500.00 | study court's order granting, in part, and denying, in part, defendants' motion for summary judgment (.6); conference with Attorney Ravi Patel regarding same (.2); Email communication to client regarding same (.2) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 07/02/2015 | $125.00 | 1.5 | $187.50 | Work on preparation of Plaintiff's document log and master deposition exhibit list with hyperlinks. | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA objects to time entries related to administrative/clerical duties, which should be part of firm overhead. |
| 07/06/2015 | $125.00 | 1.5 | $187.50 | Work on Plaintiff's Bates labeled document log and Defendant's Bates labeled document log. | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument should be discounted substantially. Furthermore, JDA objects to time entries related to administrative/clerical duties, which should be part of firm overhead. |
| 07/06/2015 | $500.00 | 0.1 | $50.00 | Email communication to attorneys for defendant re: possible settlement talks (.1) | |
| 07/07/2015 | $500.00 | 0.1 | | Email communication from attorney for defendant re: possible settlement talks (.1) | This entry appears to duplicate the time entry at Row 491 and should thus be excluded / Duplicative |
| 07/09/2015 | $125.00 | 1 | $125.00 | Prepare shell for Proposed Final Pretrial Order. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 07/10/2015 | $500.00 | 0.6 | $300.00 | review court's ruling on defendant's motion for summary judgment and conference with Attorney Susan Martin regarding issues that may require clarification and/or reconsideration (.6) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument, and Plaintiff's unsuccessful motion for reconsideration, should be discounted substantially. |
| 07/13/2015 | $500.00 | 3.5 | $1,750.00 | draft, review, revise and finalize Motion for Clarification and to Reconsider (3.5) | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument, and Plaintiff's unsuccessful motion for reconsideration. should be discounted substantially. |
| 07/13/2015 | $125.00 | 1 | $125.00 | Work on Defendant's Bates labeled documents log; file Plaintiff's Motion for Reconsideration and Clarification of Court's June 29, 2015 Order with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 07/13/2015 | $295.00 | 2 | $590.00 | Review draft Motion for Reconsideration (1.0); review authorities re application of Nasser decision to FMLA interference and retaliation claims (1.0); | As JDA prevailed with respect to the FMLA retaliation, Title VII discrimination, Title VII retaliation, federal Equal Pay Act, and state Equal Pay Act claims, with the Court only finding a fact issue as to the FMLA interference claim, JDA respectfully submits that time entries related to the summary judgment motion and argument, and Plaintiff's unsuccessful motion for reconsideration (here, 1.0 hours, or $295.00), should be discounted substantially. |

| Date | Rate | Hours | Amount | Description | Objection | Adjustment |
|---|---|---|---|---|---|---|
| 07/14/2015 | $125.00 | 2 | $250.00 | Work on Defendant's Bates labeled documents log. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. | |
| 07/20/2015 | $500.00 | 1.5 | $750.00 | begin reviewing file preliminary to drafting pretrial filings (1.5) | JDA respectfully submits that a generalized file review, without performing substantive legal work, requires discounting, particularly in light of the apparent preparation of the pretrial order by the associate on the case. See Row 503, for example. | |
| 07/29/2015 | $500.00 | 3.5 | $1,750.00 | continue reviewing entire file in preparation for drafting required pretrial filings and submissions (3.5) | JDA respectfully submits that a generalized file review, without performing substantive legal work, requires discounting, particularly in light of the apparent preparation of the pretrial order by the associate on the case See Row 503, for example. | |
| 08/11/2015 | $500.00 | 4.3 | $2,150.00 | reviewing deposition transcripts preliminary to designating portions for joint proposed final pretrial order (3.0); review deposition exhibits and begin identifying trial exhibits (1.3) | | |
| 08/11/2015 | $295.00 | 5 | $1,475.00 | review of pleadings, summary judgment filings and order, and order regarding pretrial submissions and begin preparing joint pretrial statement; | | |
| 08/12/2015 | $295.00 | 5 | $1,475.00 | begin drafting proposed stipulated facts for use in Jt Pretrial Order; | The stipulated facts section of the Joint Pretrial Order (Doc. 142) is less than one double-spaced, typed page, two pages if uncontested but not stipulated facts are included, rendering a 5.0 hour entry (or $1,475.00) excessive and subject to discounting in the exercise of billing discretion. | Adjusted via Row 511 |
| 08/14/2015 | $500.00 | 4 | $2,000.00 | continue review of all discovery and outlining issues, facts and law for use in pretrial filings (4.0) | | |
| 08/17/2015 | $500.00 | 2.2 | $1,100.00 | review deposition exhibits and document production to identify trial exhibits (2.2) | | |
| 08/18/2015 | $500.00 | 2.4 | $1,200.00 | conference with Attorney Ravi Patel about pretrial filings (.2), continue review of all discovery as part of pretrial preparations (2.2) | | |

| Date | Rate | Hours | Amount | Description | Objection | |
|---|---|---|---|---|---|---|
| 08/19/2015 | $500.00 | 1.5 | $750.00 | Begin reviewing, highlighting and designating deposition transcript of W. Wortham (1.5) | JDA objects to this time entry, as Mr. Wortham appeared in person to testify, thereby rendering deposition designations of his testimony unnecessary. | |
| 08/19/2015 | $500.00 | 0.2 | $100.00 | conference with Attorney Ravi Patel regarding contacting attorneys for defendant about draft pretrial order and exchange of exhibits (2) | JDA objects to the inclusion of internal conferences regarding case status, which should be considered part of firm overhead. | |
| 08/21/2015 | $500.00 | 2.4 | $1,200.00 | continue review of all discovery and identification of trial exhibits (2.4) | | |
| 08/24/2015 | $500.00 | 2.5 | $1,250.00 | continue review of all discovery to draft and review pretrial filings (2.5) | | |
| 08/24/2015 | $295.00 | 6 | $295.00 | continue drafting stipulated facts for joint pretrial order; | The stipulated facts section of the Joint Pretrial Order (Doc. 142) is less than one double-spaced, typed page, two pages if uncontested but not stipulated facts are included, rendering an additional 6.0 hour entry (or $1,770.00), in excess of the 5.0 hour entry in Row 503, excessive and subject to discounting in the exercise of billing discretion. | Excessive; duplicative of row 503. |
| 08/25/2015 | $295.00 | 5 | $1,475.00 | Review authorities re: 9th circuit caselaw re: jury instructions for FMLA claims (2.0); continue drafting Jt. Pretrial order; | | |
| 08/26/2015 | $500.00 | 3.8 | $1,900.00 | continue reviewing deposition exhibits and identification of trial exhibits (1.3); continue review and analysis of deposition testimony and highlighting relevant sections for deposition designations (2.5) | JDA objects to the 2.5 hours billed ($1,250.00) for highlighting deposition designations, as Plaintiff designated testimony from multiple witnesses who ultimately testified in person or were subject to the subpoena power, rendering deposition designations of their testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 08/26/2015 | $295.00 | 3 | $885.00 | Review authorities re: relevant issues of law, begin drafting issues of law. | Plaintiff's contribution to the contested issues of law in the joint pretrial order take up roughly 2 pages of the order (Doc. 142), and do not cite to any relevant case law or complex issues, rendering a 3.0 hours time entry ($885.00) excessive. |
| 08/27/2015 | $125.00 | 1.2 | $150.00 | Work on preparation of Plaintiff's trial exhibits. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 08/27/2015 | $500.00 | 2 | $1,000.00 | continue deposition designations (2.0) | JDA objects to the 2.0 hours billed for highlighting deposition designations, as Plaintiff designated testimony from multiple witnesses who ultimately testified in person or were subject to the subpoena power, rendering deposition designations of their testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 08/28/2015 | $500.00 | 2.7 | $1,350.00 | conference with Attorney Ravi Patel on status of joint proposed pretrial order (.2); Begin reviewing, highlighting and designating 30(b)(6) deposition of Defendant and of Brad Bell (2.2); update exhibit list (.3) | JDA objects to the 2.2 hours billed for highlighting deposition designations, as Plaintiff designated multiple witnesses, including Brad Bell and JDA's 30(b)(6) designee, both of whom testified in person and whom JDA confirmed prior to submission of the joint pretrial report would testify in person, rendering deposition designations of their testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 08/28/2015 | $295.00 | 4 | $1,180.00 | revise joint pretrial statement; | The lack of clarity as to what portion of the joint pretrial statement was "revised" makes it impossible to judge the reasonableness of this time entry, particularly if it relates to the fact or law sections for which Plaintiff already billed 14 hours (see above). Adjusted via Row 527 |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 08/29/2015 | $500.00 | 1 | $500.00 | continue highlighting and designating portions of deposition transcript of Bill Wortham (1.0) | JDA objects to this time entry, as Mr Wortham appeared in person to testify, thereby rendering deposition designations of his testimony unnecessary. |
| 08/30/2015 | $500.00 | 3.5 | $1,750.00 | Highlighting and designating portions of deposition transcript of D. Baker (individually and as 30(b)(6) designee) (3.5) | JDA objects to the 3.5 hours billed for highlighting deposition designations, as Plaintiff designated multiple witnesses, including Ms Baker/JDA's 30(b)(6) designee, who testified in person and whom JDA confirmed prior to submitting the joint pretrial report would testify in person, rendering deposition designations of her testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 08/31/2015 | $500.00 | 4 | $2,000.00 | highlighting and designating of Rule [30(b)(6)] and Brad Bell depositions(4 0) | JDA objects to the 4.0 hours billed for highlighting deposition designations, as Plaintiff designated multiple witnesses, including Mr. Bell and JDA's 30(b)(6) designee, who testified in person nd whom JDA confirmed prior to submitting the joint pretrial report would testify in person, rendering deposition designations of their testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 08/31/2015 | $295.00 | 2.5 | $737.50 | study model jury instructions; | Charge adjusted. |
| | $295.00 | -2.5 | -$737.50 | Adjustment - study model jury instructions; | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 08/31/2015 | $125.00 | 1.2 | $150.00 | Work on Plaintiff's deposition designations for the Baker and Baker Rule 30(b)(6) depositions. | JDA objects to the 1.2 hours billed for highlighting deposition designations, as Plaintiff designated multiple witnesses, including Ms. Baker/JDA's 30(b)(6) designee, who testified in person and whom JDA confirmed prior to submitting the joint pretrial report would testify in person, rendering deposition designations of their testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 09/01/2015 | $125.00 | 2.1 | $262.50 | Work on Plaintiff's deposition designations for Wortham and Rule 30(b)(6) depositions. | JDA objects to the 2.1 hours billed for highlighting deposition designations, as Plaintiff designated multiple witnesses, including Mr. Wortham and JDA's 30(b)(6) designee, who testified in person and whom JDA confirmed prior to submitting the joint pretrial report would testify in person, rendering deposition designations of their testimony unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 09/02/2015 | $500.00 | 7 | $3,500.00 | continue review, analysis, outlining and highlighting deposition designations for Bell, Mahoney & Rector (7.0) | JDA objects to the portion of the 7.0 hours (portion unclear due to block billing) attributed to highlighting Mr. Bell's deposition, as he testified in person and JDA confirmed prior to submitting the joint pretrial report that he would testify in person, rendering his deposition designations unnecessary, and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 09/02/2015 | $295.00 | 4 | $1,180.00 | Revise joint pretrial statement; | The lack of clarity as to what portion of the joint pretrial statement was "revised" makes it impossible to judge the reasonableness of this time entry, particularly if it relates to the fact or law sections for which Plaintiff already billed 14 hours (see above). |
| 09/03/2015 | $500.00 | 3 | $1,500.00 | continue review, designating and highlighting Rector and Bridge deposition transcripts (2.5); conference with Attorney Ravi Patel regarding pretrial filings, witness and exhibit lists and possible motion in limine (.5) | JDA objects to the portion of the 2.5 hours attributed to highlighting Mr. Bridge's deposition (amount unclear, due to block billing), as he is local, subject to the Court's subpoena power, and as Plaintiff did not ultimately read any portion of Mr. Bridge's testimony during trial, rendering the designation unnecessary. |
| 09/03/2015 | $125.00 | 0.9 | $112.50 | Work on Plaintiff's deposition designations (Bell). | JDA objects to the 0.9 hours attributed to highlighting Mr. Bell's deposition, as he testified in person and JDA confirmed that he would be testifying in person, rendering his deposition designations unnecessary. and as Plaintiff repeatedly re-designated portions of deposition testimony up to and even during trial. |
| 09/04/2015 | $500.00 | 4 | $2,000.00 | complete review and highlighting of deposition designations for Bridge and Dziersk (3.0); lengthy trial planning conference with Attorney Ravi Patel on exhibits and issues to include in draft of final pretrial order (1.0) | JDA objects to the 3.0 hours ($1,500) attributed to highlighting Messrs. Bridge and Dziersk's deposition transcripts, as Mr. Dziersk testified in person, rendering his deposition transcript unnecessary. and Mr. Bridge is local and subject to the Court's subpoena power, likewise rendering his deposition transcript unnecessary, and as Plaintiff did not ultimately read any portion of Mr. Bridge's testimony during trial, rendering the designation unnecessary. |
| 09/04/2015 | $125.00 | 1.8 | $225.00 | Work on Plaintiff's deposition designations (Mahoney and Rector). | |
| 09/13/2015 | $295.00 | 6 | $1,770.00 | review documents produced in discovery to identify potential trial exhibits; | |
| 09/14/2015 | $125.00 | 4 | $500.00 | Work on preparation of Plaintiff's potential list of trial exhibits and building of trial exhibits. | |

974

| Date | Rate | Hours | Amount | Description | Charge adjusted |
|---|---|---|---|---|---|
| 09/14/2015 | $295.00 | 12 | $3,540.00 | Review discovery documents to identify additional exhibits for inclusion in plaintiff's exh bit list; | Charge adjusted. |
| | | -12 | -$3,540.00 | Adjustment – Review discovery documents to identify additional exhibits for inclusion in plaintiff's exh bit list. | |
| 09/15/2015 | $125.00 | 3 | $375.00 | Work on preparation of Plaintiff's potential list of trial exhibits and building of trial exhibits. | JDA objects to the inclusion of administrative/clerical entries which should be considered part of firm overhead. |
| 09/15/2015 | $295.00 | 5 | $1,475.00 | Continue revising exhibit list and reviewing potential exhibits (4.0), Office conference with opposing counsel to de-duplicate exhibits (1.0); | |
| 09/16/2015 | $125.00 | 3 | $375.00 | Work on preparation of Plaintiff's list of trial exhibits and building of trial exhibits. | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. Furthermore, JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 09/16/2015 | $295.00 | 8 | $2,360.00 | Review exh bit list and revise to eliminate exhibits referring to prior FMLA requests and medical history; to identify additional duplicates with varying Bates Nos ; and to eliminate additonal duplicate exh bits and unnecessary exhibits (6.0); revise exhibit descriptions in exhibit list (0.5); review defendants proposed exhibits (1.5); | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting with opposing counsel to eliminate duplicates, yet Plaintiff's counsel spent at least 6.0 hours after that meeting continuing to eliminate duplicate and unnecessary exhibits, which is unreasonable and unnecessary. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |
| 09/17/2015 | $500.00 | 2.6 | $1,300.00 | conference with Attorney Ravi Patel to discuss exhibit list and items on joint final pretrial order (2.0); conference call with Attorney Ravi Patel and attorneys for defendants regarding same (.6) | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 09/17/2015 | $295.00 | 8.5 | $2,507.50 | Conference with atty Dan Bonnett re: trial exhibits (1.0); Revise trial exhibit list (3 0); Revise Draft Joint Pretrial Order (4.0); Telephone conference with atty Bonnett, opposing counsel Rosenfeld and Robertson (0.5); | JDA objects to the time spent revising the exhibit list and discussing the same (4.0 hours, or $1,180), as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |
| 09/18/2015 | $125.00 | 7 | $875.00 | Work on assembling and marking of Plaintiff's trial exhibits. | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. Further, JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 09/19/2015 | $500.00 | 0.6 | $300.00 | Email communications from attorney for defendant regarding exhibits and motions in limine (2); conference with Attorney Ravi Patel regarding same (.4) | |
| 09/19/2015 | $125.00 | 2 | $250.00 | Work on assembling and marking Plaintiff's trial exhibits | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |
| 09/20/2015 | $295.00 | 5 | $1,475.00 | Legal research and begin drafting motions in limine re prior FMLA, Short term disability, and medical history, and regarding trade secrets allegations; | JDA objects to these time entries, as JDA would have stipulated to these matters had Plaintiff met-and-conferred prior to filing motions in limine, as is reflected in JDA's responses thereto. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 09/21/2015 | $125.00 | 1.7 | $212.50 | Further work on Plaintiff's trial exhibits (1.6); file Plaintiff's Motions in Limine NOs. 1 and 2 with proposed Orders with the Court. | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. JDA further objects to the inclusion of administrative/clerical tasks that should be part of firm overhead. |
| 09/21/2015 | $295.00 | 6 | $1,770.00 | Continue drafting and revising Plaintiff's Motion In Limine (3.0); additional legal research in support of Plaintiff's Motion In Limine #1 (1.0); revise Plaintiff's Motion In Limine #2 (1.5); prepare proposed Orders regarding Motions In Limine #1 and #2 (0.5); | JDA objects to this time entry, as JDA would have stipulated to these matters had Plaintiff met-and-conferred prior to filing motions in limine, as is reflected in JDA's responses thereto |
| 09/23/2015 | $295.00 | 4.2 | $1,239.00 | Review correspondence from opposing counsel re: exhibits (0.2); review exhibits in light of proposed objections and other issues presented (4.0) | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |
| 09/25/2015 | $500.00 | 2.5 | $1,250.00 | conference with Attorney Ravi Patel to discuss trial exhibits and defendant's objections (1.5); review and suggest further revisions to draft of proposed final pretrial statement (1.0) | JDA objects to the 1.5 hours billed ($750) related to further revisions to Plaintiff's trial exhibit list, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |
| 09/25/2015 | $295.00 | 7 | $2,065.00 | Office conference with Dan Bonnett to review exhibits and JDA's potential objections (1.5); Review and revise exh bit list and objections (3.0); continue preparation of draft jury instructions and verdict form (2.0); Preparation of email to opposing counsel re exh bit list revisions and pretrial submissions (0.5); | JDA objects to 3.5 hours of this time entry ($1,032.50) related to revising the exh bit list and e-mailing defense counsel regarding the same, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 09/27/2015 | $295.00 | 6 | $1,770.00 | Revise proposed Jury Instructions (4.0); review audio recordings to identify which may be used at trial (2.0); | |
| 09/28/2015 | $500.00 | 2.3 | $1,150.00 | review and revise drafts of jury instructions (1.3); research Eighth and Sixth Circuits model jury instructions for FMLA instructions (.7); conference with Attorney Ravi Patel regarding same (.3) | |
| 09/28/2015 | $295.00 | 8 | $2,360.00 | Continue drafting and revising Jury Instructions, Verdict Form, Joint Statement of case (7.5); Conference with atty Bonnett re: jury instructions and recorded conversation exhibits (0.3), preparation of email to opposing counsel re: jury instructions (0.2); | |
| 09/29/2015 | $295.00 | 3.2 | $944.00 | draft proposed voir dire questions; | |
| 09/29/2015 | $500.00 | 0.5 | $250.00 | review and revise draft of proposed voir dire questions (.5) | |
| 09/30/2015 | $295.00 | 0.5 | $147.50 | revise voir dire questions; | |
| 09/30/2015 | $500.00 | 0.8 | $400.00 | conference with Attorney Ravi Patel regarding revisions to proposed final pretrial order, jury instructions and voir dire (.8) | |
| 10/01/2015 | $125.00 | 2 | $250.00 | Work on preparation of Plaintiff's trial exhibits to be used at trial. | JDA objects to this time entry, as the complete list of trial exhibits was to be completed prior to the meeting to eliminate duplicates. JDA should not be responsible for Plaintiff's failure to timely complete pretrial obligations or to follow the pretrial order. JDA further objects to the inclusion of administrative/clerical tasks, which should be part of firm overhead |
| 10/02/2015 | $500.00 | 1.4 | $700.00 | brief research on issue of whether jury or court decides good faith defense in FMLA action (.4);review and revise draft of select jury instructions and statement of the case (.5); conferences with Attorney Ravi Patel regarding jury instruction, voir dire and statement of the case (.5) | |
| 10/02/2015 | $295.00 | 9.5 | $2,802.50 | Review redline draft jury instructions and joint master list of witnesses from opposing counsel (0.5); Revise draft jury instructions (4.0); Review changes from opposing counsel to voir dire and revise draft jury voir dire (3.0); Prepare objections to Defendants' exh bits (2.0); | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 10/04/2015 | $500.00 | 1.7 | $850.00 | further review and revise draft of statement of case and objections to instructions (1.2); conference with Attorney Ravi Patel regarding content of trial brief (.5) | |
| 10/04/2015 | $295.00 | 4 | $1,180.00 | Begin preparing trial briefs; | |
| 10/05/2015 | $500.00 | 4.4 | $2,200.00 | review and revise draft of trial brief (.9); multiple conferences with Attorney Ravi Patel to discuss and finalize joint proposed final pretrial order and all related final pretrial filings (3.5) | |
| 10/05/2015 | $125.00 | 0.7 | $87.50 | File Proposed Joint Statement of Case, Joint Master List of Witnesses, Proposed Joint Set of Voir Dire Questions, Joint Proposed Jury Instructions, Plaintiff's Proposed Verdict Form, Proposed Final Pretrial Order, and Plaintiff's Trial Brief with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 10/05/2015 | $295.00 | 8 | $2,360.00 | Continue revising and proposed Joint Pretrial order and related submissions, and exchanging with opposing counsel (6.0); continue preparing and revising trial briefs Trial Briefs (4.0); | Charge partially adjusted. |
| | | 2 | -$590.00 | Continue revising and proposed Joint Pretrial order and related submissions, and exchanging with opposing counsel (4.0); | |
| 10/06/2015 | $500.00 | 0.7 | $350.00 | study defendants motions in limine and conference with Attorney Ravi Patel to formulate responses (.7) | |
| 10/07/2015 | $500.00 | 0.2 | $100.00 | conference with Attorney Ravi Patel and legal assistant of issues relating to copying and delivery of trial exhibits to court (.2) | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 10/09/2015 | $295.00 | 0.9 | $265.50 | Exchange of emails with opposing counsel re: exhibit exchange (0.2); review defendant's exhibits (0.5); conference with legal assistant re: production of marked exhibits (0.2); | JDA objects to the inclusion of administrative/clerical entries (0.2 hours, or $59.00), which should be considered part of firm overhead. JDA further objects to inclusion of time entries (here, 0.2 hours, or $59.00) for e-mails regarding the exchange of trial exhibits, which was to occur, according to the Order Setting Final Pretrial Conference, on the day of the in-person meeting with opposing counsel but for which Plaintiff was not prepared. |
| 10/18/2015 | $295.00 | 3.5 | $1,032.50 | Review defendants motions in limine and supporting authorities (2.0) Begin outlining responses to Motions in limine (1.5); | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 10/20/2015 | $295.00 | 6.8 | $2,006.00 | Continue drafting responses to motions in limine. | |
| 10/20/2015 | $295.00 | 0.5 | $147.50 | Telephone conference with plaintiff re preparation for trial (0.4); exchange of emails with plaintiff (0.1) | |
| 10/21/2015 | $125.00 | 1.1 | $137.50 | Reviewing Def's Motions in Limine and our Draft Responses | JDA objects to this entry by a non-lawyer reviewing motions in limine without apparently providing substantive feedback |
| 10/21/2015 | $125.00 | 0.5 | $62.50 | File Plaintiff's Response in Opposition to Defendant's Motions in Limine Nos. 1, 2, 3, and 4 with the Court | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 10/21/2015 | $295.00 | 9 | $2,655.00 | Revise responses to Defendant's Motions in Limine (8.0). Finalize and file motions (1.0). | Charge partially adjusted. Balance of charge should be substantially discounted in light of total time responding to four very brief motions in limine with narrow page limitations; charges excessive in light of entries in rows 570, 571, and 573. Further, Plaintiff did not file motions on this date, rendering the 1.0 entry (or $295.00) for finalizing and filing motions an error |
| | | 4.5 | -$1,327.50 | Adjustment – Revise responses to Defendant's Motions in Limine (3.5). Changed 8.7 to 3.5 | |
| 11/10/2015 | $500.00 | 3.4 | $1,700.00 | lengthy telephone conference with client and Attorney Ravi Patel regarding settlement authority and prospects (.5); telephone conference with attorney for defendant regarding same (.2); review all motions in limine and responses together with cited authority in preparation for final pretrial conference (2.2) begin drafting outline for use in oral argument (.5) | JDA notes that the same telephone conference is listed as lasting 0.3 hours in Row 578, immediately below, warranting a deduction of 0.2 hours, or $100. |
| 11/10/2015 | $295.00 | 0.3 | $88.50 | Telephone conference with atty Bonnett and client to discuss pretrial hearing and settlement prospects: | |
| 11/11/2015 | $500.00 | 6.4 | $3,200.00 | review proposed final pretrial order, exhibit lists, voir dire and jury instructions in preparation for final pretrial conference (2.8); follow up legal research on jury instructions and motions in limine (2.5); continue drafting and revising outline for use at final pretrial conference (1.0), telephone conference with attorney for defendant regarding settlement prospects and pretrial matters (.1) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 11/11/2015 | $295.00 | 1 | $295.00 | Review additional authorities regarding authenticity of documents produced by opposing parties; | JDA objects to generalized research unrelated to the specific subject matter of the lawsuit. Authentication of exhibits is presumed to be a generalized trial skill not requiring additional research. |
| 11/12/2015 | $500.00 | 2.5 | $1,250.00 | final preparation for and attendance at Final Pretrial Conference (2.0); debriefing session with client (.5) | |
| 11/12/2015 | $125.00 | 0.1 | $12.50 | Prepare and file Request for Transcript form with the Court. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 11/12/2015 | $295.00 | 0.8 | $236.00 | Attend final pretrial conference; | JDA objects to charges related to a second attorney's attendance at the final pretrial hearing, apparently only for observation/training purposes. |
| 12/22/2015 | $500.00 | 3.5 | $1,750.00 | Meeting with trial consultant and Attorney Ravi Patel to discuss trial issues and strategy (2.0); begin outlining issues and points for opening statement and direct examination of plaintiff (1.5) | |
| 12/22/2015 | $295.00 | 3.5 | $1,032.50 | Office conference with trial consultant Andy Klein and atty Dan Bonnett; | JDA objects to charges related to a second attorney's attendance at this meeting apparently only for observation/training purposes. |
| 01/10/2016 | $525.00 | 0.1 | $52.50 | draft letter to attorney for defendants regarding service of trial subpoenas on defendants' witnesses (.1) | |
| 01/11/2016 | $525.00 | 0.1 | $52.50 | Revise and finalize letter to attorney for defendants regarding service of trial subpoenas on defendants' witnesses (.1) | |
| 01/11/2016 | $125.00 | 1.2 | $150.00 | Prepare shell for trial subpoenas and letter to witnesses regarding same (.1); mark Defendant's deposition counter-designations for D. Baker, D. Baker 30(b0(6), B. Bell, and M. Bridges (1.1). | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 01/12/2016 | $525.00 | 1 | $525.00 | telephone conference with trial consultant (.3); Email communication from client (.1); study plaintiff's deposition transcript (1.0) | |
| 01/12/2016 | $125.00 | 1.6 | $200.00 | Mark Defendant's deposition counter-designations for T. Dziersk, T. Mahoney, J. Rector, and B. Wortham. | |
| 01/17/2016 | $525.00 | 3 | $1,575.00 | study plaintiff's transcript and portion of trial exhibits in preparation for meeting with client (3.0) | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 01/18/2016 | $525.00 | 4.5 | $2,362.50 | Meeting with Attorney Ravi Patel, trial consultant and client to begin trial preparation (3.5); begin study of deposition of Tim Mahoney (1.0) | |
| 01/18/2016 | $295.00 | 4 | $1,180.00 | Attend trial prep meeting with Plaintiff Kim Isom, attorney Dan Bonnett and consultant Andy Klein; | According to Row 592, this meeting lasted only 3.5 hours, not 4.0 hours, suggesting at least a 0.5 hour (or $147.50) reduction is appropriate. Moreover, JDA objects to charges related to a second attorney's attendance at this meeting apparently only for observation/training purposes. |
| 01/19/2016 | $525.00 | 3.5 | $1,837.50 | continue study, analysis and annotation of plaintiff's and defendant's trial exh bits (3.5) | |
| 01/21/2016 | $525.00 | 3 | $1,575.00 | telephone conference with attorney for defendant regarding subpoenas, deposition designations and other pretrial matters (.4); Email communications with trial consultant (.1); organizing and annotating select trial exhibits for use in trial prep session with plaintiff (2.5) | |
| 01/25/2016 | $525.00 | 2.5 | $1,312.50 | continue review and analysis deposition transcripts of Plaintiff and Tom Dziersk (2.5) | |
| 01/26/2016 | $525.00 | 7.4 | $3,885.00 | review and further organize trial exhibits for trial prep session (2.2); communications with client (.4); lengthy meeting with Attorney Ravi Patel and trial consultant to strategize (2.8); continue review of deposition transcripts of Brad Bell and Tim Mahoney (2.0) | According to Row 599, the meeting with the trial consultant lasted only 2.0 hours, not 2.8 hours, suggesting at least a 0.8 hour reduction (or $420) is appropriate. |
| 01/28/2016 | $125.00 | 0.8 | $100.00 | Work on preparation of witness trial notebook for Isom. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 01/26/2016 | $295.00 | 2 | $590.00 | Attend conference with Dan Bonnett and Andy Klein to discuss trial strategy; | JDA objects to charges related to a second attorney's attendance at this meeting apparently only for observation/training purposes. |
| 01/28/2016 | $525.00 | 4.5 | $2,362.50 | continue analysis and annotation of defendants' trial exhibits (4.5) | |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 01/29/2016 | $525.00 | 2.8 | $1,470.00 | continue reviewing and annotating trial exhibits in preparation with trial prep meeting with client (2.0); Prepare outline for use in meeting with client (.4); Email communication to attorney for defendant (.1); review draft proposed jury instructions in preparation for meeting with client (.3) | |
| 02/01/2016 | $525.00 | 6.6 | $3,465.00 | continue review of trial exhibits and deposition transcripts preliminary to trial prep sessions with client and trial team (3.6); Prep session with client and trial team (3.0) | According to Row 603, the meeting with the Plaintiff and trial team lasted only 1.0 hour, not 3.0 hours, suggesting at least a 2-hour reduction (or $1,050) is appropriate |
| 02/01/2016 | $295.00 | 1 | $295.00 | attend trial prep session with client and atty Dan Bonnett; | JDA objects to charges related to a second attorney's attendance at this meeting apparently only for observation/training purposes. |
| 02/03/2016 | $525.00 | 2 | $1,050.00 | continue review and analysis of deposition transcripts of Mahoney and Rector (2.0) | |
| 02/04/2016 | $525.00 | 4.3 | $2,257.50 | prepare of meeting with trial team (1.1); meeting with Attorney Ravi Patel and client for trial preparation (3.0); telephone conference with attorney for defendant regarding trial procedural issue and explore settlement prospect (.2) | According to Row 606, the meeting with Plaintiff lasted only 1.0 hour, not 3.0 hours, suggesting at least a 2-hour reduction (or $1,050) is appropriate. |
| 02/04/2016 | $295.00 | 2.3 | $678.50 | Begin preparation of timeline of relevant events and corresponding exhibits (1.3); Attend trial prep session with client and atty Dan Bonnett (1.0); | JDA objects to charges related to a second attorney's attendance at the trial prep meeting apparently only for observation/training purposes. |
| 02/05/2016 | $295.00 | 3.2 | $944.00 | continue reviewing exhibit to prepare timeline of relevant events; | According to Rows 134, 139, and 145, Plaintiff already prepared a timeline of relevant events, rendering this entry duplicative and thus excessive |
| 02/05/2016 | $525.00 | 0.6 | $315.00 | telephone call to attorney for defendant (.1); outlining order of trial and witnesses (.5) | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 02/08/2016 | $525.00 | 4.3 | $2,257.50 | telephone conferences with attorney for defendant regarding deposition designations (.2); conference call to court regarding same (.3); review deposition transcript of John Rector for possible de-designations (1.7); Email communication to attorney for defendant regarding same (.1); continue reviewing defendant's trial exh bits and outlining topics for next trial prep session with plaintiff (2.0) | JDA objects to charges related to Plaintiff's "de-designation" of portions of witness depositions (here, 1.8 hours, or $945), as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |
| 02/09/2016 | $295.00 | 3 | $885.00 | Continue analyzing trial exhibits for use at trial in and timeline; | According to Rows 134, 139, and 145, Plaintiff already prepared a timeline of relevant events, rendering this entry duplicative and thus excessive. |
| 02/10/2016 | $525.00 | 2.4 | $1,260.00 | lengthy telephone conference with attorney for defendant regarding settlement prospects, acceptance of service or Baker, Bell and Dzierski subpoenas and presentation of deposition testimony at trial (.5); telephone conference with Attorney Ravi Patel and client to update (.2); draft letter to attorney for defendant outlining historical and current settlement position (.8); drafting outline of key points and related memorandum for review with client (.9) | |
| 02/10/2016 | $295.00 | 7.5 | $2,212.50 | Continue reviewing trial exhibits and preparing draft timeline of events and relevant exhibits' | According to Rows 134, 139, and 145, Plaintiff already prepared a timeline of relevant events, rendering this entry duplicative and thus excessive. |
| 02/11/2016 | $525.00 | 9.3 | $4,882.50 | review, analyze and annotate deposition transcript of B. Wortham and cross-reference trial exh bits (5.8); prepare list of proposed de-designated portions of Wortham deposition (.5); Begin drafting outline for use in examination of Brad Bell (3.0) | JDA objects to charges related to Plaintiff's "de-designation" of portions of witness depositions (here, 0.5 hours, or $262.50), as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 02/11/2016 | $125.00 | 0.8 | $100.00 | Work on further preparations for trial; prepare witness notebooks for D. Baker, B. Bell, T. Dziersk, and B. Wortham. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 02/11/2016 | $295.00 | 8.8 | $2,596.00 | Continue to analyze trial exhibits and prepare timeline of relevant events and corresponding exhibits; | According to Rows 134, 139, and 145, Plaintiff already prepared a timeline of relevant events, rendering this entry duplicative and thus excessive |
| 02/12/2016 | $295.00 | 7 | $2,065.00 | continue analyzing exhibits and preparing timeline of events and relevant exhibits; | According to Rows 134, 139, and 145, Plaintiff already prepared a timeline of relevant events, rendering this entry duplicative and thus excessive. |
| 02/13/2016 | $525.00 | 5 | $2,625.00 | trial strategy and prep session with client and Attorney Ravi Patel (5.0) | According to Row 618, this meeting lasted 4.0 hours, not 5.0 hours, suggesting that a 1.0 hour reduction ($525.00) is appropriate. |
| 02/13/2016 | $295.00 | 4 | $1,180.00 | Attend trial prep session with Kim Isom and atty Dan Bonnett | JDA objects to charges related to a second attorney's attendance at the trial prep meeting apparently only for observation/training purposes. |
| 02/15/2016 | $525.00 | 5.8 | $3,045.00 | continue study and annotating deposition transcript of Brad Bell and cross referencing trial exhibits; (2.0); trial strategy and preparation session with client and Attorney Ravi Patel (3.8) | |
| 02/15/2016 | $295.00 | 5 | $1,475.00 | trial Prep with client and atty Bonnett | According to Row 619, this meeting lasted only 3.8 hours, not 5.0 hours, suggesting that a reduction of 1.2 hours (or $354) is appropriate. Furthermore, JDA objects to charges related to a second attorney's attendance at the trial prep meeting apparently only for observation/training purposes. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 02/16/2016 | $295.00 | 3 | $885.00 | Review of proposed de-designations and redesignations by defendants of designated testimony for John Rector and Tim Mahoney, and compare with plaintiff's proposals; | JDA objects to charges necessitated by Plaintiff's "de-designation" of portions of witness depositions, as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |
| 02/16/2016 | $525.00 | 6.5 | $3,412.50 | further review of deposition testimony or Brad Bell, Bill Wortham and Tim Mahoney for inconsistencies and contradictions (1.5); drafting summary of comparative testimony and cross-reference related trial exhibits (2.5); prepare preliminary draft of witness outline for plaintiff's direct and anticipated cross-examination (2.5) | |
| 02/17/2016 | $295.00 | 3.8 | $1,121.00 | Continue review of proposed modifications to deposition designations for Mahoney and Rector deposition; | JDA objects to charges necessitated by Plaintiff's "de-designation" of portions of witness depositions, as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |
| 02/17/2016 | $525.00 | 6.1 | $3,202.50 | continue drafting witness outlines for Bell, Wortham and Dzierski and annotate with relevant exhibits and deposition testimony (4.7); revise and update timeline of relevant events to track anticipated cross-examination of witnesses (1.0); telephone conferences and Email communication with client (.4) | |
| 02/18/2016 | $525.00 | 3.7 | $1,942.50 | meeting with client for trial and strategy prep session (3.5); Email communication to attorney for defendants (.2) | |

| Date | Rate | Hours | Amount | Description | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. Indeed, as Defendant prepared the witness notebook for the Court and the person playing the role of C. Hornak, rendering the time entry unnecessary in its entirety. |
|---|---|---|---|---|---|
| 02/18/2016 | $125.00 | 0.2 | $25.00 | Prepare witness notebook for C. Hornak for use at trial. | |
| 02/19/2016 | $525.00 | 3 | $1,575.00 | drafting and revising outline for use in direct examination of plaintiff (1.0); review and revise timeline and cross-referencing trial exhibits (2.0) | |
| 02/20/2016 | $525.00 | 5 | $2,625.00 | Conference with Attorney Ravi Patel and client for strategy and trial prep (4.0); Begin organizing notes for opening statement outline (1.0) | |
| 02/20/2016 | $295.00 | 5 | $1,475.00 | Attend trial prep session with client; | |
| 02/21/2016 | $525.00 | 4.2 | $2,205.00 | drafting and revising outline for opening statement (1.7); study 30(b)(6) deposition transcript and begin preparing witness outlines for Debbie Baker and Tom Dzielsk (2.5) | |
| 02/22/2016 | $525.00 | 9.2 | $4,830.00 | continue drafting, updating and revising outline for use in direct and cross-examination of Brad Bell (5.0); complete initial draft of opening statement (1.4); meeting with trial team to discuss and revise strategy (2.0); review exhibits defendants marked "confidential" and prepare related summary (.8) | |
| 02/22/2016 | $295.00 | 12.6 | $3,717.00 | Continue revisions to opening statement powerpoint (7.6); Cross reference exhibits for Isom witness outline (5.0); | Charges partially adjusted. |
| | | -0 | -$2,952.00 | Continue rev slides to opening statement powerpoint (1.6); Cross reference exhibits for Isom witness outline (-.0); | |
| 02/23/2016 | $525.00 | 7.5 | $3,937.50 | complete and update witness outlines for Brad Bell and Debbie Baker (4.0); begin outline for Bill Wortham cross-examination (2.5); telephone conference with attorney for defendant regarding trial protocols (.2); communications with trial team, revise and finalize opening statement Powerpoint slides (.8) | |
| 02/23/2016 | $295.00 | 5 | $1,475.00 | Attend deposition of William Tela; | Charges adjusted |
| | | -5 | -$1,475.00 | adjustment - billed to wrong file number | |
| 02/23/2016 | $295.00 | 4.5 | $1,327.50 | Revise opening statement powerpoint (4.0); Review list of exhibits marked confidential (0.5) | Charges partially adjusted. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 02/24/2016 | $525.00 | -5 | -$525.00 | Adjustment - Revise opening statement powerpoint (1.0), Changed 4.0 to 1.3 | |
| 02/24/2016 | $525.00 | 8.3 | $4,357.50 | telephone conference with attorney for defendant regarding exhibits and powerpoint slides (.3); continue reviewing deposition transcript and drafting and revising outline with cross-reference to trial exhibits to use in cross-examination of B. Wortham (4.5); reviewing deposition transcript and drafting and revising outline with cross-reference to trial exhibits to use in direct and cross-examination of T. Dziersk (3.5) | |
| 02/24/2016 | $295.00 | 3.1 | $914.50 | Review proposed changes to Rector Deposition designations (1.8); Telephone conference with defendant's counsel Laura Robertson to discuss changes to designations (0.3); Review and revise draft witness outlines for witnesses Bell and Baker (0.8); revise opening statement powerpoint and forward to opposing counsel(0.2); | JDA objects to charges necessitated by Plaintiff's "de-designation" of portions of witness depositions (here, 2.1 hours, or $619.50), as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |
| 02/24/2016 | $295.00 | 0.3 | $88.50 | Telephone conference with Laura Robertson re' deposition designations, | JDA objects to charges necessitated by Plaintiff's "de-designation" of portions of witness depositions, as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |
| 02/25/2016 | $525.00 | 10.3 | $5,407.50 | reviewing trial exhibits and further annotating for use in direct and cross examination of witnesses (5.5); continue drafting and revising opening statement outline (2.0); revise and update Baker witness outline (.8); continue drafting and revising Dziersk witness outline and annotate with related trial exh bits (2.0) | |
| 02/25/2016 | $125.00 | 1.5 | $187.50 | Update witness notebooks in preparation for trial; prepare trial notebook for D. Bennett's use at trial; prepare draft of Plaintiff's witness schedule for the Court; prepare labels and seal 26 trial exhibits. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objections |
|---|---|---|---|---|---|
| 02/25/2016 | $295.00 | 9 | $2,655.00 | Revise witness outlines and deposition testimony and cross reference exhibits for Bell outline (4.0); Review and revise defendants' proposed joint motion for protective order (0.5); continue revising redesignated deposition testimony (2.0); continue trial preparations (2.5) | Charges partially adjusted. As to the remainder JDA objects to charges necessitated by Plaintiff's "de-designation" of portions of witness depositions (here, 2.0 hours or $590), as complete and final selections were due at the time the pretrial order was submitted. JDA should not be penalized for Plaintiff's overinclusion of testimony early in the case and duplicate time entries for more careful analysis shortly before trial was to begin. |
| | | 5.5 | -$1,622.50 | Revise witness outlines and deposition testimony and cross reference exhibits for Bell outline (1.5)... continue trial preparations (2.5). | |
| 02/26/2016 | $525.00 | 7.5 | $3,937.50 | Continue trial strategy prep sessions with Attorney Ravi Patel including flagging key trial exhibits and preparing responses to anticipated evidentiary objections (3.5); further revise opening statement outline and powerpoint (.9); travel to and from court for hearing on joint motion for protective order and attend same (.8); create backup list of essential trial exhibits with cross-reference for possible impeachment relevance (1.2); review court's order on summary judgment and motion to reconsider and transcript from final pretrial conference (1.1) | |
| 02/26/2016 | $125.00 | 5 | $625.00 | Work on preparation of and highlighting of trial exhibits to be used in witness notebooks. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 02/26/2016 | $295.00 | 7.7 | $2,065.00 | Deliver trial exhibits and court copies of deposition transcripts to court (0.7), Attend hearing for Joint Motion for protective order (1.0); Telephone conference with opposing counsel re Jt Motion for Protective order (0.5), Revise civil exhibit list, Witness list, notice to court reporter and proposed calendar (1.5); continue preparations for trial (4.0) | Charges partially adjusted. As to the remainder, JDA objects to the inclusion of administrative/clerical entries such as delivering materials to the court, which could have been done by a messenger (0.7 hours, or $205.50). JDA further objects to the duplicative attendance of a second non-participating attorney at a hearing on the joint motion for protective order apparently for observation or training purposes only (1.0 hours or $295). JDA further objects to revisions to the civil exh bits list and witness list as both were to be completed as of the time the joint pretrial order was submitted, and JDA should not be penalized for Plaintiff's failure to adhere to court deadlines (1.5 hours, or $442.50). Delivery of materials is clerical. reduced by $206.50. |
| | | 7 | $1,180.00 | Adjustment: continue preparations for trial (4.0) | |
| 02/27/2016 | $125.00 | 4.25 | $531.25 | Work on preparations for trial: work on preparation of witness notebooks for D. Baker, C. Homak, and B. Wortham; prepare deposition transcripts and deposition transcripts with Plaintiff's designations and Defendant's counter-designations for use at trial. | JDA objects to the inclusion of administrative/clerical entries which should be considered part of firm overhead. |
| 02/27/2016 | $295.00 | 8 | $2,360.00 | Trial prep session with client. continue preparations for trial (8.0) | Charges partially adjusted |
| | | 5 | $1,457.50 | Adjustment - Trial prep sess on with client with a continue prep for trial (5.0) | |
| 02/28/2016 | $125.00 | 0.9 | $112.50 | Reviewing deposition designations from transcript (Tim Mahoney) to be read at trial | It is unclear how this time entry by someone not on the trial team, relates substantively to the case. As no substantive work was performed, the entry should be discounted in the exercise of reasonable billing discretion |
| 02/28/2016 | $125.00 | 7.25 | $906.25 | Work on preparations for trial: review of Isom's witness notebook and update trial exhibits one outline; work on preparation of witness notebooks for T. Dziersk T. Mahoney, and J. Rector prepare trial exhibit lists for all witness notebooks to be given to the Clerk; | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 02/28/2016 | $295.00 | 8 | $2,360.00 | trial prep session with client; continue preparing for trial (8) | |
| | | -4 | -$1,180.00 | Adjustment - trial prep session with client; continue preparing for trial (4) | |
| 02/29/2016 | $125.00 | 0.8 | $100.00 | Reviewing transcript of John Rector and Gary Bridge (deposition designations) | It is unclear how this time entry by someone not on the trial team, relates substantively to the case. As no substantive work was performed, the entry should be discounted in the exercise of reasonable billing discretion. |
| 02/29/2016 | $125.00 | 5 | $625.00 | Work on preparations for trial; work on preparation of witness notebooks for T. Mahoney and J. Rector; review of witness notebook for J. Bell and update trial exhibits per outline. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 02/29/2016 | $435.00 | 11.2 | $4,872.00 | Review exhibits and fix for purposes of trial - review Attorney Dan Bonnett outline. Attend and assist at trial and meet w client after. Strategy session and outline next day's questioning and review exhibits | JDA objects to the late addition of yet another attorney, billing at partner rates, who had not previously been engaged in the case and who indicated in court she attended trial to assist with the trial exhibits on the computer because a computer consultant was ill. Given the unfamiliarity of the attorney with the case, the attendance of the case's associate at trial the entire day, and the clerical/administrative role she performed managing exhibits despite the attendance of an associate, the time entry should be eliminated. |
| 02/29/2016 | $525.00 | 13.5 | $7,087.50 | Jury Trial Day 1 (8.0), debriefing and preparation for Day 2 of trial (5.5) | |
| 02/29/2016 | $295.00 | 14 | $4,130.00 | Trial Day 1, debrief client and additional preparation for trial; | |

| Date | Rate | Hours | Amount | Description | Objection |
|---|---|---|---|---|---|
| 03/01/2016 | $435.00 | 0.3 | $130.50 | Review voicemail and discussions with Attorney Dan Bonnett and Attorney Ravi Patel re assistance needed for Isom trial | JDA objects to the late addition of yet another attorney, billing at partner rates, who had not previously been engaged in the case and who indicated in court she attended trial to assist with the trial exhibits on the computer because a computer consultant was ill. This entry, apparently an intrafirm conference on whether her continued clerical/administrative assistance at trial was required, should be eliminated in the exercise of reasonable billing judgment. |
| 03/01/2016 | $125.00 | 5.5 | $687.50 | Work on preparations for trial; work on updating index for T. Mahoney notebook update list for court clerk, and mark and highlight additional trial exhibits for witness notebook; prepare redacted Plaintiffs Trial Exhibits 26 35, 52, 56, 62, and 73. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead |
| 03/01/2016 | $525.00 | 13.5 | $7,087.50 | Jury Trial Day 2 (8.0): debriefing and preparation for Day 3 of trial (5.5) | |
| 03/01/2016 | $295.00 | 15 | $4,425.00 | Trial day 2, debrief client and prepare for following day, | |
| 03/02/2016 | $125.00 | 2 | $250.00 | Work on preparations for trial; work on updating index for J. Rector notebook, update list for court clerk, and mark and highlight additional trial exh bits for witness notebook; work on preparation of outlines for topics to be used for cross-examination of B. Bell and direct examination of T Dziersk | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. |
| 03/02/2016 | $525.00 | 13.5 | $7,087.50 | Jury Trial Day 3 (8.0): debriefing and preparation for Day 4 of trial (5.5) | |
| 03/02/2016 | $295.00 | 16 | $4,720.00 | Trial Day 3: revise Bell outline and Dziersk outline' | |
| 03/03/2016 | $525.00 | 13.5 | $7,087.50 | Jury Trial Day 4 (8.0): debriefing and preparation for Day 5 of trial (5.5) | |
| 03/03/2016 | $295.00 | 17.5 | $5,162.50 | Trial Day 4 prepare for Trial day 5, prepare powerpoint presentation for closing statements. | |
| 03/04/2016 | $125.00 | 2.5 | $312.50 | Trial - waiting/standby to read testimony of Tim Mahoney into record | Charges adjusted. |
| | | -2.5 | -$312.50 | Adjustment - Trial - waiting/standby to read testimony of Tim Mahoney into record | |
| 03/04/2016 | $525.00 | 9 | $4,725.00 | Jury Trial Day 5 (8.0): debriefing (1.0) | |
| 03/04/2016 | $295.00 | 9 | $2,655.00 | Trial day 5 (8.0); debrief with client (1.0): | |
| 03/05/2016 | $125.00 | 2.5 | $312.50 | Research re FMLA/FLSA good faith showing for liquidated damages awards | |

| Date | Rate | Hours | Amount | Description | Objection/Notes | Reduction |
|---|---|---|---|---|---|---|
| 03/05/2016 | $295.00 | 2 | $590.00 | preparation for closing arguments and trial day 6; | | |
| 03/06/2016 | $125.00 | 6 | $750.00 | Work on preparations for trial; prepare draft short outline for D. Baker witness notebook; update D. Baker witness notebook regarding same; update other trial notebooks for use at trial, redact Plaintiff's Trial Exhibits 15, 41, and 119 and prepare copies for use at trial. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead. | |
| 03/07/2016 | $125.00 | 2.6 | $325.00 | Trial - standby/reading transcript testimony from deposition of Tim Mahoney into evidence (2.1) (.5 standby) | The 0.5 hours ($62.50) billed for "standby" should be reduced for the same reason as it was in Rows 671-672. The remainder (2.1 hours, or $262.50) should likewise be discounted, as the attorney merely played the role of an unavailable witness to read testimony, work that could have been done by a non-lawyer, and that did not substantively advance the case. | |
| 03/07/2016 | $525.00 | 14 | $7,350.00 | Jury Trial Day 6 (8.0), debriefing and preparation for Day 7 (6.0) | | |
| 03/07/2016 | $295.00 | 15 | $4,425.00 | Trial Day 6 (8.0); debrief and preparation for Day 7, review defendant's Motion for JMOL, and review authorities and rough transcripts to outline response (7.0); | | |
| 03/07/2016 | $125.00 | 1 | $125.00 | Work on preparations for trial, redact Plaintiff's Trial Exhibit 69 and prepare additional exh bits for the Court; prepare additional exh bits for use at trial. | JDA objects to the inclusion of administrative/clerical entries, which should be considered part of firm overhead | |
| 03/08/2016 | $525.00 | 7 | $3,675.00 | Jury Trial Day 7 (6.0), debriefing with client (1.0) | | |
| 03/08/2016 | $295.00 | 7 | $2,065.00 | Trial Day 7 (6.0) debrief with client (1.0); | | |
| 3/9/2016 | $525.00 | 4.5 | $1,312.50 | meeting with client at courthouse and awaiting and receiving jury verdict (3.5); debriefing with client (1.0); | Time spent waiting for verdict (approximately 2.0 hours or $1,050) during which no substantive legal work was performed should be discounted. | Reduced by $1,050 |
| 03/09/2016 | $295.00 | 4.5 | $737.50 | meet client at courthouse to wait for and receive verdict (3.5); debrief with client (1.0). | Time spent waiting for verdict (approximately 2.0 hours or $590) during which no substantive legal work was performed should be discounted | Reduced by $590 |
| 03/14/2016 | $125.00 | 0.2 | $25.00 | Research re FMLA retaliation | Charge adjusted | |
| 03/14/2016 | $525.00 | -0.2 | -$25.00 | Adjustment - Research re FMLA retaliation | | |
| 03/14/2016 | $295.00 | 2 | $590.00 | Begin reviewing testimony for proposed findings of fact; | | |
| 03/15/2016 | $295.00 | 5 | $1,475.00 | continue reviewing trial testimony and exh bits for proposed findings of fact. | | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 03/16/2016 | $125.00 | 0.5 | $62.50 | good faith liquidated damages research | Charge adjusted. |
| | | -0.5 | -$62.50 | Adjustment - good faith liquidated damages research | |
| 03/16/2016 | $525.00 | 1 | $525.00 | review and revise draft of proposed findings of fact and conclusions of law on issue of liquidated damages (.7); telephone conference with Attorney Ravi Patel regarding same (.3) | |
| 03/16/2016 | $295.00 | 5 | $1,475.00 | begin preparation of proposed findings of fact and conclusions of law | |
| 03/17/2016 | $125.00 | 0.4 | $50.00 | Proofing proposed findings of fact | Charge adjusted. |
| | | -0.4 | -$50.00 | Adjustment - Proofing proposed findings of fact | |
| 03/17/2016 | $125.00 | 0.1 | $12.50 | Research for local case recognizing FLSA application to FMLA | Charge adjusted. |
| | | -0.1 | -$12.50 | Adjustment - Research for local case recognizing FLSA application to FMLA | |
| 03/17/2016 | $525.00 | 0.7 | $367.50 | further review and revise draft of proposed findings (.3), legal research on court's discretion on question of liquidated damages (.4) | |
| 03/17/2016 | $525.00 | 0.5 | $262.50 | telephone conference with Attorney Ravi Patel to discuss additional revisions (.3); Revise and finalize draft of proposed findings (.2) | |
| 03/17/2016 | $295.00 | 13 | $3,835.00 | Revise proposed findings of fact and conclusions of law (12.5); telephone conference with atty Dan Bennett re revisions to proposed findings of fact and conclusions of law (0.5); | Charge partially adjusted. As to the remainder, the conference call between plaintiff's counsel was only 0.3 hours, not 0.5 hours (see Row 699), suggesting that a reduction of 0.2 hours, or $59, is appropriate. |
| | | -12.5 | -$3,687.50 | Adjustment - Revise proposed findings of fact and conclusions of law (12.5). | |
| 03/18/2016 | $295.00 | 4.5 | $1,327.50 | Revise proposed findings of fact and conclusions of law (3.5); finalize propose findings of fact and conclusions of law, declaration of Ravi Patel, and supporting exh bits (1 0); | |
| 03/21/2016 | $125.00 | 2 | $250.00 | Work on preparation of Bill of Costs. | |
| 03/25/2016 | $435.00 | 0.2 | $87.00 | telephone conference with attorney for defendant regarding possible need to stipulate for extension of time and follow up related email (.2) | |
| 03/29/2016 | $435.00 | 0.1 | $43.50 | Email communications with client regarding status (.1) | |

| Date | Rate | Hours | Amount | Description | Notes |
|---|---|---|---|---|---|
| 03/31/2016 | $435.00 | 0.2 | $87.00 | Review court's findings of fact and conclusions of law and email to Attorney Ravi Patel and Attorney Bonnett re deadlines for filing motion for fees and costs | As Ms. Kroll did not perform any substantive work in the case (only attending one day of trial to assist with the computerized trial exh bits), her review of the court's order was unnecessary and should be discounted in the exercise of reasonable billing judgment. |
| 03/31/2016 | $295.00 | 2.1 | $619.50 | Review of findings of fact and conclusions of law re: liquidated damages (0.8); telephone conference with client re: judgment and liquidated damages (0.3); further exchange of emails with client (0.2); prepare motion for extension of time to submit attorneys fees, litigation expenses, bill of costs, and to file post-judgment motions (0.8) | |
| **BILLABLE** | | 1389.35 | $611,846.25 | | |
| **Attorneys' Fees Accrued Post-Trial** | | | | | |
| 4/8/2016 | $295.00 | 1.3 | $383.50 | Review draft bill of costs and supporting invoices (1.0) conference with legal assistant re: items to be included in bill of costs (0.3) | *Exh. 14 to Bonnett Declaration (Doc. 134-4, pg. 52-53); time entries 4/3/16 - 4/27/16. Please note Bennett's rate change from $435.00 to $525.00 (per Bennett's declaration - Doc. 184-1, ¶¶ 21, 27). |
| | | -1.3 | -$383.50 | Adjustment - Review draft bill of costs and supporting invoices (1.0) conference with legal assistant re: items to be included in bill of costs (0.3) | |
| 4/18/2016 | $525.00 | 2.2 | $1,155.00 | review time and billing entries and make adjustments preliminary to discussion with attorney for defendant regarding fees and costs as required by local rule (2.2) | Reductions of time entries to eliminate duplicative or unreasonable billing, while appreciate, is not substantive legal work that should be reimbursed by JDA. |
| 4/18/2016 | $295.00 | 1.5 | $442.50 | Study Local Rule 54.1 and 1920 and related cases (0.5), review trial exh bits to determine pages associated with admitted exhibits (1.0) | Charge adjusted. |
| | | -1.5 | -$442.50 | Adjustment - Study Local Rule 54.1 and 1920 and related cases (0.5) review trial exh bits to determine pages associated with admitted exhibits (1.0) | |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 4/19/2016 | $525.00 | 0.4 | $210.00 | telephone conference with attorney for defendant regarding attorneys' fees and costs pursuant to local rule (.3); follow up email with attachments (.1) | Charge adjusted. |
| | | -0.4 | -$210.00 | Adjustment - telephone conference with attorney for defendant regarding attorneys' fees and costs pursuant to local rule (.3); follow up email with attachments (.1) | |
| 4/20/2016 | $525.00 | 1.7 | $892.50 | telephone calls and email communications to plaintiff attorneys for possible declarations in support of fee applications (.7). REDACTED (1.0) | Charge adjusted. |
| | | -1.7 | -$892.50 | Adjustment - telephone calls and email communications to plaintiff attorneys for possible declarations in support of fee applications (.7) | |
| 4/21/2016 | $525.00 | 1.9 | $997.50 | telephone conferences and Email communications with attorneys who will be providing declarations in support of fee application (.4); drafting and revising DB declaration in support of fee application (1.5) | |
| 4/22/2016 | $525.00 | 2.5 | $1,312.50 | legal research for caselaw in support of attorney fee motion (1.0); begin drafting motion for attorneys' fees and costs (1.5) | JDA respectfully submits that a first draft of the motion for fees should have been completed by the associate(s) assigned to the case, warranting at least a 1/3 discount in the exercise of reasonable billing judgment. |
| 4/23/2016 | $525.00 | 3 | $1,575.00 | continue drafting and revising motion for attorneys' fees and DLB declaration in support (3.0) | JDA respectfully submits that a first draft of the motion for fees should have been completed by the associate(s) assigned to the case, warranting at least a 1/3 discount in the exercise of reasonable billing judgment. |
| 4/24/2016 | $525.00 | 3.5 | $1,837.50 | continue drafting and revising motion for attorneys' fees and supporting declaration (3.5) | JDA respectfully submits that a first draft of the motion for fees should have been completed by the associate(s) assigned to the case, warranting at least a 1/3 discount in the exercise of reasonable billing judgment. |

| Date | Rate | Hours | Amount | Description | Note |
|---|---|---|---|---|---|
| 4/25/2016 | $295.00 | 2 | $590.00 | Review and revise declaration of Dan Bonnett (0.5); review correspondence for examples to attach to motion for attorney's fees (0.5) review authorities regarding claims for attorneys fees under the FMLA when other claims were dismissed (1.0); | Charge partially adjusted. |
| | | 1 | -$295.00 | Adjustment - review authorities regarding claims for attorneys fees under the FMLA when other claims were dismissed (1.0). | |
| 4/26/2016 | $295.00 | 3.2 | $944.00 | Review of authorities and revise draft Bill of Costs and Patel Declaration in support (2.5); Review billing records and invoices and itemize non-taxable costs and begin drafting Patel declaration in support of non-taxable costs (0.7) | |
| 4/26/2016 | $525.00 | 5 | $2,625.00 | continue drafting and revising motion for attorneys' fees and non-taxable costs (2.2); continue drafting and revising DB declaration and identifying supporting exhibits (1.5); additional legal research on issues relating to recoverable attorneys' fees (1.3) | JDA respectfully submits that a first draft of the motion for fees should have been completed by the associate(s) assigned to the case, warranting at least a 1/3 discount in the exercise of reasonable billing judgment. |
| 4/27/2016 | $525.00 | 4.4 | $2,310.00 | Email communication with Tom Rogers and Michael Petitti regarding declarations (.5); continue drafting, review and revise of DB declaration (.9) and motion for attorneys fees and non-taxable expenses (3.0) | |
| 4/27/2016 | $295.00 | 7 | $2,065.00 | Prepare Patel Declaration re: non-taxable costs; review supporting invoices for costs and expenses (4.5), reconcile Declaration Bill of Costs, and requested nontaxable costs (2.0); Review and begin revising Motion for attorneys fee and declaration of Daniel Bonnett (0.5) | Charges partially adjusted. |

| | BILLABLE | 29.7 | $13,936.50 |
|---|---|---|---|
| TOTAL ATTY FEES | | $ | |
| Total Requested | | | |
| Reduction | | | |

Non-Taxable Costs

| Date | | Amount | Description | Comment | |
|---|---|---|---|---|---|
| 01/08/2014 | | $2.78 | Postage | | |
| 01/08/2014 | | | Legal Research | Lack of specificity as to matter researched renders it impossible to determine reasonableness of electronic legal research, warranting a substantial deduction. | Lack of Specificity |
| 02/28/2014 | $0.15 | $3.00 | Copy Charges | | |
| 02/28/2014 | | $0.00 | Legal Research | Lack of specificity as to matter researched renders it impossible to determine reasonableness of electronic legal research, warranting a substantial deduction. | Lack of Specificity |
| 03/31/2014 | $0.15 | $16.75 | Copy Charges | | |
| 04/17/2014 | | $40.00 | Witness Fee Restoration hardware | Cost adjusted. | |
| | | -$40.00 | Adjustment - Witness Fee Restoration hardware | | |
| 04/17/2014 | | $40.00 | Witness Fee Discount Tire | Cost adjusted | |
| | | -$40.00 | Adjustment - Witness Fee Discount Tire | | |
| 04/17/2014 | | $56.00 | Service of Process CENTRAL COURIER SERVICE, INC. | Cost adjusted. | |
| | | -$56.00 | Adjustment - Service of Process CENTRAL COURIER SERVICE, INC. | | |
| 04/17/2014 | | $93.50 | Service of Process CENTRAL COURIER SERVICE, INC. | Cost adjusted | |
| | | -$93.50 | Adjustment - Service of Process CENTRAL COURIER SERVICE, INC. | | |
| 04/17/2014 | $0.15 | $32.73 | Overnight Mail Expense - UPS United Parcel Service | | |
| 04/30/2014 | | $30.60 | Copy Charges | | |
| 04/30/2014 | | $0.00 | Postage | | |
| 05/31/2014 | $0.15 | $36.45 | Copy Charges | | |
| 05/31/2014 | | $2.61 | Postage | | |
| 06/17/2014 | | $40.00 | Witness Fee Bill Wortham | | |
| 06/18/2014 | | $230.25 | Transcript Brush&Terrell | | |
| 06/18/2014 | | $40.00 | Witness Fee Brad Bell | | |
| 06/18/2014 | | $40.00 | Witness Fee Tom Dziersk | | |
| 06/24/2014 | | $40.00 | Witness Fee Michael Bridge | | |
| 06/24/2014 | | $40.00 | Witness Fee John Rector | | |
| 06/24/2014 | | $40.00 | Witness Fee Tim Mahoney | | |
| 06/24/2014 | | $31.08 | mileage Bill Wortham (Adjustment - reduced by 58.92) | Cost partially adjusted. | |

| Date | | Amount | Description | Objection |
|---|---|---|---|---|
| 06/30/2014 | | $1,046.51 | Travel Expenses -Dan Bonnett to Dallas on 6/26-6/27 for Deposition | JDA agreed to videoconference of depositions, such as the one of Bill Wortham, rendering travel expenses unnecessary and subject to deduction. |
| 06/30/2014 | $0.15 | $768.45 | Copy Charges | |
| 06/30/2014 | | $11.24 | Postage | |
| 06/30/2014 | | | On-line Legal Research | Lack of specificity as to matter researched renders it impossible to determine reasonableness of electronic legal research, warranting a substantial deduction. Lack of Specificity |
| 07/01/2014 | | $38.85 | Mileage reimbursement | |
| 07/01/2014 | | $515.08 | Travel Expenses for deposition of Mahoney | JDA agreed to videoconference of depositions, such as the one of Bill Wortham, rendering travel expenses unnecessary and subject to deduction. |
| 07/08/2014 | | $1,063.95 | Transcript Driver and Nix | |
| 07/08/2014 | | $555.20 | Transcript Driver and Nix | |
| 07/08/2014 | | $2,734.20 | Transcript Driver and Nix | |
| 07/08/2014 | | $32.00 | Messenger Service CENTRAL COURIER SERVICE, INC. | |
| 07/08/2014 | | $1,082.04 | Travel Expenses for deposition of Rector | JDA agreed to videoconference of depositions, such as the one of Bill Wortham, rendering travel expenses unnecessary and subject to deduction. |
| 07/15/2014 | | $47.08 | Witness Fee John Rector -mileage | |
| 07/22/2014 | | $1,144.55 | Transcript Driver and Nix | |
| 07/24/2014 | | $1,157.00 | Deposition Transcript #87424 | |
| 07/28/2014 | | $1,642.30 | Transcript Driver and Nix | |
| 07/31/2014 | | $729.90 | Transcript Driver and Nix | |
| 07/31/2014 | $0.15 | $170.25 | Copy Charges | |
| 07/31/2014 | | $5.08 | Postage | |
| 08/06/2014 | | $1,378.90 | Transcript Driver and Nix | |
| 09/04/2014 | $0.15 | $33.75 | Copy Charges | |
| 09/17/2014 | | $404.70 | Deposition Transcript #87571 | |
| 09/30/2014 | $0.15 | $26.70 | Copy Charges | |
| 10/31/2014 | | | Legal Research | Lack of specificity as to matter researched renders it impossible to determine reasonableness of electronic legal research, warranting a substantial deduction. Lack of Specificity |

| Date | Rate | Amount | Description | Objection | Category |
|---|---|---|---|---|---|
| 11/05/2014 | $0.15 | $294.30 | Copy Charges | | |
| 12/31/2014 | | | Legal Research | Lack of specificity as to matter researched renders it impossible to determine reasonableness of electronic legal research, warranting a substantial deduction. | Lack of Specificity |
| 07/08/2015 | $0.15 | $222.60 | Copy Charges | | |
| 09/22/2015 | $0.15 | $168.83 | Copy Charges Evolve Discovery | | |
| 09/30/2015 | | | Westlaw- Legal Research | Lack of specificity as to matter researched renders it impossible to determine reasonableness of electronic legal research, warranting a substantial deduction. | Lack of Specificity |
| 09/30/2015 | $0.15 | $369.90 | (In house) Copy Charges | | |
| 10/07/2015 | | $8.00 | Messenger Service CENTRAL COURIER SERVICE, INC. | | |
| 10/31/2015 | $0.15 | $1,350.60 | (In house) Copy Charges | Plaintiff's failure to critically analyze the exhibits it would use at trial resulted in its overinclusion of dozens of extraordinarily lengthy exhibits, none of which Plaintiff referred to at trial. Their inclusion, however, increased the cost of copying substantially, particularly when copied in-house rather than by a vendor. Plaintiff's failure to limit copies to a reasonable amount or to utilize a third party vendor should result in a substantial discount | |
| 11/12/2015 | | $85.00 | Transcript Elizabeth Lemke | No witness by the name of Elizabeth Lemke was deposed in this case, rendering the entry an error that should be discounted. | |
| 12/02/2015 | $0.15 | $32.70 | (In house) Copy Charges | | |
| 12/30/2015 | | $100.56 | - Copies Evolve Discovery | | |
| 12/31/2015 | $0.15 | $21.90 | (In house) Copy Charges | | |
| 01/19/2016 | | $764.51 | - Copies Evolve Discovery | | |

| Date | Rate | Amount | Description | Notes |
|---|---|---|---|---|
| 01/31/2016 | $0.15 | $266.40 | (In house) Copy Charges | Plaintiff's failure to critically analyze the exhibits it would use at trial resulted in its overinclusion of dozens of extraordinarily lengthy exhibits, none of which Plaintiff referred to at trial. Their inclusion, however, increased the cost of copying substantially, particularly when copied in-house rather than by a vendor. Plaintiff's failure to limit copies to a reasonable amount or to utilize a third party vendor should result in a substantial discount |
| 02/04/2016 | | $4,950.00 | Expert- Third Chair Trial Consulting, LLC | |
| 02/10/2016 | | $71.05 | Witness Fee Debbie Baker | |
| 02/10/2016 | | $71.05 | Witness Fee Brad Bell | |
| 02/10/2016 | | $71.05 | Witness Fee Tom Dziersk | |
| 02/25/2016 | | $400.00 | Witness Fee Tom Dziersk | |
| 02/29/2016 | $0.15 | $948.60 | (In house) Copy Charges | Plaintiff's failure to critically analyze the exhibits it would use at trial resulted in its overinclusion of dozens of extraordinarily lengthy exhibits, none of which Plaintiff referred to at trial. Their inclusion, however, increased the cost of copying substantially, particularly when copied in-house rather than by a vendor. Plaintiff's failure to limit copies to a reasonable amount or to utilize a third party vendor should result in a substantial discount |
| 02/29/2016 | | $3.70 | Postage | |
| 03/07/2016 | | $741.30 | Transcripts from trial | |
| 03/08/2016 | | $220.50 | Transcript Elva Cruz-Lauer from Trial(3/4 and 3/7) | |
| 03/08/2016 | | $632.10 | Transcript from Court Reporter Elva Cruz-Lauer | |
| 03/15/2016 | | $172.20 | Transcript from court Charlotte Powers - March 7th | |
| 03/16/2016 | | $12.00 | Travel Expenses Evan Schlack -JDA trial parking | Cost adjusted |
| | | -$12.00 | Adjustment - Travel Expenses Evan Schlack - JDA trial parking | |
| 03/16/2016 | | $129.78 | Trial prep meals 3/1-3/7 | Cost adjusted. |
| | | -$129.73 | Adjustment - Trial prep meals 3/1-3/7 | |
| 03/18/2016 | | $12.00 | Messenger Service CENTRAL COURIER SERVICE, INC. | Cost adjusted. |
| | | -$12.00 | Adjustment - Messenger Service CENTRAL COURIER SERVICE INC. | |